| | | |
|---|---|---|
1 | IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF ILLINOIS | |
2 | EASTERN DIVISION | |

```
 3   DEMETRIUS JOHNSON,                 )  No. 20 C 4156
                                       )
 4                 Plaintiff,          )
                                       )
 5             vs.                     )  Chicago, Illinois
                                       )
 6   REYNALDO GUEVARA, JOANN HALVORSEN,)
     as Personal Representative to the )
 7   Estate of Ernest Halvorsen, DARRYL)
     DALEY, WILLIAM ERICKSON, JOHN     )
 8   HEALY, and the CITY OF CHICAGO,   )
                                       )  April 6, 2021
 9                 Defendants.         )  9:45 a.m.

10                 TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HON. SARA L. ELLIS
11
     APPEARANCES:
12
     For the Plaintiff:     MS. DANIELLE HAMILTON
13                          Loevy & Loevy,
                            311 North Aberdeen Street, 3rd Floor,
14                          Chicago, Illinois  60607

15   For Defendant
     Guevara:               MS. MEGHAN K. McGRATH
16                          Leinenweber, Baroni & Daffada, LLC,
                            120 North Lasalle Street, Suite 2000,
17                          Chicago, Illinois  60602

18
     For Defendants Daley,
19   Halvorsen, Erickson,
     and Healy:             MR. JOSH M. ENGQUIST
20                          The Sotos Law Firm, P.C.,
                            141 West Jackson Boulevard, Suite 1240A,
21                          Chicago, Illinois  60604

22

23                     PATRICK J. MULLEN
                     Official Court Reporter
24                 United States District Court
            219 South Dearborn Street, Room 1412
25                   Chicago, Illinois  60604
                        (312) 435-5565
```

1  APPEARANCES:   (Continued.)

2  For Defendant City
   of Chicago:               MS. EILEEN E. ROSEN
3                            Rock, Fusco & Connelly, LLC,
                             321 North Clark Street, Suite 2200,
4                            Chicago, Illinois  60654

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      THE CLERK:  2020 CV 4156, Johnson versus Guevara.

2      MS. HAMILTON:  Good morning, Your Honor.  Danielle

3  Hamilton on behalf of the plaintiff.

4      MR. ENGQUIST:  Good morning, Your Honor.  Josh

5  Engquist on behalf of defendants Daley, Erickson, Healy, and

6  Halvorsen.

7      MS. McGRATH:  Good morning, Your Honor.  Megan McGrath

8  on behalf of defendant Guevara.

9      THE COURT:  All right.  Good morning.

10     MS. ROSEN:  Good morning, Your Honor.  Eileen Rosen on

11  behalf of defendant City of Chicago.

12     THE COURT:  All right.  Good morning.

13     All right.  So we've got defendants' motion to limit

14  the 404(b) witness discovery, and I've got plaintiff's

15  response.  I'm not sure why it is that the plaintiff believes

16  it would be appropriate to list 250, 250 404(b) witnesses.

17  There's no way on God's green earth that I would ever allow

18  anybody to put on 250 404(b) witnesses at trial.

19     MS. HAMILTON:  Your Honor, this is Danielle Hamilton

20  on behalf of the plaintiff.  We don't intend to call 250

21  witnesses at trial, but we're in the discovery phase of the

22  case.  So we are happy to limit that list pursuant to court

23  order, but it's generally our legal position that at this point

24  in discovery the scope of discovery is that we can develop

25  evidence about the possible 404(b)witnesses, and there just

1   happens to be that many witnesses that could have relevant
2   404(b) testimony given defendant Guevara's history of
3   misconduct.
4           THE COURT:  Right.
5           MS. HAMILTON:  So we shouldn't be limited just because
6   there's so much of it.
7           THE COURT:  Well, except that, you know, what makes
8   sense is this.  Sure, you could list 250 witnesses, but when it
9   comes to conducting discovery defendants do have a right to
10  know which of these 250 you would be relying upon at trial
11  because nobody can or should be deposing 250 witnesses.  It
12  would take forever on the 404(b) issues, right?  So if you're
13  going to say here's the five or ten that you intend to rely
14  upon at trial, then they would go ahead and depose those people
15  in order to be prepared for trial.  I mean, that's the whole
16  point of discovery.
17          MS. HAMILTON:  Sure, we understand that that's the
18  Court's position.  As I said, it's just our legal position if
19  we are going to limit our list that we should do so by court
20  order and not voluntarily.  So if the Court is inclined to
21  limit the list, then, you know, we'll abide by that order and
22  ask that the Court limit it in the same way Judge Harjani did
23  in the Prince case where there were ten live witnesses but we
24  may substitute those live witnesses if during the course of
25  discovery those witnesses are unavailable for whatever reason,

1   whether they've died or are unavailable and cannot be deposed.

2   THE COURT:  Well, I would say I don't think frankly

3   that you needed a court order and that we needed to spend this

4   time doing this because you could certainly have said:  Here

5   they all are.  Here are the ones, though, that we believe that

6   we're going to rely on at trial.  Go ahead and depose these

7   people.  Then if something happens, we'll keep you posted, and

8   if we need to substitute, we'll do it.

9   That's how litigation should work.  So it will be ten

10  listed, and there should not be any last-minute substitutions.

11  So if something happens with any of the ten, you know, then you

12  can go with nine or eight.  Again, it's 404(b) evidence.  It's

13  not something that is necessarily integral to the evidence.  So

14  pick your best ten and go with those.

15  MS. HAMILTON:  And just to clarify, Your Honor, on the

16  last-minute substitutions, you're not allowing that, you know,

17  which plaintiff understands.  I just want to know in order to

18  be able to comply with that, should we put or can we put a date

19  by which we need to substitute, such as, you know, a month

20  before the end of fact discovery --

21  THE COURT:  Yes.

22  MS. HAMILTON:  -- just so that we're clear about what

23  "last-minute" means?

24  THE COURT:  Yes.

25  MR. ENGQUIST:  Your Honor, just to be clear --

1         THE REPORTER:  I apologize.  Who is this?

2         MR. ENGQUIST:  I'm sorry.  This is Josh Engquist.

3         Your Honor, I know Judge Harjani, who faces a similar

4    issue in the Reyes and Solache cases, gave plaintiff 30 days to

5    amend their ten-witness list for 404(b) witnesses if they find

6    out one of those ten was unavailable.  So he gave them 30 days

7    to basically research it and come up with a final list.

8         THE COURT:  Well, remind me when I have -- so we've

9    got fact discovery closing on July 30th.

10        MS. HAMILTON:  Yes, Your Honor.

11        THE COURT:  So by May 30th -- well, you should give

12   defense the list of witnesses by April 16th and any

13   substitutions by May 31st.

14        MS. HAMILTON:  Yes, Your Honor.

15        THE COURT:  All right.  Then it looks like I'll see

16   you June 2nd for a ruling on the bifurcation motion.

17        MS. ROSEN:  Judge, can I just raise this?  This is

18   Eileen Rosen on behalf of the defendant City of Chicago.  Can I

19   just raise with you an issue that recently came up on the

20   bifurcation motion?

21        THE COURT:  Sure.

22        MS. ROSEN:  Plaintiff's counsel sent a letter in the

23   last couple of days requesting that we move forward with Monell

24   discovery since the Court will not be ruling on bifurcation

25   until June, and the city obviously would object to moving

1  forward with Monell discovery until there's a ruling on

2  bifurcation.  So I don't know if you want to deal with that now

3  or if you want us to file a motion or to discuss it.

4          THE COURT:  Oh, please don't.  I will deal with it

5  now.  You're not to do any Monell discovery until I rule on the

6  bifurcation motion.  If I grant the bifurcation motion, that

7  takes care of it.  If I deny the bifurcation motion, you know,

8  then we'll extend fact discovery in order to deal with the

9  Monell discovery and we'll see how long that takes.  But it

10  defeats the whole purpose of a bifurcation motion to start

11  Monell discovery if I haven't ruled on it yet.

12          MS. ROSEN:  Thanks, Judge.

13          THE COURT:  You're welcome.

14          All right.  Anything else?

15          MR. ENGQUIST:  I don't believe so, Your Honor.

16          MS. HAMILTON:  And nothing from the plaintiff, Your

17  Honor.

18          THE COURT:  All right.  We'll see everybody then June

19  2nd.

20          MS. ROSEN:  Thanks, Judge.

21          MR. ENGQUIST:  Thanks, Judge.

22          MS. McGRATH:  Thank you, Your Honor.

23          MS. HAMILTON:  Thank you, Your Honor.

24      (Proceedings concluded.)

25

1                           C E R T I F I C A T E

2           I, Patrick J. Mullen, do hereby certify that the

3 foregoing is a complete, true, and accurate transcript of the

4 proceedings had in the above-entitled case before the Honorable

5 SARA L. ELLIS, one of the judges of said Court, at Chicago,

6 Illinois, on April 6, 2021.

7

8                               */s/ Patrick J. Mullen*
                                 Official Court Reporter

9                                  United States District Court
                                 Northern District of Illinois

10                                 Eastern Division

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25