IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JOHNSON, | ) |
| | ) |
| *Plaintiff,* | ) Case No. 20 cv 4156 |
| | ) |
| v. | ) Judge Sara L. Ellis |
| | ) |
| REYNALDO GUEVARA, the ESTATE of | ) Magistrate Judge Heather K. McShain |
| ERNEST HALVERSON, DARRYL DALEY, | ) |
| WILLIAM ERICKSON, JOHN HEALY, and | ) |
| the CITY OF CHICAGO | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendants*. | ) |

## JOINT STATUS REPORT

Pursuant to this Court's Order (Dkt. 146) the parties submit the following joint status report:

**A. Status of Fact Discovery**

The parties have completed Defendant Daley's deposition and several third-party depositions including Rosa Burgos, Elba Burgos, and Ricardo Burgos, Plaintiff's criminal defense attorneys, and the trial prosecutor. The parties are in the midst of scheduling three third-party officer depositions and Plaintiff's deposition for August 2022. The parties continue to confer on outstanding responses to Plaintiff's discovery requests.

In addition, on July 19, 2022, Plaintiff informed Defendant Guevara of his intention to move for summary judgment on his *Brady* claim against Defendant Guevara. The parties are conferring on Plaintiff's forthcoming motion pursuant to the Court's rules.

Given the foregoing, the parties believe they need additional time to complete fact discovery, currently set to close on July 29, 2022. The parties request an additional 90 days up to and including October 27, 2022.

### B. Status of Settlement Discussions

Plaintiff sent a pre-filing offer to discuss settlement to the City of Chicago and the City of Chicago responded that it was too early to engage in settlement discussions. Thus, no settlement negotiations took place. Plaintiff has recently made a new demand and has had discussions with the City, but the City has not extended an offer in response. Until Plaintiff receives an offer from the City, Plaintiff does not believe a referral for mediation would be fruitful.

### C. Expert Discovery and Summary Judgment Briefing

The parties require expert discovery prior to dispositive motion practice but they disagree about an expert discovery schedule. They set forth their respective positions below.

Plaintiff's Position:

The *Monell* expert reports Plaintiff will be disclosing in this case will be by the same experts, and will be nearly identical to the *Monell* expert reports that have and will be submitted in at least four other Guevara cases (*Reyes*, *Sierra*, *Rodriguez* and *Bouto*). So, while additional time may have been appropriate in Reyes and Rodriguez because those were the first cases presenting these various *Monell* theories, that is not the case here, where the reports will be the same as the *Reyes/Solache* and *Rodriguez* reports and thus the City will have already had 11 months to consider and respond to those reports, and will have already deposed the same experts for more than 20+ hours in earlier *Guevara* cases. Accordingly, Plaintiff proposes the following schedule:

November 21, 2022 – Plaintiff's Expert Disclosures Due

December 21, 2022 – Plaintiff's Experts Deposition Deadline

January 23, 2023 – Defendants' Expert Disclosures Due

February 27, 2023 – Defendants' Expert Depositions Deadline

March 24, 2023 – Rebuttal Expert Disclosures Due

April 24, 2023 – Rebuttal Depositions Deadline

May 30, 2023 – Dispositive Motion Deadline

Defendants' Position:

Plaintiff has represented that he intends to disclose at least 5 experts, 3 of which will be *Monell* experts. Accordingly, it is Defendants' position that the schedule proposed by Plaintiff is far too short. In similarly situated cases such as the consolidated cases of *Solache/Reyes* (18-CV-2312l 18-CV-1028), the plaintiffs disclosed their expert reports in January 2022, and the Court granted Defendants until October 2022 to provide their rebuttal reports. In the *Rodriguez* case (18-CV-7951), the plaintiff will be disclosing their expert reports on August 12, 2022, and the Court allowed Defendants two months to depose their experts and 3.5 months to disclose their rebuttal reports. In both cases, the plaintiff has disclosed or will be disclosing the same number of experts Plaintiff Johnson intends to disclose here, yet in this case, Plaintiff is proposing Defendants be allowed 30 days to depose their experts, which includes the Thanksgiving holiday. While Plaintiff claims that the experts he intends to disclose here are the same experts he disclosed in the other Guevara cases, the claims in each of the Guevara cases are not the same, for example, Plaintiffs' Solache and Reyes have coerced confession claims and Plaintiff Johnson does not. Moreover, while Guevara is a common defendant in the Guevara cases, the other police officer defendants are not common to all the cases (thus the failure to supervise and discipline claims necessarily rely upon different data). Additionally, the relevant time frames for each of the cases differ and thus

3

the data sets differ. Plaintiff's counsel here made this very same argument in *Solache* and *Reyes* in opposing Defendants' request for extra time to depose certain of plaintiffs' *Monell* experts. In granting Defendants' motion, Magistrate Judge Harjani noted:

> Moreover, whether any of these opinions by Plaintiff's expert will be admissible will likely be a hotly contested issue at some point before the district judge. As such, Defendants must have an opportunity to fairly examine these witnesses so as to fully explore all the issues that the experts opine on in light of the above circumstances.
>
> Plaintiff's primary argument, that Defendants will have sufficient time as a result of overlapping cases in this district, lacks merit. *Defendants must have the opportunity to defend this case with discovery conducted in this litigation, and should not have to rely on discovery in other cases for its defense,* particularly when there is no agreement among all the parties to proceed in that manner.

*Reyes v. Guevara, et. al.,* N.D. Ill. Case No. 18-CV-01028, at Dkt. 600.

Accordingly, Defendants propose the following:

- November 28, 2022 – Plaintiff's Expert Disclosures Due
- February 10, 2023 – Defendants to depose Plaintiff's Experts
- April 26, 2023 – Defendants to disclosure their Expert Reports
- May 26, 2023 – Plaintiff to depose Defendants' Experts
- June 26, 2023 – Plaintiff to disclose rebuttal Expert Reports
- July 28, 2023 – Defendants to depose rebuttal Expert Reports

It is also Defendants position that a dispositive motion schedule should be set after the close of expert discovery.

4

RESPECTFULLY SUBMITTED,

/s/ Danielle Hamilton
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Danielle Hamilton
Anand Swaminathan
Steven Art
Rachel Brady
Isabella Aguilar
Sean Starr
Joshua Tepfer
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
hamilton@loevy.com

/s/ Josh M. Engquist
*Counsel for Defendant Daley, Erickson, Halvorsen & Healy*
*Special Assistant Corporation Counsel*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
David A. Brueggen
Daniel McGinnis
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Ste 1240AChicago,, Illinois 60604
(630) 735-3300
jengquist@sotoslaw.com

/s/ Megan McGrath
*Special Assistant Corporation Counsel*
*Counsel for Defendant Guevara*
Thomas M. Leinenweber
James v. Daffada
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com

By: /s/ Eileen E. Rosen
*Counsel for the City of Chicago*
Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker Drive
19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

5

## **CERTIFICATE OF SERVICE**

    I, Danielle Hamilton, an attorney, certify that on July 27, 2022, I filed the foregoing pleading using the Court's CM/ECF system, which effected service on all counsel of record.

                                                 /s/ Danielle Hamilton
                                                 *One of Plaintiff's Attorneys*