IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JOHNSON, | ) |
| | ) |
| *Plaintiff*, | ) Case No. 20 cv 4156 |
| | ) |
| v. | ) Judge Sara L. Ellis |
| | ) |
| | ) Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, the ESTATE of | ) |
| ERNEST HALVERSON, DARRYL DALEY, | ) |
| WILLIAM ERICKSON, JOHN HEALY, and | ) |
| the CITY OF CHICAGO | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendants*. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and this Court's Rules, Plaintiff DEMETRIUS JOHNSON, through counsel, hereby moves for leave to file a motion for partial summary judgment on his *Brady* claim against Defendant Guevara. In support of his motion, Plaintiff states as follows:

1. Pursuant to the Court's standing order on summary judgment motions, on July 19, 2022, Plaintiff informed Defendant Guevara of his intention to file a motion for partial summary judgment on his *Brady* claim. Plaintiff's letter included a proposed joint statement of fact and requested a conference to discuss the motion per the Court's rules. *See* Exhibit A (Letter & Proposed Joint Statement of Fact).

2. As outlined in Plaintiff's letter, Plaintiff has strong evidence to support a grant of partial summary judgment against Guevara. Johnson served 13 years in prison for a 1991 murder and attempted murder. The original suspect in the case, Bryan Johns, was placed in a lineup the

1

night of the crimes and was identified by an eyewitness named Aby Gonzalez, as documented in a lineup report by Defendant William Erickson. Defendant Reynaldo Guevara wrote a different lineup report, which stated the contrary—that Gonzalez had not identified Johns, which was later disclosed to the prosecution and defense. At trial, Guevara testified consistent with his lineup report, and contrary to Erickson's lineup report: that Gonzalez had not identified Johns.

Former Cook County Judge Kevin Sheehan, who was the trial prosecutor, and Johnson's criminal defense attorneys, former Cook County Judge Deborah Gubin and now-federal Magistrate Judge Ruth Miller, all testified unequivocally in their civil depositions that Erickson's lineup report was not disclosed to them. Johnson's criminal defense attorneys also testified that had Erickson's lineup report been disclosed, the defense would have impeached Guevara's testimony at trial that no witnesses had identified Johns in the lineup the night of the shooting. In addition, the Erickson lineup report would have strongly supported Johnson's defense that the real perpetrator was Johns. In sum, Erickson's lineup report would have prevented—and certainly would have undermined confidence in—Johnson's conviction.

3. On August 9, 2022, counsel for all Defendants and Plaintiff's counsel participated in a telephone conference. There, the Defendants stated that they believed Plaintiff's motion was premature and they refused to confer on the substance of the motion or the proposed joint statement of facts unless and until the Court granted Plaintiff leave to file a summary judgment motion.

4. Although Plaintiff strongly disagrees with Defendants' position—he has followed this Court's order on summary judgment motions, which does not preclude the early resolution of undisputed claims—in the spirit of cooperation, Plaintiff now seeks leave to file his motion.

5.	Plaintiff also notes that the current fact discovery deadline in this case is October 27, 2022. *See* Dkt. 163. In the last joint status report, the parties disagreed as to the expert discovery schedule and the deadline by which to file dispositive motions. Defendants seek nearly 12 months for expert discovery and that a dispositive motion deadline be set after the close of expert discovery. *See* Dkt. 162.

6.	In addition to the strong evidence noted above warranting leave for Plaintiff to file his motion, Plaintiff notes that the Court could resolve the summary judgment motion far sooner than Defendants' proposed expert and dispositive motion schedule, which would streamline the issues, and possibly facilitate an earlier resolution of this matter.

WHEREFORE, Plaintiff respectfully requests this Court grant him leave to file his motion for partial summary judgment on his *Brady* claim against Defendant Guevara, direct Defendants to participate in the meet and confer process regarding the joint statement of fact, as contemplated by the court's case procedure orders, and grant any additional relief the Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/ Danielle Hamilton
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Danielle Hamilton
Anand Swaminathan
Steven Art
Rachel Brady
Isabella Aguilar
Sean Starr
Joshua Tepfer
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
hamilton@loevy.com

## **CERTIFICATE OF SERVICE**

    I, Danielle Hamilton, an attorney, certify that on August 10, 2022, I filed the foregoing pleading using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Danielle Hamilton
*One of Plaintiff's Attorneys*

4