IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:20-cv-04156 |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, JOANN HALVORSEN as PERSONAL REPRESENTATIVE to the ESTATE of ERNEST HALVORSEN, DARRYL DALEY, WILLIAM ERICKSON, JOHN HEALY, and the CITY OF CHICAGO | ) ) ) ) ) ) | |
| *Defendants.* | | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants City of Chicago ("City"), Reynaldo Guevara, Darryl Daley, Geri Yanow as Special Representative of William Erickson (deceased), John Healy (deceased), and Ernest Halvorsen (deceased) ("Defendant Officers"), by and through their respective undersigned attorneys, file this Response in opposition to Plaintiff's Motion for Leave to File a Motion for Partial Summary Judgment (Dkt. at 164):

1. Plaintiff's Motion for Leave to File a Motion for Partial Summary Judgment ("Motion for Leave") references a telephone conference in which counsel for the parties participated on August 9, 2022, but it misstates Defendants' arguments that support why his proposed Motion is premature. Additionally, it does not provide adequate support for why Plaintiff should be allowed to ignore the dispositive motion schedule soon to be set for the instant case and proceed with his Motion for Partial Summary Judgment. Therefore, this Honorable Court should deny Plaintiff's Motion for Leave.

1

2. First, and most simple, discovery in this case is not complete. In fact, Plaintiff has yet to be deposed, despite efforts to schedule.[1] Defendants are entitled to depose Plaintiff and continue to gather potentially relevant evidence to respond to a dispositive motion. *See,* Fed.R.Civ.P 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

3. In his Motion for Leave, Plaintiff acknowledges that other dispositive motions are expected in the instant case beyond the motion at issue here, which addresses only one of his eleven separate claims, and just one of the six named Defendants. Contrary to Plaintiff's argument, allowing him to proceed on a dispositive motion separate and apart from the schedule to be adopted by this Court would not streamline anything, but rather would block the effective, efficient resolution of this case he purports it would allow.

4. Because essentially, Plaintiff wants to put this case on a two-track system: the parties will be on one track negotiating the joint pleadings necessary to file Plaintiff's Motion for Partial Summary Judgment, while on another working to complete discovery in support of his other ten claims. Such a system would be untenable for the parties given their resources of staff and time. The Court should deny Plaintiff's invitation to open an additional dispositive motion track while discovery is on-going.

5. Further, Plaintiff's Motion for Leave does not appear to grasp the inherent difficulty of dispositive motion practice. The motion seems to imply that since he has submitted a proposed Statement of Undisputed Facts in support of the Motion at issue, it is well on the way

---

[1] Plaintiff's deposition is currently set on the first available date for all counsel, August 31, 2022.

to completion. This is not an accurate assessment. In the Joint Status Report recently submitted by the parties (Dkt. at 162), Plaintiff mentions that the "parties are conferring on Plaintiff's forthcoming motion," but gave no specific detail about what has been discussed. In fact, the parties have not even begun conferring about the substance of Plaintiff's proposed statement of facts, but rather discussed the propriety of the motion itself.

6. During the August 9, 2022, telephone conference cited above, Defense counsel explained that Plaintiff's initial draft is just that – initial. It will take numerous additional conferences and exchanges of drafts before the parties have a document suitable for submission as a Joint Statement of Undisputed Facts pursuant to this Court's Standing Orders. And Plaintiff proposes these numerous conferences and exchanges occur between depositions and review of additional written discovery. This would be unmanageable and inefficient as the parties are still working to complete discovery and meet the current discovery deadline.

7. Plaintiff proposes a case-management schedule that would have counsel working to complete fact discovery by October 27, 2022, while at the same time working to complete a dispositive motion. Defendants' counsels are aware of other cases where a plaintiff sought to proceed with a Motion for Partial Summary Judgement before all discovery had closed but case management became too difficult, and the Partial MSJ was moved to the same schedule as all dispositive motions. See, *Gibson v. City of Chicago, et al.,* 19cv4152, at Dkt. 271 (July 11, 2022). The same should be done here.

WHEREFORE, for the reasons stated above, the City Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Leave to File Partial Motion for Summary Judgment.

Respectfully Submitted:

| DEFENDANT CITY OF CHICAGO | DEFENDANT REYNALDO GUEVARA |
|---|---|
| */s/ Eileen E. Rosen* <br> Eileen E. Rosen <br> Catherine M. Barber <br> Theresa Berousek Carney <br> Special Assistant Corporation Counsel <br> Rock Fusco & Connelly, LLC <br> 333 W. Wacker, 19th Floor <br> Chicago, Illinois 60606 | */s/ Megan K.McGrath* <br> Thomas M. Leinenweber <br> James V. Daffada <br> Megan K. McGrath <br> Special Assistant Corporation Counsel <br> Leinenweber Baroni & Daffada, LLC <br> 120 N. LaSalle Street, Suite 2000 <br> Chicago, Illinois 60602 |
| */s/ Josh M. Engquist* <br> Attorney for Defendants Halvorsen, Daley, Erickson, and Healy, <br> Special Assistant Corporation Counsel <br> James G. Sotos <br> Josh M. Engquist <br> Jeffrey R. Kivetz <br> David A. Brueggen <br> The Sotos Law Firm, P.C. <br> 141 W. Jackson Blvd., Suite 1240A <br> Chicago, Illinois 60604 | |