IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JOHNSON, ) | |
| ) | Case No. 20 CV 4156 |
| Plaintiff, ) | |
| ) | Judge Sara L. Ellis |
| v. ) | |
| ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order (Dkt. 163) the parties submit the following joint status report:

**A. Status of Fact Discovery**

Fact discovery is set to close on October 27, 2022. The parties have completed nearly all fact discovery in this case. A very limited number of discovery issues remain, which the parties are discussing in the hope that they can resolve them without the Court's assistance.

In addition, the parties intend to take the deposition over the next month of seven third-party witnesses, specifically: (1) CPD officer Charlotte Galvez who, along with Defendant Daley, arrested Bryan Johns on the night of the crime, and has been avoiding service of a second deposition subpoena since August 2022; (2) ASA Lavin, who was one of the Assistant State's Attorneys who prosecuted Plaintiff; (3) ASA Buckley, who was one of the Assistant State's Attorneys who prosecuted Plaintiff. After conference with the Defendants about narrowing the parties' respective disclosures, Plaintiff issued subpoenas and notices for the depositions of these ASAs. The subpoenas were sent to Jessica Scheller at the CCSAO, who is inquiring whether these ASAs will accept service. (4) Carlos McFadden, who was disclosed on November 2, 2020 and

1

signed a declaration on October 18, 2022 which purports to provide information relevant to Plaintiff's lawsuit, which was produced by Plaintiff on October 19, 2022; (5) Terrell Agee, who was disclosed on November 2, 2020 and signed a declaration on October 20, 2022 which purports to provide information relevant to Plaintiff's lawsuit, which was produced by Plaintiff on October 20, 2022; (6) Darrell Johnson, Plaintiff's brother; and (7) Josh Tepfer, Plaintiff's post-conviction attorney whose deposition was started but has not yet been completed.

In addition, Plaintiff filed a motion for leave to file for summary judgment on his *Brady* claim against Defendant Guevara. Dkt. 164. The Court denied Plaintiff's motion without prejudice and ordered the parties to submit a summary judgment briefing schedule and expert discovery schedule in this joint status report.

The parties disagree about the fact discovery, expert discovery, and summary judgment briefing schedules. The parties' respective positions are outlined below:

1. **Plaintiff's Position:**

**Fact Discovery**: Plaintiff believes that the parties will be able to complete the remaining depositions by November 30, 2022, and he asks the Court extend the fact-discovery schedule by 30 days, up to and including November 30, 2022.

**Expert Discovery**: Plaintiff proposes that Plaintiff will make Rule 26(a)(2) disclosures on December 20, 2022; and Defendants will make Rule 26(a)(2) disclosures on January 20, 2022. Many of the experts who will be disclosed in this case have issued reports in multiple other Guevara cases in recent months, on overlapping issues, and many have already been deposed at length about their opinions. Thus, a shorter expert discovery schedule is appropriate.

**Summary Judgment Briefing**: The litigation of Plaintiff's motion for summary judgment against Defendant Guevara on the *Brady* claim will not implicate expert discovery whatsoever.

Accordingly, Plaintiff proposes the following summary judgment briefing schedule: Plaintiff will file his summary judgment motion on November 30, 2022; Defendants will respond by December 30, 2022; Plaintiff will file his reply on January 13, 2023.

2. **Defendants' Position:**

**Fact Discovery:** Defendants seek a 60-day extension of the current fact discovery deadline, up to and including December 30, 2022.

**Expert Discovery:** Defendants propose that Plaintiff will make Rule 26(a)(2) disclosures on December 30, 2022; Defendants will depose Plaintiff's experts by February 28, 2023 and Defendants will make Rule 26(a)(2) disclosures on April 14, 2022. While there is overlap in the datasets that the *Monell* experts rely on in the other Guevara cases they are not the same. To date, the depositions of Plaintiffs' *Monell* experts in the Guevara cases have only proceeded in the consolidated cases of *Solache/Reyes*. In all the other Guevara cases, the expert schedules extend out as far as May 2023. In fact, some Plaintiffs in the Guevara cases have added new experts than those disclosed in the earlier cases and in some of the cases Plaintiffs have disclosed seven (7) experts. Here, Plaintiff informed Defendants he intends to disclose seven experts. Moreover, Plaintiff's counsel here has argued in all of the other Guevara cases that because the experts are mostly the same and there is some overlap in the datasets that truncated expert discovery schedules are appropriate. No other Judge handling the Guevara cases has ordered a truncated expert discovery schedule. This case sits no differently than the rest.

**Summary Judgment Briefing**: The litigation of Plaintiff's motion for summary judgment against Defendant Guevara on the *Brady* claim will not implicate expert discovery. Accordingly, Defendants propose the following summary judgment briefing schedule: Plaintiff will file his summary judgment motion on December 30, 2022; Defendants will respond by February 28, 2023;

3

Plaintiff will file his reply on March 14, 2023. Defendants also intend to file summary judgment but need expert discovery to be completed before they can do so.

### B. Status of Settlement Discussions

Plaintiff made a demand to the Defendants, to which Defendants responded. Settlement discussions among counsel took place but the parties did not reach a resolution. Plaintiff has withdrawn his demand. Defendants offer remains on the table. The parties have not had further settlement discussions.

RESPECTFULLY SUBMITTED,

/s/ Danielle Hamilton
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Danielle Hamilton
Anand Swaminathan
Steven Art
Rachel Brady
Isabella Aguilar
Sean Starr
Joshua Tepfer
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
hamilton@loevy.com

/s/ Josh M. Engquist
*Counsel for Defendant Daley, Erickson, Halvorsen & Healy*
Special Assistant Corporation Counsel

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
David A. Brueggen
Daniel McGinnis
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Ste 1240A Chicago, Illinois 60604
(630) 735-3300
jengquist@sotoslaw.com

/s/ Megan McGrath
*Special Assistant Corporation Counsel*
*Counsel for Defendant Guevara*
Megan McGrath
Thomas M. Leinenweber
James V. Daffada
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com

By: /s/ Eileen E. Rosen
*Counsel for the City of Chicago*
Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker Drive
19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

5

## **CERTIFICATE OF SERVICE**

      I, Danielle Hamilton, an attorney, certify that on October 26, 2022, I filed the foregoing pleading using the Court's CM/ECF system, which effected service on all counsel of record.

      /s/ Danielle Hamilton
      *One of Plaintiff's Attorneys*