```
 1                 IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3    DEMETRIUS JOHNSON,                  )  No. 20 C 4156
                                          )
 4                  Plaintiff,            )
                                          )
 5          vs.                           )  Chicago, Illinois
                                          )
 6    REYNALDO GUEVARA, JOANN HALVORSEN,  )
      as Personal Representative to the   )
 7    Estate of Ernest Halvorsen, DARRYL  )
      DALEY, WILLIAM ERICKSON, JOHN       )
 8    HEALY, and the CITY OF CHICAGO,     )
                                          )  August 23, 2022
 9                  Defendants.           )  9:45 a.m.

10                      TRANSCRIPT OF PROCEEDINGS
                    BEFORE THE HON. SARA L. ELLIS
11
      APPEARANCES:
12
      For the Plaintiff:      MS. DANIELLE O. HAMILTON
13                            Loevy & Loevy,
                              311 North Aberdeen Street, 3rd Floor,
14                            Chicago, Illinois  60607

15    For Defendant
      Guevara:                MS. MEGAN K. McGRATH
16                            Leinenweber, Baroni & Daffada, LLC,
                              120 North Lasalle Street, Suite 2000,
17                            Chicago, Illinois  60602

18
      For Defendants Daley,
19    Halvorsen, Erickson,
      and Healy:              MR. JOSH M. ENGQUIST
20                            The Sotos Law Firm, P.C.,
                              141 West Jackson Boulevard, Suite 1240A,
21                            Chicago, Illinois  60604

22

23                        PATRICK J. MULLEN
                         Official Court Reporter
24                    United States District Court
                219 South Dearborn Street, Room 1412
25                    Chicago, Illinois  60604
                           (312) 435-5565
```

```
 1  APPEARANCES:  (Continued.)

 2  For Defendant City
    of Chicago:              MS. EILEEN E. ROSEN
 3                           Rock, Fusco & Connelly, LLC,
                             321 North Clark Street, Suite 2200,
 4                           Chicago, Illinois   60654
```

1    (Telephonic proceedings on the record.)
2         THE CLERK: 2020 CV 4156, Johnson versus Guevara.
3         MS. HAMILTON: Good morning, Your Honor. This is
4    Danielle Hamilton on behalf of plaintiff Demetrius Johnson.
5         MR. ENGQUIST: Good morning, Your Honor. Josh
6    Engquist on behalf of defendants Halvorsen, Erickson, Daley,
7    and Healy.
8         MS. McGRATH: Good morning, Your Honor. Megan McGrath
9    on behalf of defendant Guevara.
10        MS. ROSEN: Good morning, Your Honor. Eileen Rosen on
11   behalf of defendant City of Chicago.
12        THE COURT: All right. Good morning.
13        All right. So this is plaintiff's motion for leave to
14   file a motion for partial summary judgment. Ms. Hamilton, I'm
15   not sure why you want to file this now before discovery has
16   closed.
17        MS. HAMILTON: Your Honor, our position is that the
18   defendants haven't identified any additional discovery that
19   they would need in order to oppose this motion. The majority
20   of the discovery has taken place, and from our point of view we
21   don't see what further discovery would be needed in order to
22   respond to the motion. It's a discrete motion on one claim,
23   our Brady claim, against one defendant, defendant Guevara, and
24   all of the parties and all of the third parties necessary for
25   the motion, you know, we believe have been deposed and

1   discovery has been served and answered.

2         You know, it's related obviously to the Brady claim,
3   and a lot of defendants have been deposed.  The criminal
4   defense attorneys and the prosecutor have been deposed, and the
5   key third party witnesses who testified against Mr. Johnson at
6   trial have been deposed.  So the defendants haven't identified
7   any additional discovery needed in order to oppose our motion.

8         THE COURT:  Well, it's not necessarily the issue that
9   they need more discovery.  It's that they're in the middle of
10  discovery right now.  We're coming up on a fact discovery
11  closure date, and to both push and get all the discovery done
12  while simultaneously putting together a summary judgment
13  response and a statement of facts takes away from the time that
14  they need to finish discovery.

15        It would be different if we get to the end of fact
16  discovery and, you know, the parties believe that there's some
17  expert discovery that needs to be done before going into
18  summary judgment, which may or may not be true, but it's a lot
19  easier to deal with your motion for summary judgment and
20  discovery, expert discovery, if need be, or go ahead and, you
21  know, work on multiple motions for summary judgment at the same
22  time because some of the facts, I think, will be relevant among
23  all the motions for summary judgment.

24        MS. HAMILTON:  And our response to that is that we
25  disagree about -- and this is Danielle Hamilton -- the parties

1  disagree about the length of expert discovery.  Whereas, you
2  know, this discovery is being done in multiple other cases,
3  particularly the Monell discovery, so we would ask for, you
4  know, a shorter period but the defendants are asking for up to
5  a year.  So, you know --
6       THE COURT:  So here's the thing.  I haven't seen
7  anything yet.  I haven't decided on the length of expert
8  discovery.  You know, we'll jump off that bridge once we get to
9  it, but I think right now the focus needs to be on getting this
10 fact discovery finished, so having everybody focus on that and
11 get this done.
12      I know my own process that I require the parties to go
13 through for summary judgment is a lot, and I'm aware of that.
14 It's not the straightforward where you file your motion, you
15 file your facts, they file their facts, they file their
16 response, and it kind of goes back and forth like that.  But
17 putting together the factual statements takes a lot of time and
18 negotiation and compromise.
19      MS. HAMILTON:  Yes, understood.
20      THE COURT:  I do that for a reason, because I do think
21 that it narrows the issues and the focus, but I'm also very
22 aware that it's not an easy or a simple process.  So I am not
23 saying that I need to take all the summary judgment motions at
24 the same time.  I'm happy to do ones that don't require expert
25 discovery, do those first while expert discovery is going on.

1  I have no problem with that.
2  　　　　But I think to jump into that and do that before we
3  finish fact discovery when I do think it's going to be a hustle
4  all the way to the end, I just think that the difference at
5  this point, you know, of six to eight weeks is not significant
6  enough to force everybody to get started right now.
7  　　　　MS. HAMILTON:  Yes, Your Honor.  I understand that.  I
8  would just add that, you know, in terms of the discovery that's
9  left in the case, there is only the plaintiff's deposition and
10 some depositions that are noticed by plaintiff to do.  So we're
11 not talking about, you know, a large -- a hustle to the end in
12 terms of what is left to be done.
13 　　　　You know, I just also wanted to mention that there's
14 ongoing settlement negotiations going on right now, you know,
15 and we believe getting this motion on file would motivate the
16 parties to take the significant steps towards settlement.  The
17 prospect of settling this case would --
18 　　　　THE COURT:  Well, they --
19 　　　　MS. HAMILTON ZENNER:  -- (inaudible) with the motion
20 on file.  So I would just add that.
21 　　　　THE COURT:  Well, they know it's coming, right?  They
22 know what the substance of the motion is.  They know what the
23 basis is.  So in terms of settlement, I don't know if it's
24 going to motivate them or not.  You know, having it actually on
25 the docket where we've got a briefing schedule, I don't know if

1   it's going to push the ball in terms of the settlement more
2   than the fact that they know that the motion exists and that
3   they know what the basis is.
4          So I'm going to deny the motion and allow you -- deny
5   it without prejudice.  You know, once we get to the end of fact
6   discovery, in that joint status report that you're going to be
7   filing in literally four weeks give me a briefing schedule on
8   your motion.  We'll get that entered, and then we can get that
9   started if the case doesn't settle.
10          MS. HAMILTON:  Yes, Your Honor.  Understood.
11          THE COURT:  All right.  Thank you.
12          MS. ROSEN:  Thanks, Judge.
13          MS. McGRATH:  Thank you, Your Honor.
14          MR. ENGQUIST:  Thank you.
15      (Proceedings concluded.)
16                  C E R T I F I C A T E
17      I, Patrick J. Mullen, do hereby certify that the
18  foregoing is a complete, true, and accurate transcript of the
19  proceedings had in the above-entitled case before the Honorable
20  SARA L. ELLIS, one of the judges of said Court, at Chicago,
21  Illinois, on August 23, 2022.
22
23                              /s/ Patrick J. Mullen
                                Official Court Reporter
24                              United States District Court
                                Northern District of Illinois
25                              Eastern Division