IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JOHNSON ) | |
| ) | Case No. 20 CV 4156 |
| Plaintiff, ) | |
| ) | Judge Sara L. Ellis |
| v. ) | |
| ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |
| ) | |

### DEFENDANTS' MOTION TO EXTEND EXPERT DISCOVERY SCHEDULE AND SUMMARY JUDGMENT SCHEDULE

Defendants, Reynaldo Guevara, Darryl Daley, Geri Lynn Yanow, as special representative for William Erickson (deceased), Ernest Halvorsen (deceased), John Healy (deceased), and the City of Chicago, together through their undersigned counsel, respectfully move this Court for an extension of time to complete expert discovery and to extend the summary judgment schedule. In support of this motion, Defendants state as follows:

1. On March 8, 2023, Plaintiff disclosed three expert witnesses: (1) Thomas Tiderington, a police procedures expert and *Monell* expert opining on evidence suppression; (2) Dr. Jennifer Dysart, an eyewitness identification expert opining on the identification procedures used in the criminal investigation; and (3) Dr. Nancy Steblay, a *Monell* expert opining on the rate at which eyewitnesses made suspect identifications.

2. On May 26, 2023, after various scheduling delays and disputes between the Parties, Defendants filed an unopposed motion to extend the expert discovery schedule (Dkt. 255), which this Court granted. (Dkt. 258). Pursuant to this Order, Defendants were to complete the depositions of Plaintiff's experts by June 30, 2023, Defendants' expert disclosures were due

August 11, 2023, and Plaintiff was to complete Defendants' expert depositions by September 22, 2023. (Dkt. 258). The Court further modified the summary judgment briefing schedule, ordering Defendants' motion for summary judgment to be filed by November 3, 2023; Plaintiff's response to be filed by December 4, 2023, and Defendants' Reply to be filed by January 5, 2024. (Dkt. 258).

3. The deposition of Dr. Dysart was completed on June 20, 2023.

4. Pursuant to an agreement between the Parties, the depositions of Dr. Steblay and Mr. Tiderington were scheduled for July 12th and 13th respectively. Despite these depositions being scheduled after June 30, 2023, Defendants were confident that the remainder of the schedule would not be impacted and would remain in place.

5. The deposition of Dr. Steblay took place on July 12, 2023. While Mr. Tiderington's deposition was scheduled for July 13, 2023.

6. Unfortunately, due to an unexpected death in one of defense counsel's families, the deposition of Mr. Tiderington could not go forward on July 13, 2023. The first available date that was available for all Parties and the witness to reschedule was August 22, 2023. At this time, defense counsel reached out to Plaintiff's counsel to discuss an extension of the expert schedule and subsequent summary judgment schedule. Despite agreeing generally to an extension of time to complete expert discovery, Plaintiff resisted Defendants' request to extend the summary judgment schedule to allow for expert discovery to be fully completed *before* Defendants were to file their summary judgment briefs.

7. While the parties were negotiating the extension, and before the completion of expert discovery, Plaintiff's counsel sent a letter to Defendants regarding summary judgment arguing that no Defendant had any basis to file summary judgment on any of the claims and

2

threatened Rule 11 sanctions against any Defendant that filed summary judgment. *See* August 8, 2023, Correspondence attached hereto as Exhibit A.

8. On August 21, 2023, one day before Mr. Tiderington's deposition was scheduled to go forward, Plaintiff cancelled his deposition, without explanation. The next available dates offered by counsel to complete the last expert deposition were September 19 and 20, 2023. Almost three months after the initial deadline to complete the depositions, and over a week after Defendants were to disclose their rebuttal reports.

9. On September 6, 2023, Defendants responded to Plaintiff's correspondence, and, in the spirit of this Court's Standing Order on summary judgment practice, initiated discussions with Plaintiff in an attempt to narrow the scope of summary judgment by requesting Plaintiff drop certain claims against certain Defendants and conceding that they did not have a viable summary judgment motion for certain claims and Defendants. *See* September 6, 2023, Email attached hereto as Exhibit B. Plaintiff immediately responded by invoking Rule 11 yet again and requesting a telephone conference. *Id.* The Parties conferred telephonically on September 12, 2023, but little progress was made. While Defendants were prepared to and did in fact provide the factual and legal basis for their motions for summary judgment on specific claims and Defendants, Plaintiff continued to invoke Rule 11 in response to Defendants' arguments and failed to provide the factual and legal basis for Plaintiff's position. *See* September 12, 2023 Email attached hereto as Exhibit C. Despite these threats, Defendants have continued to confer with Plaintiff in good faith, and in accordance with the Court's Standing Order related to summary judgment practice.

10. Mr. Tiderington's deposition was completed on September 20, 2023, almost three months after the initial schedule had required. On September 22, 2023, the Defendants again sought Plaintiff's agreement on adjusting the remainder of the expert schedule. *See* September 22,

3

2023 Email Correspondence, attached hereto as Exhibit D. Pursuant to that agreement, Defendants tendered their expert disclosures on October 13 and October 18, 2023. On October 20, 2023, Plaintiff requested dates for the depositions of each of Defendants' experts, and on October 27, 2023, Defendants provided November dates for their experts' depositions. As of the filing of this motion, Plaintiff has not responded to or confirmed any of the proposed dates. It is likely that the depositions of Defendants' experts will not be completed until the end of November at the earliest (assuming Plaintiff confirms the dates that have been proposed). Further, Defendants anticipate that Plaintiff will disclose at least one rebuttal expert report, which, based upon past experience, will require an additional deposition.

11. The Parties are still engaged in conversations regarding the scope of summary judgment. Since the September 12, 2023, telephone conference, the Parties have exchanged additional written correspondence on the issue of summary judgment. Throughout these negotiations, the Defendants have repeatedly asked Plaintiff's counsel to comply with this Court's meet and confer requirements and provide the factual or legal authority that would defeat Defendants' motions. Plaintiff has continuously refused to do so, and instead repeatedly invoked his intention to file a Rule 11 sanction motion against Defendants. *See* September 25, 2023, Email Correspondence, attached here to ax Exhibit E; October 20, 2023 Email correspondence attached as Exhibit F; October 30, 2023 Correspondence attached as Exhibit G; October 30, 2023, Email attached as Exhibit H.

12. On October 31, 2023, Defendants sent another email to Plaintiff asking them to point to any specific questions of fact that would make Defendants' proposed summary judgment arguments frivolous. *See* October 31, 2023, Email attached as Exhibit I. Plaintiff has not responded to this correspondence.

13. Thus, Defendants request that the Court extend the expert schedule for the remaining deadlines and modify the summary judgment schedule to allow for the completion of expert discovery. The current schedule, as set in May, accounted for expert discovery being completed before summary judgment briefing, including *Daubert* motions, was to begin. Understanding this Court's preference for *Daubert* and summary judgment motions to be filed simultaneously, the City cannot prepare and file its motion for summary judgment without completing its *Daubert* motions because Plaintiff's *Monell* theories almost exclusively rely on his experts' testimony[1]. Indeed, in a related case, *Rodriguez v. Guevara,* Northern District of Illinois Case No. 18-CV-7951, involving similar allegations against the City, and where the plaintiff is represented by the same counsel here, the plaintiff has conceded that he will rely on his experts' opinions in an effort to defeat the City's motion for summary judgment. *See Rodriguez* Dkt. 219. The City cannot prepare its *Daubert* motions until expert discovery is completed, including Plaintiff's anticipated rebuttal expert(s).

14. Furthermore, while Defendants' final email inquiry remains unanswered, and Plaintiff appears to have closed the door on further discussions, Defendants remain hopeful that the parties will be able to resolve certain issues and either limit the scope of the summary judgment motions or eliminate the need for them entirely. Regardless, the current schedule set by this court needs to be adjusted to allow for the completion of expert discovery before summary judgment

---

[1] As one example of this, Plaintiff's responses to the City's contention interrogatories regarding *Monell* make it clear that his *Monell* claims are dependent on his experts. For instance, in response to interrogatories requesting each theory of liability Plaintiff intends to pursue and the complete factual basis and evidence upon which Plaintiff will rely to establish how such theory amounts to a "policy" pursuant to *Monell*, Plaintiff objected that the parties had not yet completed expert discovery, and stated that the requests were premature to the extent they called for "quintessentially expert opinions" that were propounded before Plaintiff's expert disclosures. Therefore, conceding that his *Monell* claims are reliant on his experts' opinions. Indeed, Plaintiff made this same objection for nearly all 25 contention interrogatories tarted at the basis for his *Monell* claims. *See,* Plaintiff's Response to Defendant City's Interrogatories, attached hereto as Exhibit J.

5

briefing can begin.

15. On November 2, 2023, the undersigned counsel reached out to Plaintiff's counsel to inform Plaintiff's counsel of Defendants' intention to file a motion for extension of time and to confirm what Plaintiff had previously conveyed to Defendants that he would object to any extension of the summary judgment schedule. To Defendants' surprise, Plaintiff's counsel responded to Defendants' request they wished to confer on November 3. Defendants indicated their willingness to confer and provided their availability and requested that Plaintiff respond to Defendants' previous email proposing expert deposition dates so that the parties could discuss the length of the extension that would be necessary. *See* November 2, 2023, Email Exchange. As of this filing, Plaintiff's counsel has not responded to Defendants' email or provided their position on this extension.

16. Accordingly, Defendants seek to extend the expert discovery schedule as follows: (1) Plaintiff to complete Defendants' Expert Depositions by December 15, 2023; (2) Plaintiff to disclose any rebuttal experts by January 5, 2024; (3) Defendants to complete any rebuttal expert depositions by February 10, 2024[2]. Assuming expert discovery is completed by February, the Court can set a summary judgment schedule.

WHEREFORE, Defendants respectfully request that this Court grant this Motion and extend the expert discovery schedule, modify the summary judgment schedule, and for any other relief as this Court deems just and reasonable.

---

[2] Defendants propose this schedule under the assumption that Plaintiff agrees to the dates currently proposed for their four expert depositions. In the event that the eight proposed dates do not work, this current schedule is likely unworkable given other personal and professional obligations in the month of December.

DATE: November 3, 2023

*/s/ Eileen E. Rosen*
Special Assistant Corporation Counsel for
Defendant City of Chicago

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Lauren M. Ferrise
ROCK FUSCO & CONNELLY, LLC
333 West Wacker Drive, 19th Fl.
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

*/s/ Thomas M. Leinenweber*
Special Assistant Corporation Counsel for
Defendant Reynaldo Guevara

Thomas M. Leinenweber
James V. Daffada
LEINENWEBER BARONI & DAFFADA, LLC
120 North LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com

Respectfully Submitted,

*/s/ Josh M. Engquist*
Special Assistant Corporation Counsel for
Defendant Individual Officers

James G. Sotos
Josh M. Engquist
David A. Brueggen
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
(630)735-3300
JEngquist@jsotoslaw.com