IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON, | ) | |
| | ) | |
| | ) | Case No. 20-cv-4156 |
| *Plaintiff*, | ) | |
| | ) | Hon. Sara L. Ellis, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, the ESTATE of | ) | Hon. Heather K. McShain, |
| ERNEST HALVERSON, DARRYL DALEY, | ) | Magistrate Judge |
| WILLIAM ERICKSON, JOHN HEALY, and | ) | |
| the CITY OF CHICAGO, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION FOR AN EXTENSION OF TIME

Plaintiff DEMETRIUS JOHNSON, by his attorneys, respectfully submits this response in opposition to Defendants' motion for an extension of the discovery and summary judgment deadlines, Dkt. 283, stating in support as follows:

### INTRODUCTION

1.  This Court should deny Defendants' request for a further extension of discovery and summary judgment deadlines in this case and proceed instead to trial.

### BACKGROUND

2.  Fact discovery in this case closed in October 2022, more than a year ago.

3.  Nearly 10 months ago, on January 26, 2023, this Court set a schedule for expert disclosures and Defendants' motions for summary judgment, ordering Plaintiff's disclosures due on March 1, 2023, Defendants' due on June 1, 2023, and Defendants' motions for summary judgment due on August 28, 2023. Dkt. 204.

4. Plaintiff requested a one-week extension of his expert disclosure deadline, Dkt. 217, and on March 8, 2023, Plaintiff disclosed three expert witnesses—Dr. Dysart, Dr. Steblay, and Mr. Tiderington.

5. On May 1, 2023, Defendants filed their first motion to extend the schedule, asking the Court to make their expert disclosures due on July 12, 2023, which gave Defendants four months after Plaintiff's disclosures to disclose their own experts, and to make their motion for summary judgment due on September 20, 2023. Dkt. 244. Plaintiff did not oppose Defendants' request. *Id.* The Court granted Defendants' motion on May 3, 2023. Dkt. 246.

6. On May 26, 2023, Defendants moved a second time to extend the schedule to make their expert disclosures due on August 11, 2023, adding a fifth month to their time to produce expert reports, and requesting that the Court set a summary judgment briefing schedule at its discretion. Dkt. 255. Plaintiff again did not oppose Defendants' request. *Id.* The Court granted the motion, ordering that Defendants' motion for summary judgment would be due on November 3, 2023. Dkt. 258.

7. On June 20, 2023, the deposition of Dr. Dysart was completed. On July 12, 2023, the deposition of Dr. Steblay was completed. As Defendants describe in their motion, Plaintiff offered additional expert deposition dates which Defendants did not accept, and both sides had to cancel one expert's deposition. Dkt. 283.

8. On July 31, 2023, Defendants asked Plaintiff to agree to a third extension of their expert disclosure and summary judgment deadlines. Exhibit A. Plaintiff stated that he would not oppose a deadline of September 22, 2023, for Defendants' expert disclosures and November 22, 2023, for Defendants' motion for summary judgment. *Id.* Defendants never responded to

Plaintiff's proposal, the parties never reached an agreement on a proposed schedule, and Defendants never filed a motion to extend the deadlines. *Id.*

9. In the meantime, Plaintiff raised with Defendants the issue of whether summary judgment was even appropriate in the case. On August 8, 2023, Plaintiff sent a letter to Defendants, setting out his view that there is no non-frivolous basis for certain Defendants to seek summary judgment, given the numerous material factual disputes in this case. Exhibit B. Plaintiff proposed that he would agree to dismiss otherwise meritorious claims if the parties could avoid the cost and delay of summary judgment briefing and proceed directly to trial. *Id.* In particular, Plaintiff proposed that he would voluntarily dismiss his claims against Defendants Healy and Daley, and he would agree not to file a motion to preclude the City from relitigating *Monell* theories it has previously lost in recent trials in this District, if the remaining Defendants agreed to forgo summary judgment motions. *Id.* Plaintiff requested that Defendants provide their position before August 15, 2023. *Id.*

10. Defendants did not respond for a month. On September 12, 2023, the parties conferred, and Defendants rejected Plaintiff's August 8 proposal. Exhibit C (Art September 12, 2023 correspondence). Defendants responded that they would forgo summary judgment only if Plaintiff dismissed all claims against all parties, except those again Defendant Guevara. *Id.* Plaintiff rejected that counter proposal, but in the spirit of compromise set out a second proposal more generous to Defendants than his first: He would agree to dismiss Defendants Healy and Daley and limit his *Monell* theory against the City in this case to a single file-suppression *Monell* theory—the same as that which his counsel tried and won in both *Rivera v. Guevara, et al.*, No. 12 C 4428 (N.D. Ill.), and *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.)—if the City and Defendants Guevara, Halvorsen, and Erickson agreed not to move for summary judgment. *Id.*

Plaintiff asked, to the extent Defendants felt that Halvorsen or Erickson had a non-frivolous basis to move for summary judgment on some but not all of Plaintiff's theories against them, that they identify which particular theories they thought were amenable to summary judgment proceedings. Plaintiff asked for a response by September 15, 2023. *Id.*

11. On September 22, 2023, without ever having reached an agreement on a third extension of deadlines and having not moved the Court for an extension of time, Defendants asked for Plaintiff's agreement to a fourth extension of their deadline to disclose expert reports, up to and including October 13, 2023. Exhibit D. Plaintiff again attempted to work with Defendants in good faith. *Id.* Plaintiff took the position that he had no objection to the extension of expert disclosures, *so long as the Defendants agreed that it would not delay the existing summary judgment schedule*. *Id.* Defendants took that deal, and on October 13 and 18, 2023, they disclosed four expert reports. Exhibit E.

12. Meanwhile, the parties' negotiations about summary judgment continued. On September 25, 2023, Defendants rejected Plaintiff's September 12 proposal to avoid summary judgment. Exhibit C (Carney September 24, 2023 correspondence). They stated they believed Defendant Erickson had arguments for summary judgment on all of Plaintiff's claims, except for Plaintiff's *Brady* claims. *Id.* Defendants asserted that they would seek summary judgment on all of Plaintiff's claims against Defendant Halvorsen. *Id.* Finally, the City asserted that it felt that it had a basis to obtain summary judgment on Plaintiff's *Monell* file-suppression theory. *Id.* Defendants proposed that they would not pursue summary judgment if Plaintiff dismissed all of his claims against all Defendants, with the exception of his *Brady* claims against Defendant Erickson and his claims against Defendant Guevara. *Id.*

13. On October 20, 2023, Plaintiff rejected Defendants' proposal, explaining that Defendant Halvorsen participated in witness interviews, photo array identifications, and lineups in which Plaintiff asserts that Defendants Guevara and Halvorsen engaged in misconduct to fabricate evidence and to suppress exculpatory evidence to frame Plaintiff. Exhibit C (Art October 20, 2023 correspondence). Moreover, Plaintiff explained, Halvorsen's partner, Reynaldo Guevara, has pleaded his Fifth Amendment rights rather than defend the actions of himself or Defendant Halvorsen (who did not testify). *Id.* Finally, Plaintiff reiterated his view that the City could not seek summary judgment on Plaintiff's file-suppression theory, given that it had lost the same claim, based on the same evidence, at two recent trials, and considering that it had been precluded from even re-litigating that *Monell* theory in another recent case. *Kluppelberg v. Burge*, No. 13 C 3963, Dkt. 636 (N.D. Ill.). *Id.*

14. Still, Plaintiff made a third proposal to Defendants, even more generous than his first two: He would agree to dismiss all claims against Defendants Healy and Daley, all claims except for his *Brady* claim against Defendant Erickson, and all claims except for his file-suppression *Monell* theory against the City, and he would agree not to move to apply claim and issue preclusion against the City, if Defendants Guevara, Halvorsen, Erickson, and the City agreed not to move for summary judgment on the remaining theories in the case. *Id.*

15. At that point in time, Plaintiff had not received any proposed joint statement of facts from Defendants regarding their motion for summary judgment. Plaintiff stated that if the parties could not reach an agreement on summary judgment, then Plaintiff would need Defendants' proposed joint statement of undisputed facts by October 27, 2023, in order to timely provide feedback in advance of the summary judgment filing deadline of November 3, 2023. *Id.*

16. On October 30, 2023, five days before their motion for summary judgment was due, Defendants rejected Plaintiff's proposal and took a step backwards, proposing an agreement that Defendants would not pursue summary judgment if Plaintiff dismissed all of his claims in the case, with the exception of only his *Brady* claims against Defendants Guevara and Erickson. Exhibit C (Art October 30, 2023 correspondence). Plaintiff pointed out that the proposal was worse than the one that had been rejected earlier in the month, noted that he still had not received Defendants' proposed joint statement of facts regarding summary judgment, and asked Defendants to provide that proposed joint statement by November 1, 2023. *Id.*

17. Defendants never provided a draft of their proposed joint statement of facts required by this Court's standing orders. Instead, on November 2, 2023, just before 5 p.m., contrary to the parties' agreement that Defendants' multiple requests for extensions of expert disclosures would not alter the summary judgment schedule, Defendants stated that they would file another motion to extend the expert discovery and summary judgment deadlines.

18. Less than 24 hours later, without conferring, Defendants filed their pending motion, in which they ask to extend the deadline for expert discovery into February 2024 and the summary judgment schedule indefinitely. Dkt. 283.

19. On November 5, 2023, Plaintiff informed Defendants that he intends to take the deposition of only one of their disclosed experts, confirming November 15, 2023, as the date for that deposition. Exhibit E.

**DEFENDANTS' REQUESTS FOR AN EXTENSION SHOULD BE DENIED**

**A.  The Request to Extend Expert Discovery Should Be Denied**

20. Fact discovery in this case closed in October 2022. Expert discovery in this case has been open nearly a year. Defendants disclosed experts on October 13 and 18, 2023, more

than five months after the Court's initial deadline, after Plaintiff agreed to four extensions of time.

21. There is no more expert discovery to conduct. Plaintiff's single deposition of one of Defendants' experts will take place next week.

22. Moreover, none of Defendants' expert reports (or any rebuttal submitted by Plaintiff) is relevant at all to Defendants' summary judgment motions. They are not relevant because Defendants bear the burden of showing that there are no genuine issues of material fact on any of Plaintiff's claims, and Defendants' disclosed experts' responses to Plaintiff's experts cannot *resolve* disputes of fact in Defendants' favor—at best those reports add to the material disputes of fact that a jury must consider. *Wipf v. Kowalski*, 519 F.3d 380, 385 (7th Cir. 2008) (explaining that "in a case of dueling experts . . . it is left to the trier of fact . . . to decide how to weigh the competing expert testimony"); *Lebow v. Am. Trans Air, Inc.*, 86 F.3d 661, 667 (7th Cir. 1996) (resolution of battle of experts "is best reserved for the trier of fact").

23. This Court should not extend the expert discovery schedule because there is no reason for such an extension.

**B.     The Request to Extend Summary Judgment Deadlines Should Be Denied**

24. This Court should decide that Defendants have relinquished their opportunity to move for summary judgment.

25. Defendants agreed with Plaintiff that their delay in providing expert disclosures and the corresponding extensions agreed to by Plaintiff would not alter the summary judgment schedule set by the Court, which made their motions due on November 3, 2023. Only after making that agreement and taking months to disclose their expert reports, Defendants reneged on

the agreement and sought to suspend the summary judgment deadline on the day that their summary judgment motions were due.

26. For weeks leading up to that summary judgment deadline, Plaintiff repeatedly asked Defendants to engage in this Court's standing summary judgment procedures. Defendants never provided a proposed joint statement despite repeated requests. Moreover, Defendants have agreed the summary judgment deadline would not be changed, and they never mentioned any extension until the day before their motions for summary judgment were due.

27. Defendants simply ignored this Court's summary judgment requirements. Parties should not be permitted to ignore the process and then ask for more time at the last second. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 607-08 (7th Cir.2006) (holding that district courts are allowed to strictly enforce summary judgment deadlines); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir.2006) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable."). Particularly so when the extension request is contrary to agreements made between the parties to govern the litigation. *FrenchPorte IP, LLC v. C.H.I. Overhead Doors, Inc.*, No. 21-CV-2014, 2023 WL 2447591, at *3 (C.D. Ill. Mar. 10, 2023) ("[I]f the parties could not rely on courts to enforce discovery agreements, there would be little incentive for parties to make them.").

28. Granting more time for summary judgment motions here would be especially fruitless, given that there is no basis for Defendants to seek summary judgment in the first place. Indeed, Plaintiff has been willing to narrow the claims in good faith to put that issue beyond reasonable dispute. In fact, he is still willing to adhere to his last offer made to Defendants regarding summary judgment: If the case proceeds directly to trial, Plaintiff will agree to voluntarily dismiss (a) all claims against Defendants Healy and Daley, (b) all claims except for

his *Brady* claim against Defendant Erickson, and (c) all claims except for his *Monell* file-suppression theory against the City, and (d) he would agree not to move to apply claim and issue preclusion against the City. Defendants should not be permitted to simply reject Plaintiff's good-faith efforts to narrow the issues for trial to avoid the need for futile summary judgment motions in a case where there is sure to be a trial.

29. This Court should deny Defendants' request for an extension of summary judgment deadlines and proceed instead to trial.

RESPECTFULLY SUBMITTED,

/s/ Steve Art
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Rachel Brady
Sean Starr
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

**CERTIFICATE OF SERVICE**

   I, Steve Art, an attorney, certify that on November 8, 2023, I filed the foregoing pleading using the Court's CM/ECF system, which effected service on all counsel of record.

                  /s/ Steve Art
                  *One of Plaintiff's Attorneys*