IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON | ) | |
| | ) | Case No. 20 CV 4156 |
| Plaintiff, | ) | |
| | ) | Judge Sara L. Ellis |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

## DEFENDANT CITY OF CHICAGO'S OPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE MOTION TO RESOLVE DISPUTES IN JOINT STATEMENT OF FACTS

Defendant City of Chicago, through its undersigned attorneys, moves this Court for an extension of time to file the Joint Motion to Resolve Disputed Facts related to Plaintiff's *Monell* claim, and in support thereof, states:

1. On January 23, 2024, the City filed its Motion to Deem Facts Set Forth in the City's Proposed Joint Statement of Facts Admitted, herein after referred to as the "City's Motion To Deem Facts Admitted". (Dkt. 292).

2. On January 25, 2024, this Court heard the Parties on the issues presented in the City's Motion to Deem Facts Admitted, at which time, the Court provided its guidance, direction and expectations for the Joint Statement of Facts ("JSOF") and ordered the Parties to file any motion to resolve disputes by February 2, 2024. (Dkt. 298)

3. After the hearing, counsel for the City of Chicago sent an email to Plaintiff asking if he intended to revise his response to the City's proposed JSOF based upon the Court's guidance. (*See,* January 25, 2024, Email exchange attached as A).

4. Plaintiff's counsel informed the City that despite this Court's guidance, they were not in a position to edit their responses. (Ex. A). Subsequently, the City reminded Plaintiff that, as stated in open court, due to other professional commitments, specifically two summary judgment filings, that the City would not be able to return substantive responses until the January 29 or 30th. (Ex. A).

5. After Plaintiff informed the City it would not be making any edits based on the Court's guidance, the City began its review. As detailed extensively in the City's Motion to Deem Facts Admitted, Plaintiff's responses and edits were chaotic, unorganized and failed to comply with this Court's Standing Order. Plaintiff struck almost a dozen of the City's paragraphs, completely re-wrote another several dozen paragraphs, which included splitting the City's paragraphs into multiple paragraphs and adding additional information in between making it time-consuming to analyze and respond to and added an additional 100 paragraphs. (Dkt. 292).

6. As such, the City's review was extensive and time consuming, as each paragraph had to be read in detail, and compared to the City's original paragraph to decipher what changes Plaintiff made. Further, the City needed to check all of Plaintiff's cites to ensure that the testimony was supported.

7. The City worked as expeditiously as possible, and despite multiple summary judgment filings, was on track to provide Plaintiff its responses and edits by Tuesday, January 30, leaving three business days to confer and prepare the joint filing.

8. Unfortunately, counsel for the City encountered several obstacles. On January 29 and 30th, counsel's office suffered significant server and internet disruptions, which interfered with counsel's ability to access documents and files to conduct the extensive review that was necessary to analyze Plaintiff's edits. On January 31, 2024, the undersigned, who has had primary

responsibility for the extensive review described above, had a medical emergency involving her child that took her out of the office unexpectedly. The City's counsel informed Plaintiff's counsel of these unexpected delays and suggested a short extension to accommodate them. Plaintiff's counsel indicated that they could not respond to the suggestion of a short extension until the City provided its responses. (*See,* February 1, 2024, Email exchange attached as B).

9. The City provided its responses and objections to Plaintiff's edits to the proposed JSOF on February 1, 2024 and repeated its suggestion that a very short extension may be in order to accommodate Plaintiff. Today, Plaintiff responded as follows:

> Dear Counsel,
>
> Plaintiff's position is that he opposes further extensions of summary judgment deadlines. As discussed, Plaintiff provided the City with substantive comments on the proposed joint statement of facts on January 16. More than two weeks later, after obtaining an extension of the time to file summary judgment, and on the eve of the due date the Court set for a joint statement of facts, the City sent its first round of comments on Plaintiff's position after close of business.
>
> Again, we recognize that technical issues and personal issues called for more time, and we would in a normal circumstance have no objection to an extension to account for those issues.
>
> In this case, however, the City has delayed for weeks, and it has now provided a draft with no time for Plaintiff to respond. Plaintiff's position is that the City should file whatever motion for an extension that it plans to file as opposed, and Plaintiff will respond to the City's motion.

(*See,* February 2, 2024 Correspondence, attached hereto as Exhibit C).

10. The City's counsel then asked Plaintiff's counsel if, in its motion for an extension of time, Plaintiff would like to City to build in time for Plaintiff to review the City's responses or if the City should simply ask for an extension to file the motion to resolve disputed facts, Plaintiff's counsel indicated that if the court grants the motion, "Plaintiff should be allowed to participate in

3

the process," (*See,* Ex. C). In response to the City's follow up inquiry regarding the amount of time Plaintiff needs to participate in the process, Plaintiff responded that he would need "at least 2 or 3 days to respond to the City's edits[,]" and "then the remainder of the schedule would depend on whether the City continues to delay or timely provides further edits." (*Id.*)

11. Despite Plaintiff's persistent accusations, the City has not delayed this issue for "weeks," but the City will not repeat the arguments it previously made, which this Court specifically addressed at the hearing on January 25, 2024,

12. While Plaintiff's position regarding the length of time necessary to complete the process is unclear, based on his request for "at least 2 or 3 days" to respond to the 2/1/24 draft JSOF, the City expects, based on the progress made so far, and depending on the extent of Plaintiff's revisions, that a motion to resolve the disputed facts can be filed within five business days of receipt of Plaintiff's additional responses.

Wherefore, the City requests an extension of time to file the Parties' motion to resolve disputed facts related to Plaintiff's *Monell* claim, a date certain for Plaintiff to provide his responses to the February 1, 2014, draft JSOF and five business days thereafter for the Parties to file their motion to resolve disputed facts related to Plaintiff's *Monell* claim and/or any further and additional relief this Court deems just and appropriate.

DATE: February 2, 2024                    Respectfully Submitted,

*/s/ Theresa Berousek Carney*
Special Assistant Corporation Counsel for
Defendant City of Chicago

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Lauren M. Ferrise
ROCK FUSCO & CONNELLY, LLC
333 West Wacker Drive, 19th Fl.
Chicago, IL 60606
(312) 494-1000
tcarney@rfclaw.com

5