IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JOHNSON, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> REYNALDO GUEVARA, the ESTATE of ) <br> ERNEST HALVERSON, DARRYL DALEY, ) <br> WILLIAM ERICKSON, JOHN HEALY, and ) <br> the CITY OF CHICAGO ) <br> ) <br> ) <br> *Defendants*. ) | Case No. 20-cv-4156 <br><br> Judge Sara L. Ellis <br><br> Magistrate Judge Heather K. McShain <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF CHICAGO'S MOTION FOR AN EXTENSION OF TIME TO FILE MOTION TO RESOLVE DISPUTES IN JOINT STATEMENT OF FACTS**

Plaintiff DEMETRIUS JOHNSON, through his attorneys, hereby responds to Defendant City of Chicago's Opposed Motion for an Extension of Time to File Motion to Resolve Disputes in Joint Statement of Facts. In support, Plaintiff states:

1. On January 25, 2024, the Court heard argument regarding the *fourth* extension of time that Defendants had requested for their summary judgment deadline. Dkt. 298; *see also* Dkts. 246 (first extension granted), Dkt. 248 (second extension granted), Dkt. 288 (third extension granted, setting January 31, 2024 as the final deadline).

2. The Court determined that the City and Plaintiff were capable of resolving and finalizing their disputes on the joint statement of facts over the course of eight days, and therefore set a deadline of February 2, 2024 for the parties to "file a motion setting forth the proposed statements of fact at issue, with supporting material[.]" Dkt. 298.

1

3. The City provided Plaintiff a draft joint statement of facts on December 22, 2023. Plaintiff returned substantive comments, corrections, and objections on January 16, 2023, and two rounds of further edits thereafter. *See generally* Dkt. 194-1.

4. On January 25, after the hearing, Plaintiff emailed Defendants asking for updated versions of the proposed joint statement of facts by the end of the day on Friday, January 26, so that the parties would have time to complete the process. *See* Exhibit A (Parties' Email Correspondence). The City responded they "likely won't be able to get that back to [Plaintiff] until Monday or Tuesday." *Id.*

5. Plaintiff waited on Monday and Tuesday for the City's first response to his additions to the joint statement. Plaintiff did not hear from Defendants either day. On Wednesday, January 31 – over two weeks after Plaintiff originally sent his additions to the City's draft – Plaintiff reached out and asked when he could expect the revised draft. Ex. A.

6. The City responded that it had server issues on Monday or Tuesday (which did not explain why it had not provided its additions on the Thursday or Friday beforehand), but still expected to have its responses to Plaintiff that day. *Id.*

7. Plaintiff again waited until close of business, without receiving a draft, and once again requested an update – given that there was only one business day before the deadline. The City responded that the server and internet disruptions delayed their work and that a family emergency impeded progress on Wednesday. *Id.* They stated that they planned to get a draft to Plaintiff by Thursday and stated that "we still may be able to file tomorrow depending on how long your review will take" but wanted Plaintiff's position on an extension. *Id.*

8. Plaintiff promptly responded, remaining cognizant of the family emergency and server delays, but expressing concern with his ability to provide any position on an extension before seeing to what extent the City's response would narrow the range of disputes. *Id.*

9. Plaintiff did not receive Defendants' edits until 7:37 p.m. on Thursday, February 1, the day before the Court's February 2 deadline. *Id.*

10. After reviewing Defendants' extensive responses and further objections to Plaintiff's additional paragraphs, it was clear that he could not diligently review and respond to the revisions by that day's deadline. Plaintiff promptly told the City that it had provided a revised draft with no time for Plaintiff to respond, and that the City could file an opposed motion for extension. *Id.* Plaintiff noted that, if the Court granted an extension, he would need at least two or three days to respond to the City's edits in the first round, and the remainder of an extended schedule would depend on whether the City continues to delay or timely provides further edits.

11. All in all, the City and Plaintiff have now exchanged just three full drafts of the joint statement of facts since the Court set summary judgment deadlines at the start of November 2023. That is a three-month time period to draft a joint statement of facts. In Plaintiff's view, all but two weeks of that time period have been consumed by the City's efforts to delay. Meanwhile, though delayed, the individual Defendants and Plaintiff in that time period exchanged at least *eleven* drafts to finalize the list of disputes for the Court to review. *See* Exhibit B (Email correspondence between Plaintiff's counsel and counsel for individual Defendants).

12. As discussed in Plaintiff's two prior responses to the City's motion for extensions, Dkts. 294-1 & 286, the City has caused unusual delays in moving for summary judgment in a case where summary judgment is not warranted, delaying resolution of this dispute. It has not adhered to the letter or spirit of the Federal Rules of this Court's standing orders. Instead, it

continues to self-help itself to whatever schedule it wants. Plaintiff's position remains that the City's delay should result in this Court denying the City's motion for a further extension and moving forward without the City's motion for summary judgment. If Plaintiff engaged in similar delays, there is no doubt that would be the result.

13. Alternatively, to the extent that the City believes that it has a basis under the Federal Rules to move for summary judgment, this Court should order the City to file its opening motion immediately, using its own statement of facts, without deeming those facts joint or admitted, and Plaintiff will respond, providing his responsive facts in a separate document as this Court's standing orders, the Local Rules, and Rule 56 provide. The City has used this Court's procedures to self-help itself to as much delay, and as many extensions, as it wants. It is simply unfair.

14. To the extent the Court decides that the City has justified a fourth extension of its summary judgment deadlines, Plaintiff has concerns about the time line that the City proposes. Plaintiff can provide a response to the City by Wednesday, February 14, but whether the process can be completed in five days thereafter depends upon whether the City's delays continue.

RESPECTFULLY SUBMITTED,

/s/ Meg Gould
*Counsel for Plaintiff*

Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

4

## CERTIFICATE OF SERVICE

      I, Meg Gould, an attorney, certify that on February 5, 2024, I filed the foregoing pleading using the Court's CM/ECF system, which effected service on all counsel of record.

                                              /s/ Meg Gould
                                              *One of Plaintiff's Attorneys*