```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

DEMETRIUS JOHNSON,                   )  No. 20 C 4156
                                     )
              Plaintiff,             )
                                     )
         vs.                         )  Chicago, Illinois
                                     )
REYNALDO GUEVARA, JOANN HALVORSEN,   )
as Personal Representative to the    )
Estate of Ernest Halvorsen, DARRYL   )
DALEY, WILLIAM ERICKSON, JOHN        )
HEALY, and the CITY OF CHICAGO,      )
                                     )  January 25, 2024
              Defendants.            )  9:45 a.m.

                  TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HON. SARA L. ELLIS

APPEARANCES:

For the Plaintiff:     MR. ANAND SWAMINATHAN
                       MS. MARGARET N. GOULD
                       MS. ALYSSA MARTINEZ
                       Loevy & Loevy,
                       311 North Aberdeen Street, 3rd Floor,
                       Chicago, Illinois   60607

For Defendant
Guevara:               MS. THOMAS M. LEINENWEBER
                       Leinenweber, Baroni & Daffada, LLC,
                       120 North Lasalle Street, Suite 2000,
                       Chicago, Illinois   60602

For Defendants Daley,
Halvorsen, Erickson,
and Healy:             MR. JOSH M. ENGQUIST
                       MR. DAVID A. BRUEGGEN
                       The Sotos Law Firm, P.C.,
                       141 West Jackson Boulevard, Suite 1240A,
                       Chicago, Illinois   60604


           Patrick J. Mullen, Official Court Reporter
                 United States District Court
              219 South Dearborn Street, Room 1412
                    Chicago, Illinois   60604
                        (312) 435-5565
```

```
 1   APPEARANCES: (Continued.)

 2   For Defendant City
     of Chicago:              MS. EILEEN E. ROSEN
 3                            Rock, Fusco & Connelly, LLC,
                              333 West Wacker Drive, 19th Floor,
 4                            Chicago, Illinois  60606
```

```
 1            (Telephonic proceedings on the record.)
 2            THE COURT:  2020 CV 4156, Johnson versus Guevara.
 3            MR. SWAMINATHAN:  Good afternoon, Your Honor.  Anand
 4   Swaminathan for the plaintiff along with my colleagues Alyssa
 5   Martinez and Meg Gould, and just to note we have our client,
 6   Mr. Demetrius Johnson, here as well today.
 7            The COURT:  All right.
 8            MR. ENGQUIST:  Good morning, Your -- or good
 9   afternoon, Your Honor.  Josh Engquist on behalf of defendants
10   Healy, Erickson, Halverson, and Daley.
11            MS. ROSEN:  Good afternoon, Judge.  Eileen Rosen on
12   behalf of defendant City of Chicago.
13            MR. BRUEGGEN:  Good afternoon, Judge.  Dave Brueggen
14   also on behalf of defendants Healy, Daley, Erickson, and I
15   forget the other.
16            MR. ENGQUIST:  Daley.
17            MR. BRUEGGEN:  Daley, there we go.
18            MR. LEINENWEBER:  Excuse me.  Tom Leinenweber on
19   behalf of Reynaldo Guevara.
20            THE COURT:  All right.  Good afternoon.
21            Okay.  So the reason you're here is that this is
22   looking a bit like a hot mess, and I don't do hot messes over
23   the phone.  I will tell you, you know, it's also a little bit
24   like a ticky-tacky pointing of fingers which, again, I'm not
25   going to do over the phone.
```

1    So to cut to the chase -- and I'm not interested in
2 any finger pointing or playing -- where are you in terms of
3 working out a document that I can look at that tells me what
4 your issues and disputes are?
5    MR. ENGQUIST: For my clients, Your Honor, we started
6 off with 133. Plaintiff added 12, and then we were able to
7 work it down to 122. It came back again. We had about 80
8 agreed. Right now I believe there's 42 in dispute. They just
9 came back at a little after 11:00 o'clock today. Mr. Brueggen
10 and I were working through it. We've worked through until we
11 came here almost half of those, and then a lot of the disputes
12 afterwards pretty much seem to be the same dispute over and
13 over again.
14    So that's where we're at right now. We're working
15 through it. Mr. Brueggen and I will keep on working on that
16 part of it, and we're going to respond back to him on the last
17 one he sent to us this afternoon probably before tomorrow
18 morning.
19    THE COURT: All right. So when can you get something
20 narrowed down where I am looking at the true disputes?
21    MR. ENGQUIST: The way I look at it, Your Honor, it's
22 just making sure that we have the objections in. There's only
23 a couple that are in there that I've gone through so far in the
24 disputed category that I think we just need a clarification on
25 so far just to see if they're disputed or not. It has to do

1  with some language issues.  But once we get those in line with
2  this back-and-forth, we can get it done before Monday.
3           MR. SWAMINATHAN:  We should be able to get it on file
4  tomorrow as far as I'm concerned.  I think there's really just
5  a few things we've got to resolve on whether we think they
6  really are in dispute and, otherwise, we've just got to put
7  some exhibit numbers on stuff and get it on file.
8           MR. ENGQUIST:  The only reason I --
9           THE COURT:  Well, here's the thing.  I'm not here next
10 week.  So even if you file something tomorrow, I'm not going to
11 see you next week.
12          So, Ms. Johnson, what does the 14th or 15th look like?
13     (Discussion off the record.)
14          THE CLERK:  So 10:30 on the 14th of February.
15          THE COURT:  Yes.  So then if you can get it -- well, I
16 don't care what day next week.  You tell me.
17          MS. ROSEN:  Judge, we still have to -- this would
18 apply for the city's as well?
19          THE COURT:  Yes.
20          MS. ROSEN:  So if we can send it back because we now
21 have had three amendments from the plaintiffs that I think now
22 can put us in a better position to at least narrow it to what
23 actually is in dispute, so if we can get it on file February
24 2nd, that would give us time.  We have a summary judgment
25 motion due tomorrow and another due on Monday.  So we can get

1  our position back to plaintiff, and if plaintiff can promptly
2  turn it around then I think we can get something on file by
3  February 2nd.
4              THE COURT:  Okay.  So is that going to work?
5              MR. SWAMINATHAN:  Yeah.  My client is here, and he's
6  here because he cares about this issue.  I understand the
7  Court's ruling.  I'm not debating it and I'm not here to point
8  fingers, but I have to say that this feels unfair to plaintiff.
9  I mean, this has been -- by not sending us anything until
10 December 22nd, we're now in a position where understandably we
11 need more time.
12             I mean, there's no question that we're actually
13 completing this process, and it can't be done in time for Your
14 Honor to have had an opportunity to adjudicate these issues.
15 The person who loses is nobody but Demetrius Johnson, and
16 that's extremely frustrating.  I understand the Court's ruling
17 and I understand what you're saying, but from plaintiff's
18 perspective this has been something we've raised with the Court
19 over and over.  There have been repeated extensions over our
20 objections, and there was no reason.
21             No one has ever told us or given an explanation to the
22 Court for why if we finished fact discovery in December of 2022
23 we didn't get a joint statement of fact until December 22nd,
24 which is the reason we are in this position that we have to
25 take extensions and the summary judgment schedule will extend

1  another month or more.
2           I just wanted to put that on the the record.  My
3  client is here.  It matters to him, but I understand your
4  ruling.
5           THE COURT:  And I understand his frustration.
6  Nonetheless, you know, I set up this process for a reason, and
7  I expect that all sides participate in good faith.  When I see
8  objections -- well, I haven't necessarily seen them in this
9  case, but I have seen them from your firm where at times I am
10 struck by the nature of the objections in that they're not
11 really objections.  They're arguments, and they're not really
12 objections.
13          So I'm not saying that that is happening here because
14 I haven't seen them, but I expect that people go into this
15 process on both sides in good faith.  You cannot object to
16 something simply because it's not in your favor or you don't
17 like it or it's a bad fact.  There are lots of bad facts.
18 That's why we're here.  There are lots of bad facts which, you
19 know, in part, not wholly, in part was what led to
20 Mr. Johnson's conviction in the first place.
21          If Mr. Johnson had been, you know, sitting in church
22 when everything went down, you know, talking to a priest, he
23 would not be here, right?  So there were some facts that at
24 least a jury the first time around thought weren't good facts
25 for Mr. Johnson.  There certainly can be an explanation for

1  those facts, but some facts are just bad, right?  On the
2  defendants' side, some facts are just bad, and you've got to
3  live with them.
4      So I will expect on both sides that people are
5  reasonable and that the objections, if there is a dispute, it's
6  that somebody testified to this, somebody else testified to
7  that, and that is the basis of the objection, not an argument
8  that I need to draw some kind of inference, none of that.
9      MR. SWAMINATHAN:  And I think that's the biggest
10 challenge, Your Honor, that we've had in this back-and-forth
11 dispute.  I mean, it really is the -- I'm not going to preview
12 for you the arguments, but the real problem that we are having
13 in the back-and-forth between the parties is that fundamentally
14 there are facts that are bad for us and bad for them and they
15 often are butting up against each other.
16     In defendants' view, that means you can say that you
17 cite to the fact that's good for them and bad for you and say
18 so-and-so witness testified at the criminal trial or at their
19 deposition to blah, blah, blah, because you like that.  Then we
20 say here's this other fact that we like.
21     We're fundamentally in a problem where we're saying we
22 can't create a statement of facts that just says here's the
23 fact defendants like, here's the fact plaintiff likes, and
24 create a joint statement of facts that way.  That's not a joint
25 statement.  That's a series of disputes, right?

Case: 1:20-cv-04156 Document #: 306 Filed: 02/29/24 Page 9 of 10 PageID #:14926

9

1 THE COURT: But there's going to be a series of
2 disputes, right? It may very well be that witness X testified
3 at trial that, you know, he saw Mr. Johnson come out of the
4 car, right? There could then be another fact in the joint
5 statement of facts that is also undisputed that in
6 Mr. Johnson's post-conviction brief as an affidavit witness X
7 recanted her testimony. That belongs in there, too.
8 MR. SWAMINATHAN: Yeah.
9 THE COURT: Both of those things are undisputed. Both
10 of those things are true. You put them together, and what that
11 can mean for summary judgment is that there is a dispute of
12 material fact as to, you know, the issue relating to
13 Mr. Johnson's guilt and his claims of fabrication, witness
14 tampering, et cetera, et cetera, et cetera, right?
15 So you can take undisputed facts and argue them in the
16 motion and say that here's why summary judgment isn't
17 appropriate, but that doesn't mean that it's disputed that this
18 particular witness testified this way at trial. The witness
19 either did or didn't, right? The witness could have recanted
20 later, and that is also true.
21 MR. SWAMINATHAN: Yep.
22 THE COURT: So that's what I expect to see.
23 MR. SWAMINATHAN: That's useful guidance, Judge.
24 Thank you.
25 THE COURT: Okay.

Case: 1:20-cv-04156 Document #: 306 Filed: 02/29/24 Page 10 of 10 PageID #:14927

10

1 MS. ROSEN: And, Judge, I think technically you need
2 to vacate the deadline for the summary judgment.
3 THE COURT: I am, yes, and I will reset the summary
4 judgment briefing schedule once we get through this process.
5 So I'll see everybody on the 14th.
6 MS. ROSEN: Thanks, Judge.
7 MR. SWAMINATHAN: Thank you, Your Honor.
8 MR. ENGQUIST: Thank you, Your Honor.
9 MR. LEINENWEBER: Thank you, Your Honor.
10 (Proceedings concluded.)
11 C E R T I F I C A T E
12 I, Patrick J. Mullen, do hereby certify that the
13 foregoing is a complete, true, and accurate transcript of the
14 proceedings had in the above-entitled case before the Honorable
15 SARA L. ELLIS, one of the judges of said Court, at Chicago,
16 Illinois, on January 25, 2024.
17
18 /s/ Patrick J. Mullen
 Official Court Reporter
19 United States District Court
 Northern District of Illinois
20 Eastern Division
21
22
23
24
25