IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON, | ) | |
| | ) | Case No. 20 CV 4156 |
| Plaintiff, | ) | |
| | ) | Hon. Sara L. Ellis |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Heather McShain |
| | ) | |
| REYNALDO GUEVARA, the ESTATE of | ) | |
| ERNEST HALVORSEN, DARRYL DALEY, | ) | |
| WILLIAM ERICKSON, JOHN HEALY, and | ) | |
| the CITY OF CHICAGO, | ) | |
| Defendants. | ) | |

**DEFENDANT GUEVARA'S MOTION TO JOIN THE PARTIES' JOINT STATEMENT OF UNCONTESTED FACTS AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Plaintiff, Demetrius Johnson, has filed suit against Reynaldo Guevara, other former Chicago Police Officers (Ernest Halvorsen (deceased), Darryl Daley, William Erickson, and John Healy) ("Defendant Officers"), and the City of Chicago, alleging violations of his constitutional rights under 42 U.S.C. §1983 and of state law (R.1).

There are eight Counts alleged against Defendant Officers and Guevara are:

Count I – Fourteenth Amendment Due Process
Count II – Fourth and Fourteenth Amendment Unlawful Detention
Count III – Federal Failure to Intervene
Count IV – Federal Conspiracy (to Deprive Constitutional Rights)
Count VI – State Law Malicious Prosecution
Count VII – State Law Intentional Infliction of Emotional Distress
Count VIII – State Law Willful and Wanton Conduct
Count IX – State Law Conspiracy

1

The co-defendant Officers moved for summary judgment, filing a Memorandum of Law in Support of Defendant Officers' Motion for Summary Judgment ("DO Memo") and the parties submitted a Joint Statement of Uncontested Facts.[1]

## II. Joint Statement of Uncontested Facts

Guevara moves to join the parties' Joint Statement of Uncontested Facts.

## III. Memorandum's Introduction, Statement of Facts, and Legal Standard

Guevara moves to join in their entirety the Sections of the Memorandum entitled, "Introduction," "Factual Background," and "Legal Standard." (DO Memo, pp.1-11).

## IV. Memorandum's Argument Section

Guevara moves to join, in part, the "Argument" Section of co-defendant Officers' Memorandum. Guevara joins the following arguments.

### a. Defendant Guevara Is Entitled to Partial Summary Judgment on Johnson's Fourteenth Amendment Due Process Claim (Count I)

Johnson brings three types of due process claims in Count I: a fabrication claim of both police reports and witness identifications, an unduly suggestive identification claim and a *Brady* claim. (R. 1, pp. 31-32) He presents several theories of liability for each type of claim. Guevara is entitled to summary judgment on all theories of liability. Guevara moves to join the following parts of the "Argument" Section related to the Count I Due Process claim that demonstrate that he is entitled to partial summary judgment on that count.

#### i. Part I – Fabrication of Evidence Claim (Count I) Fails on the Merits

As to the fabrication claim, Guevara joins all of Part I of the Argument Section except for Part I.b (Defendants Erickson, Healy, and Daley's argument regarding lack of personal

---

[1] Since this Motion is being filed simultaneously with the Independent Officers' Motion for Summary Judgment and Joint Statement of Undisputed Facts no cite to the record is available.

involvement with witness identification of Johnson). (DO Memo, p.13-14). He is therefore entitled to summary judgment on this claim.

### ii. Part II – Johnson's Claim of Unduly Suggestive Identification Procedures Deprived him of a Fair Criminal Trial Fails as a Matter of Law (Count I)

Guevara joins all of Part II of the Argument Section (DO Memo, p.16-26), with the exception of Part II.d (Johnson cannot establish that Defendants Erickson, Healy, and Daley were involved in the suggestive identification procedures) (DO Memo, p.23-24). In Part II.c, Guevara specifically joins and adopts Halvorsen's argument for himself, i.e., as with Halvorsen there is insufficient evidence that Guevara used a forbidden identification procedure that he knew would cause Elba, Rosa, or Ricardo Burgos to identify Johnson. (DO Memo, p.21-23). He is therefore entitled to summary judgment on this claim.

### iii. Part III – Johnson lacks sufficient evidence to support his *Brady* claim (Count I)

Guevara joins all of Part III of the Argument Section (DO Memo, p.26-33), except for Part III.b (Johnson lacks sufficient evidence to demonstrate that Daley, Halvorsen or Healy were aware of the June 13 six-witness lineup report) (DO Memo p. 28-29) and Part III.c (Erickson retired before Johnson's criminal trial and there is no evidence that he was involved in producing documents to the State's Attorney's Office) (DO Memo p. 29-31). The remainder of Part III demonstrates that Johnson's *Brady* claim cannot survive and Guevara is therefore entitled to summary judgment on this claim.

### b. Part IV – Johnson's Fourth Amendment Unlawful Pretrial Detention (Count II) and State Law Malicious Prosecution (Count VI) Claims Fail as a Matter of Law

Guevara joins all of Part IV of the Argument Section (DO Memo, p. 33-36) with the exception of Part IV.a (Erickson, Daley and Healy were not personally involved in gathering any

3

evidence against Johnson or seeking charges) (DO Memo, p. 33-34). Accordingly, he is entitled to summary judgment on Count II (Fourth Amendment unlawful pretrial detention) and Count VI (state law malicious prosecution).

### c. Part VI – Defendant is Entitled to Summary Judgment on Johnson's Failure to Intervene Claim (Count III)

Guevara joins in Part VI of the Argument Section (DO Memo, p. 37-39) except for Part VI.b (Johnson lacks evidence that Halvorsen, Daley, Erickson and Healy had a realistic opportunity to intervene in any alleged constitutional violation) (DO Memo, p.38-39). To the extent the underlying claims against him are dismissed, so too is the failure to intervene claim. Because the claim is not cognizable in § 1983 cases, the claim in its entirety should be dismissed. However, Guevara understands, like his co-defendants, that Seventh Circuit law currently recognizes such a claim, so he raises the cognizability argument for preservation purposes.

### d. Part VII - Halvorsen, Erickson, Daley and Healy are Entitled to Judgment on Johnson's IIED Claim (Count VII) Because They Did Not Commit any Extreme and Outrageous Acts that Caused Emotional Distress

Guevara joins in Part VII (DO Memo, p. 39-40). Because all the other claims against Guevara fail, so too must the IIED claim.

### e. Part VIII – There is no Evidence to Support Johnson's § 1983 (Count IV) and state law (Count VI) Conspiracy Claims.

Guevara joins all of Part VII of the Argument Section. (DO Memo, p. 40-41). As those arguments state, Guevara is entitled to summary judgment on these conspiracy claims against him to the extent the underlying claims are dismissed as well as the fact that there is no evidence to support the conspiracy claim. He is also entitled to qualified immunity for this claim based on the intra-corporate conspiracy doctrine.

### f. Part IX – Johnson Cannot State an Independent Claim for Willful and Wanton Conduct (Count VIII) Under Illinois State Law

Guevara joins Part IX in its entirety. (DO Memo, p.42). Because there is no separate and independent tort of willful and wanton misconduct, he is entitled to summary judgment on Count VIII.

## V. Conclusion

WHEREFORE, for the foregoing reasons, Defendant Reynaldo Guevara requests that the Court grant his motion to join the Joint Statement of Uncontested Facts in its entirety and Sections of the Defendant Officers' Memorandum as detailed above. Guevara also requests, based on the foregoing, that this Court grant summary judgment.

Respectfully submitted,

*/s/ Thomas More Leinenweber*
Thomas More Leinenweber

Thomas More Leinenweber
James V. Daffada
Gabrielle R. Sansonetti
Special Assistant Corporation Counsel
LEINENWEBER, DAFFADA & SANSONETTI
120 N. LaSalle Suite 2000
Chicago, Illinois 60602
773-716-6117 (m)
thomas@ilesq.com