IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON | ) | |
| | ) | Case No. 20 CV 4156 |
| Plaintiff, | ) | |
| | ) | Judge Sara L. Ellis |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE *INSTANTER* EXCESS PAGES AND STATEMENT OF FACT**

Defendants, Darryl Daley, Geri Lynn Yanow, as special representative for William Erickson (deceased), Ernest Halvorsen (deceased), John Healy (deceased), and the City of Chicago, together through their undersigned counsel, respond in opposition to Plaintiff's Motion for Leave to File *Instanter* Excess Pages and Statement of Fact, (Dkt. 342), and state:

**INTRODUCTION**

On June 11, 2024, Plaintiff filed his Consolidated Response in Opposition to Defendants' Summary Judgment Motions ("Plaintiff's Response") (Dkt. 341) and his Statement of Disputed Facts in Support of His Opposition to Defendants' Motions for Summary Judgment, ("PDSOF") (Dkt. 340). In addition, Plaintiff filed his Response to Defendant City of Chicago's Motion to Bar Plaintiff's Expert Dr. Nancy Steblay, (Dkt. 336), and his Response to Defendant City of Chicago's *Daubert* Motion to Bar Opinions of Thomas J. Tiderington. (Dkt. 338). While each of these filings are a direct violation of the local rules for the Northern District of Illinois[1], the most egregious

---

[1] Each of Plaintiff's briefs exceed the 15-page limit set forth in Northern District of Illinois Local Rule 7.1 and were filed on the docket without prior approval of the court. In fact, Plaintiff's Response devotes 126

violations are of this Court's Standing Order related to the statement of facts. Accordingly, the Defendants respectfully request this Court defer ruling on Plaintiff's Motion for Leave to File *Instanter* Excess Pages and Statement of Fact ("Motion for Leave") to allow time for the Defendants to file a Motion to Strike.

## THIS COURT'S STANDING ORDER

In addition to the Local Rules, this Court's Standing Order reads as follows:

Parties are required to file a **joint statement of undisputed material facts** that the parties agree are not in dispute. The joint statement of undisputed material facts shall be filed separately from the memoranda of law. It shall include citations to admissible evidence supporting each undisputed fact (i.e. the line, paragraph, or page number where the supporting material may be found in the record). The supporting material must be attached to the joint statement. **The parties may not file – and the Court will not consider – separate statements of undisputed facts.** However, the non-moving party may include facts in its response to the motion for summary judgment that it contends are disputed in order to demonstrate that a genuine issue of material fact exists that warrants denying the motion for summary judgment. The non-moving party must include citations to supporting material supporting the dispute and attach the same. The moving party may respond to these facts in its reply.

The Seventh Circuit has held on several occasions that this Court' summary judgment practice does not violate Local Rule 56.1. *See Chi. Studio Rental, Inc. v. Ill. Doc.,* 940 F.3d 971, 982 (7th Cir. 2019); *Sweatt v. Union Pac. R.R. Co.,* 796 F.3d 701, 711-712 (7th Cir. 2015).

## ARGUMENT

As this Court is acutely aware, the road to the submission of the joint statement of facts in this matter was extensive, involving multiple filings and substantial assistance and involvement from the Court. (*See e.g.,* Dkts. 290, 292-1, 299, 302, 305). In fact, this Court brought the Parties in twice, providing its guidance and expectations related to the standing order. On January 25, 2024, the Court admonished Plaintiff's counsel that it had been struck by the nature of counsel's

---

pages (of his 168 response) to oppose the individual defendants 42 pages memorandum in support of summary judgment.

2

objections in other cases because they are not really objections, but rather, argument. *See,* Jan. 25, 2024, Hearing Transcript at 7:5-12, attached as Ex. 1. The Court went on to state that the expectation was that both sides would go into this process in good faith, advising "[y]ou cannot object to something simply because its not in your favor or you don't like it or it's a bad fact." *Id.* at 7:13-17. On February 29, 2024, Plaintiff's counsel was *again* directed by the Court that there should be no argument in the statement of facts, rather, the argument belongs in the brief. *See,* Feb. 29, 2024, Hearing Transcript at 3:14-25, 4:24-5:2, attached as Ex. 2.

After significant devotion of time and effort, the Parties each edited the facts and submitted a Joint Statement of Undisputed Material Facts, which related to the underlying criminal investigation, (Dkt. 313), and the Parties' Joint Statement of Facts, which related to the *Monell* claims. (Dkt. 320). These filings totaled 139 facts (of which 27 facts were submitted by Plaintiff) and 296 facts (of which approximately 115 facts were submitted by Plaintiff) respectively. *Id.*

Despite this lengthy and arduous process, Plaintiff has filed what is titled a Statement of Disputed Facts in Support of His Opposition to Defendants' Motions for Summary Judgment which includes **493 paragraphs.** (Dkt. 340). But that number itself is misleading as there appear to be at least **66 sub-paragraphs.** *Id.* While this Court's Standing Order allows for the non-moving party to include "facts in its response to the motion for summary judgment that it contends are disputed in order to demonstrate that a genuine issue of material fact exists that warrants denying the motion for summary judgment" a cursory review of the PDSOF reveals that the PDSOF is really just a narrative constructed outside the meet-and-confer process for the JSOF that is largely unmoored to the record and designed to create the illusion that material disputes exist that prevent Defendants from prevailing on the arguments raised in their motions.

Given these flagrant violations of this Court's Standing Order and explicit guidance and expectations, the Defendants intend to file a motion to strike at a minimum, the PDSOF. Accordingly, the Defendants respectfully request this Honorable Court defer ruling on Plaintiff's Motion for Leave.

WHEREFORE, Defendants, Darryl Daley, Geri Lynn Yanow, as special representative for William Erickson (deceased), Ernest Halvorsen (deceased), John Healy (deceased), and the City of Chicago, respectfully request this Honorable Court defer ruling on Plaintiff's Motion for Leave to File *Instanter* Excess Pages and Statement of Fact, and for any other relief as this Court deems just and reasonable.

| | |
|---|---|
| DATE: June 14, 2024 | Respectfully Submitted, |
| */s/ Eileen E. Rosen* <br> Special Assistant Corporation Counsel for Defendant City of Chicago | */s/ Josh M. Engquist* <br> Special Assistant Corporation Counsel for Defendant Individual Officers |
| Eileen E. Rosen <br> Austin G. Rahe <br> Catherine M. Barber <br> Theresa B. Carney <br> ROCK FUSCO & CONNELLY, LLC <br> 333 West Wacker Drive, 19th Fl. <br> Chicago, IL 60606 <br> (312) 494-1000 <br> erosen@rfclaw.com | James G. Sotos <br> Josh M. Engquist <br> David A. Brueggen <br> The Sotos Law Firm, P.C. <br> 141 W. Jackson Blvd, Suite 1240A <br> Chicago, IL 60604 <br> (630)735-3300 <br> JEngquist@jsotoslaw.com |
| *One of the Attorneys for the City of Chicago* | *One of the Attorneys for the Individual Defendant Officers.* |