IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 20 cv 4156 |
| | ) | |
| | ) | Judge Sara L. Ellis |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, the ESTATE of | ) | |
| ERNEST HALVERSON, DARRYL DALEY, | ) | |
| WILLIAM ERICKSON, JOHN HEALY, and | ) | |
| the CITY OF CHICAGO | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR
LEAVE TO FILE INSTANTER EXCESS PAGES AND STATEMENT OF FACT**

1. This Court's standing order on summary judgment (which the Seventh Circuit has approved) explicitly states that "the non-moving party may include facts in its response to the motion for summary judgment that it contends are disputed in order to demonstrate that a genuine issue of material fact exists that warrants denying the motion for summary judgment."

2. Plaintiff did just that in a statement of disputed fact, one that points the Court to the material disputed facts on which a jury could find in Plaintiff's favor, along with the exhibits that support them. Dkt. 340.

3. Plaintiff acknowledges that in some cases, an agreed statement of facts is an efficient way to resolve summary judgment. In other kinds of cases, however, not so. This case is an example of the latter.

4. As Plaintiff has previously objected, Defendants' argument relies on a view of the undisputed facts. Dkt. 305 at 1. But Plaintiff's argument opposing summary judgment does not

depend on the agreed facts. Given the nature of the case, Plaintiff's argument relies heavily on non-agreed (disputed) facts.

5. That is a perfectly permissible approach.[1] Indeed, it is entirely compatible with Rule 56. Plaintiff is allowed to—and in many instances must—focus on what is disputed. Under Rule 56, there would be nothing improper or inappropriate about Plaintiff ignoring each and every agreed fact in the case, and instead defeating summary entirely based on facts that the Defendants sharply dispute.

6. This case illustrates this well. Much energy has been spent getting to an agreement, for example, that a certain police report says "X." Plaintiff's objections that this is not a useful exercise have been overruled. It is now undisputed that this police report says "X." But that fact is irrelevant. What really matters at summary judgment are the (disputed) facts that the witnesses listed in the police report have said that "X" never occurred. Or the many other (disputed) circumstances, statements, and testimony that contradict "X." Because the jury might choose to believe the witnesses and myriad other evidence over the police report, Defendants cannot be entitled to summary judgment. Thus, Plaintiff's motion for leave must be granted in order to allow Plaintiff to present those facts.

7. To the extent Defendants object to the length of Plaintiff's brief or the number of facts, Plaintiff requires this much space to respond to the arguments Defendants have made. This

---

[1] Indeed, the Seventh Circuit has approved this Court's case management procedure regarding summary judgment, but the Seventh Circuit's approval has been premised on the understanding that a non-moving party can do precisely what Plaintiff has done here: "This [Court's case management procedure] is concerned solely with a statement of *undisputed material facts* to which *both parties agree*. Nothing in this CMP prohibits one party from responding to *another* party's version of the *disputed* facts. And nothing in this CMP prohibits a party from submitting additional facts, as the need may arise." *Sweatt v. Union Pac. R. Co.*, 796 F.3d 701, 711 (7th Cir. 2015) (emphases in original); see also *Chicago Studio Rental, Inc. v. Illinois Dep't of Com.*, 940 F.3d 971, 982 (7th Cir. 2019) ("The nonmoving party may include disputed facts in its response brief, and the moving party may respond to these disputed facts in its reply brief.").

is particularly so when Defendants make a number of perfunctory arguments that require pages of response. As one example, Defendants argued in a single paragraph that Plaintiff has no *Brady* claim about a suppressed exculpatory lineup report because he was aware of the information in the report. Dkt. 323 at 31. This argument was so perfunctory as to be waived. But given this is a potentially dispositive issue, Plaintiff could not take the risk of simply arguing waiver, and needed to provide a fulsome explanation about why the argument is wrong as both a factual and legal matter. This response was necessary, and took several pages. Dkt. 341 at 79-84. Instances like this pervade the briefing, warranting Plaintiff's page count.

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion for leave to excess pages and statement of fact instanter.

RESPECTFULLY SUBMITTED,

**DEMETRIUS JOHNSON**

By: /s/ Steve Art
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alyssa Martinez
Meg Gould
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com