IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 20 cv 4156 |
| | ) |
| v. | ) Judge Sara L. Ellis |
| | ) |
| REYNALDO GUEVARA, the ESTATE of | ) Magistrate Judge Heather K. McShain |
| ERNEST HALVERSON, DARRYL DALEY, | ) |
| WILLIAM ERICKSON, JOHN HEALY, and | ) |
| the CITY OF CHICAGO | ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSED MOTION TO EXTEND REMAINING SUMMARY JUDGMENT, *DAUBERT* AND MOTION TO STRIKE BRIEFING SCHEDULES**

Defendants, Reynaldo Guevara, Darryl Daley, Geri Lynn Yanow, as special representative for William Erickson (deceased), Ernest Halvorsen (deceased), John Healy (deceased), and the City of Chicago, by their undersigned counsel, respectfully move for an order extending the remaining summary judgment, *Daubert* and motion to strike briefing schedules, and state in support:

1. On April 12, 2024, Defendants Halvorsen, Daley, Erickson and Healy moved for summary judgment on all of Plaintiff's claims. (Dkt. 311.) Similarly, Defendant City moved for summary judgment on Plaintiff's *Monell* claim (Dkt. 317), and filed two *Daubert* motions. (Dkt. 326, 327.) Defendant Guevara also moved for partial summary judgment. (Dkt. 309.)

2. All Defendants except Guevara sought leave to file their respective memoranda in support of summary judgment in excess of fifteen pages (15) pages, (Dkt. 312, 318), which the Court granted. (Dkt. 322.)

3.     In accordance with this Court's summary judgment procedures, the Parties submitted Joint Statements of Undisputed Material Facts, one which relates to the underlying investigation (Dkt. 313), and the other which relates to Plaintiff's *Monell* claim. (Dkt. 320.) The Joint Statement of Undisputed Facts related to the underlying investigation totaled 139 paragraphs (Dkt. 313), and the Joint Statement of Undisputed Facts related to Plaintiff's *Monell* claim totaled 296 paragraphs. (Dkt. 320.)

4.     On May 8, 2024, Plaintiff filed an unopposed motion for extension of time requesting a four-week extension to June 10, 2024 to file his responsive briefs to Defendants' motions for summary judgment and *Daubert* motions, (Dkt. 331), which the Court subsequently granted. (Dkt. 333.) The Court revised the summary judgment and *Daubert* briefing schedule as follows: Plaintiff's responses are due by 6/10/2024 and Defendants' replies are due by 7/19/2024. (Dkt. 333.)

5.     Thereafter, on June 11, 2024, Plaintiff filed a single, consolidated response in opposition to Defendants' motions for summary judgment totaling 168 pages, and a Statement of Additional Disputed Facts which includes 475 paragraphs and 66 sub-paragraphs, amounting to 541 paragraphs in total. (Dkt. 340.) Approximately 283 of the paragraphs are directed towards the Individual Defendant Officers; the remaining 258 paragraphs (inclusive of sub-paragraphs) are directed towards the City. (Dkt. 340.)

6.     In support of his memorandum in opposition to Defendants' motions for summary judgment, Plaintiff filed 294 exhibits totaling approximately 20,208 pages. (Dkt. 339, 339-1—339-20.)

7.     Plaintiff's responses to Defendant City's *Daubert* motions are 40 pages for the Tiderington response (Dkt. 338) and 46 pages for the Steblay response. (Dkt. 336)

8. On June 11, 2024, Plaintiff filed a motion for leave to file *instanter* excess pages and statement of fact, specifically requesting leave to file his 168-page consolidated response to Defendants' motions for summary judgment and oversized *Daubert* responses. (Dkt. 342.)

9. Defendants filed a response in opposition to Plaintiff's motion and informed the Court that Defendants intended to file a motion to strike Plaintiff's Statement of Disputed Facts. (Dkt. 345.)

10. On June 17, 2024, over Defendants' objection (Dkt. 345), the Court granted Plaintiff's motion for leave to file *instanter*, however, in doing so, the Court stated: "The Court notes that it has discussed the summary judgment briefing process with the parties ad nauseum. The entire point of the Court's process is to avoid motions to strike or inefficient use of the Court's and parties' time. While Plaintiff is free, and in fact encouraged, to bring disputed facts to the Court's attention that warrant a denial of summary judgment, the Court finds it hard to believe that it must sift through almost 500 statements of fact in order to do so. Nevertheless, the Court will rule on what the parties present and also impose any warranted sanctions for failing to follow the Court's clear directives." (Dkt. 347.) The Court sets the following briefing schedule on Defendants' motion to strike: Defendants' motion to strike is due by July 19, 2024; Plaintiff's response is due by August 2, 2024; and Defendants' reply is due by August 9, 2024. (Dkt. 347.)

11. While Defendants are mindful of the Court's ruling granting Plaintiff's motion, and have worked as expeditiously as possible on preparing responsive pleadings, in order to complete well-crafted, researched and supported pleadings in response to Plaintiff's 168-page consolidated response (Dkt. 341) and 541 paragraphs of disputed facts (Dkt. 340), and provide a targeted reply that will assist this Court in deciding the critical issues, Defendants need additional time and respectfully request until August 9, 2024 to file their response pleadings.

12. Plaintiff dedicates approximately 126 pages of his 168-page consolidated response towards the Individual Officer Defendants (Dkt. 341) with the remainder directed in response to the City's arguments. *See generally*, *id*. Plaintiff's 126-page response is **three times longer** than the Individual Officer Defendants' 42-page memorandum in support of summary judgment. (Dkt. 323.)

13. In addition, while simultaneously preparing a reply to Plaintiff's 168-page consolidated response brief, Defendants will also have to review all 559 paragraphs of Plaintiff's additional statement of disputed facts and cull through the 294 exhibits Plaintiff cites to for evidentiary support— a task that is tremendously labor intensive, challenging, and tedious.

14. Moreover, the City must file a reply in support of its two *Daubert* motions and build in time for the City's internal client review and approval, in addition to defense counsels' other professional obligations. Defense counsel are actively involved in continued summary judgment briefing in *Rios v. Guevara, et. al.*, No. 22-CV-03973 and *Maysonet v. Guevara*, *et al.*, No. 18-CV-2342.

15. On July 15, 2024, Defense counsel reached out to Plaintiff's counsel via email regarding the substance of this Motion who opposes this motion.

**WHEREFORE,** Defendants respectfully request an extension of time to file their replies and motion to strike, up to and including August 9, 2024.

Dated: July 15, 2024

/s/ *Josh M. Engquist*
Josh M. Engquist, Atty. No. 6242849
Special Assistant Corporation Counsel
*One of the Attorneys for Defendants Daley, Halvorsen, Erickson, and Healy*

James G. Sotos
Josh M. Engquist
David A. Brueggen
Elizabeth R. Fleming
Daniel J. McGinnis
Special Assistant Corporation Counsel
The Sotos Law Firm, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
(630) 735-3300
jengquist@jsotoslaw.com

/s/ *Theresa B. Carney*
Theresa B. Carney, Atty No. 6308586
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Jessica L. Zehner
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
tcarney@rfclaw.com

Respectfully Submitted,

/s/ *Timothy P. Scahill*
Timothy P. Scahill, Atty. No. 6287296
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Guevara*

Steven Blair Borkan
Timothy P Scahill
Whitney Hutchinson
Emily E. Schnidt
Christine E. Murray
Amanda Guetler
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
tscahill@borkanscahill.com

**CERTIFICATE OF SERVICE**

I, Josh M. Engquist, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on **Monday, July 15, 2024,** I electronically filed the foregoing **Defendants' Opposed Motion to Extend Remaining Summary Judgment,** ***Daubert*, and Motion to Strike Briefing Schedules** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

*Attorneys for Plaintiff:*

Jon Loevy
Anand Swaminathan
Joshua Tepfer
Rachel Brady
Steven Art
Sean Starr
Alyssa Martinez
Margaret Gould
Ruth Brown
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312-243-5900
jon@loevy.com
anand@loevy.com
josh@loevy.com
brady@loevy.com
steve@loevy.com
sean@loevy.com
alyssa@loevy.com
gould@loevy.com
ruth@loevy.com

*Attorneys for City of Chicago:*

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Lauren Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
312-494-1000
erosen@rfclaw.com

arahe@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
lferrise@rfclaw.com

*Attorneys for Defendant Guevara:*

Steven Blair Borkan
Timothy P Scahill
Whitney Hutchinson
Emily E. Schnidt
Christine E. Murray
Amanda Guetler
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
whutchinson@borkanscahill.com
eschnidt@borkanscahill.com
cmurray@borkanscahill.com
aguertler@borkanscahill.com
kgonzalez@borkanscahill.com

/s/ Josh M. Engquist
Josh M. Engquist