# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DEMETRIUS JOHNSON,                      )
                                        )
        Plaintiff,                      )
                                        )        Case No. 19 CV 06508
v.                                      )
                                        )        Judge Sara L. Ellis
REYNALDO GUEVARA, JOANNE                )
HALVORSEN as PERSONAL                   )        Magistrate Judge Heather K. McShain
REPRESENTATIVE to the ESTATE of         )
ERNEST HALVORSEN, DARRYL DALEY,         )
WILLIAM ERICKSON, JOHN HEALY, and       )
the CITY OF CHICAGO,                    )
                                        )
        Defendants.                     )

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S STATEMENT OF DISPUTED
FACTS IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS'
<u>MOTIONS FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

THIS COURT'S STANDING ORDER ......................................................................... 2

LOCAL RULE 56.1 ......................................................................................................... 3

ARGUMENT .................................................................................................................... 4

    A.   PLAINTIFF'S PSODF VIOLATES THE LOCAL RULES ......................................... 4

    B.   PLAINTIFF BLATANTLY DISREGARDED THIS COURT'S RULINGS AND DIRECTION ON SUMMARY JUDGMENT SUBMISSIONS ........................................... 10

    C.   PLAINTIFF'S FAILURE TO ABIDE BY THIS COURT'S ORDERS IN SUBMITTING THE PSODF IS PART OF A PATTERN OF SIMILAR TACTICS DESIGNED TO UNDERMINE THE SUMMARY JUDGMENT PROCESS ................... 18

CONCLUSION ................................................................................................................ 21

## CASES

*Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809 (7th Cir. 2004)..................................... 4

*Baldwin Graphic Systems, Inc. v. Siebart, Inc.*, 03 C 7713, 2005 WL 1300763 (N.D. Ill. 2005).. 8

*Bryant v. Bd. Of Educ., Dist. 228*, 347 F. App'x 250 (7th Cir. 2009) ............................................ 9

*Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572 (7th Cir. 2019) ...................................................... 16

*Butler v. Indianapolis Metro. Police Dep't*, 2009 WL 2092416 (S.D. Ind. July 13, 2009) ......... 15

*Butler v. Sears Roebuck & Co.*, 06 C 7023, 2010 WL 2697601 (N.D. Ill. 2010) ......................... 8

*Buttron v. Sheehan*, No. 00 C 4451, 2003 WL 21801222 (N.D. Ill. Aug. 4, 2003................... 3, 16

*Chi. Studio Rental, Inc. v. Ill. Doc.*, 940 F.3d 971 (7th Cir. 2019) ................................................ 3

*Chicago Studio Rental, Inc. v. Ill. Dpt. Of Com.*, 940 F.3d 971 (7th Cir. 2019) ........................... 9

*Ezell v. City of Chicago*, No. 18 C 1049, 2024 WL 278829 (N.D. Ill. Jan. 24, 2024) ................ 19

*Graham v. Vill. of Niles*, No. 02 C 4405, 2003 WL 2295159 (N.D. Ill. Dec. 16, 2003) ............. 21

*Greer v. Bd. of Ed.*, 267 F.3d 723 (7th Cir. 2001) ......................................................................... 3

*Gunville v. Walker*, 583 F.3d 979 (7th Cir. 2009) ........................................................................ 14

*Harris v. United States* , No. 13-cv-8584, 2017 WL 770969 (N.D. Ill. Feb. 28, 2017) ............... 20

*Hill v. City of Chi.*, No. 06 C 6772, 2011 WL 3876915 (N.D. Ill. Sept. 1, 2011) ....................... 15

*Jaimes v. Cook County*, No. 17 C 8291, 2021 WL 1738507 (N.D. Ill. May 3, 2021)................. 20

*Johnson v. Obaisi*, No. 22-1620, 2023 WL 5950125 (7th Cir. Sept. 13, 2023) ............................ 8

*Miller v. Mascillino*, No. 15-cv-11746, 2023 WL 6276526 (N.D. Ill. Sep. 26, 2023) .................. 9

*Murray v. Avon Products, Inc.*, No. 03 C 7594, 2004 WL 2921867 (N.D. Ill. Dec. 16, 2004)...... 3

*Outlaw v. Newkirk*, 259 F.3d 833 (7th Cir. 2001)........................................................................... 8

*Outley v. City of Chicago*, 354 F. Supp. 3d 847 (N.D. Ill. 2019) ................................................ 19

*Palmer v. City of Chicago,* 562 F. Supp. 1067 (N.D. Ill. 1983) ..................................................... 9

*Palmer v. City of Decatur,* No. 17-CV-3268, 2021 WL 7543705 (C.D. Ill. May 12, 2021)........ 18

*Podlasek v. State's Attorney of Cook County*, 2022 WL 17718412 (N.D. Ill., Dec. 14, 2022)...... 9

*Pursley v. City of Rockford*, 2024 WL 1050242 (N.D. Ill. Mar. 11, 2024) .............................. 1, 20

*Stevo v. Frasor*, 662 F.3d 880 (7th Cir. 2011)............................................................................... 4

*Sweatt v. Union Pac. R.R. Co.*, 796 F.3d 701 (7th Cir. 2015) ....................................................... 3

*Taylor v. City of Chicago,* 2012 WL 669063 (N.D. Ill. Feb. 29, 2012)......................................... 9

*Tel-Lock, Inc. v. Thomson Consumer Elecs.*, 2005 WL 741390 (N.D. Ill. Mar. 30, 2005)........... 7

*Uncommon, LLC v. Spigen, Inc.,* 305 F. Supp. 3d 825 (N.D. Ill. 2018)........................................ 7

*United States v. Jackson*, 540 F.3d 578 (7th Cir. 2008) .............................................................. 14

*United States v. Sinclair*, 74 F.3d 753 (7th Cir. 1996)................................................................. 16

*Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994) ............................................. 4

*Winskunas v. Birnbaum,* 23 F.3d 1264 (7th Cir.1994)) ....................................................... 16

## RULES

Fed. R. Evid. 1006 ........................................................................................................... 9

Fed. R. Evid. 804(b)(1)(B) ............................................................................................. 15

Fed. R. Evid. 807(a) ....................................................................................................... 16

L.R. 56.1(d) ..................................................................................................................... 3

L.R. 56.1(d)(1) ................................................................................................................ 8

L.R. 56.1(d)(4) ................................................................................................................ 7

Defendants Reynaldo Guevara, Darryl Daley, Geri Lynn Yanow, as special representative for William Erickson (deceased), Ernest Halvorsen (deceased), and John Healy (deceased), and the City of Chicago (the "City") (collectively, "Defendants"), by and through their undersigned counsel, move this Honorable Court to strike Plaintiff's Statement of Disputed Facts in Support of His Opposition to Defendants' Motions for Summary Judgment (Dkt. 340), and in support thereof, state as follows:

## INTRODUCTION

On April 15, 2024, Defendants filed their respective Motions for Summary Judgment and Joint Statements of Fact. (Dkts. 309, 311, 313, 317, 320). On May 15, 2024, the Court granted Plaintiff's unopposed motion to extend his time to respond to summary judgment from May 13 to June 10, 2024. (Dkt. 333). On June 11, 2024, Plaintiff filed his Consolidated Response in Opposition to Defendants' Summary Judgment Motions ("Plaintiff's Response") (Dkt. 341) and his Statement of Disputed Facts in Support of His Opposition to Defendants' Motions for Summary Judgment ("PSODF") (Dkt. 340). The PSODF is a direct violation of the Local Rules for the Northern District of Illinois[1] and most egregiously this Court's Standing Order related to the statement of facts. This case is not unique in the approach taken by Plaintiff's counsel here. *See Pursley v. City of Rockford*, No. 3:18-cv-50040, 2024 WL 1050242 (N.D. Ill. Mar. 11, 2024) ("As a final note, in the future, counsel shouldn't expect the Court to spend significant amounts of time addressing summary judgment motions that fail to comply with Local Rule 56.1. Rather, in

---

[1] Plaintiff's brief exceeds the 15-page limit set forth in Local Rule 7.1 by 154 pages (Dkt. 341) and Plaintiff's statement of additional facts exceeds the 40 numbered paragraphs limit set forth in Local Rule 56.1(d)(5) by 453 numbered paragraphs (Dkt. 340) and both were filed on the docket without *prior approval* of the court. This Court subsequently allowed the filings. (Dkt. 347).

the future, the Court will simply strike all the statements and corresponding briefs and require that they be resubmitted in compliance with the rule. Please do better.").

Plaintiff's submissions put the burden upon the Courts and opposing counsel to sift through untold heaps of impropriety all in service of efforts to manufacture illusions of disputes of fact to avoid summary judgment.

Here, Plaintiff's Response and the PSODF egregiously disregards this Court's Standing Order and the Local Rules. For instance, Plaintiff filed what is titled a "Statement of *Disputed* Facts in Support of His Opposition to Defendants' Motions for Summary Judgment" (emphasis added), which, admittedly, is permitted by this Court's Standing Order and the Local Rules; however, Plaintiff impermissibly includes over 59 paragraphs in the PSODF that restate near-verbatim, as well as 29 paragraphs that are a partial duplication, the same facts that Plaintiff agrees are *undisputed* in the Joint Statement of Undisputed Material Facts ("JSOF") relating to the underlying criminal investigation, (Dkt. 313), and the Parties' Joint Statement of Facts ("PJSOF"), relating to the *Monell* claims. (Dkt. 320).

For the reasons set forth herein, Defendants respectfully request that this Court strike the PSODF in its entirety and arguments in Plaintiff's Response that solely rely on the PSODF.

## THIS COURT'S STANDING ORDER

This Court's Standing Order reads as follows:

Parties are required to file a **joint statement of undisputed material facts** that the parties agree are not in dispute. The joint statement of undisputed material facts shall be filed separately from the memoranda of law. It shall include citations to admissible evidence supporting each undisputed fact (i.e. the line, paragraph, or page number where the supporting material may be found in the record). The supporting material must be attached to the joint statement. **The parties may not file – and the Court will not consider – separate statements of undisputed facts.** However, the non-moving party may include facts in its response to the motion for summary judgment that it contends are disputed **in order to demonstrate that a genuine issue of material fact exists** that warrants denying

the motion for summary judgment. The non-moving party must include citations to supporting material supporting the dispute and attach the same. The moving party may respond to these facts in its reply.

(Emphasis in original). This Court's Standing Order further provides that **"[t]he Local Rules and the Court's procedures are not mere technicalities. Failure to abide by any of them, especially in the joint statement requirement will result in the Court striking briefs, disregarding statements of fact, deeming statements of fact admitted, denying summary judgment, and/or imposing sanctions."** (Emphasis in original). *See also Buttron v. Sheehan*, No. 00 C 4451, 2003 WL 21801222 (N.D. Ill. Aug. 4, 2003). The Seventh Circuit held on several occasions that this Court's summary judgment practice does not violate Local Rule 56.1. *See Chi. Studio Rental, Inc. v. Ill. Doc.*, 940 F.3d 971, 982 (7th Cir. 2019); *Sweatt v. Union Pac. R.R. Co.*, 796 F.3d 701, 711-12 (7th Cir. 2015). Furthermore, the Seventh Circuit and courts in this district have repeatedly warned plaintiffs who craft their summary judgment submissions as a "veritable catapult to hurl a jumbled mass of information at the [court and the defense] in the hope of avoiding summary judgment." *Greer v. Bd. of Ed.*, 267 F.3d 723, 727 (7th Cir. 2001); *Murray v. Avon Products, Inc.*, No. 03 C 7594, 2004 WL 2921867, at *6 (N.D. Ill. Dec. 16, 2004).

## LOCAL RULE 56.1

Local Rule 56.1(b)(3) provides that "if the opposing party wishes to assert facts not set forth in the [joint statement of facts]," Plaintiff may serve and file "a statement of additional material facts that complies with L.R. 56.1(d) and that attaches any cited evidentiary material not attached to the [joint statement of facts]." Local Rule 56.1(d) provides, in full, that:

(1) Form. Each . . . L.R. 56.1(b)(3) statement of additional facts must consist of concise numbered paragraphs.

(2) Citations. Each asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that

supports it. The court may disregard any asserted fact that is not supported with such a citation.

(3) All evidentiary material identified in . . . L.R. 56.1(b)(3) citations must be included as numbered exhibits with the statements of fact.

(4) . . . L.R. 56.1(b)(3) statements of additional facts should not contain legal argument.

(5) . . . An opposing party's L.R. 56.1(b)(3) statement of additional facts must not exceed 40 numbered paragraphs. A party must seek the court's permission before exceeding these limits.

Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, the Seventh Circuit has "repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011). *See also Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). The consequences for failing to comply to the Local Rules are discussed thoroughly in *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994). In *Waldridge*, the Seventh Circuit affirmed judgment for the defendants where the plaintiff "did not comply with the explicit requirements" of local rules when responding to summary judgment. 24 F.3d at 920. The Court of Appeals explained that local rules are "reasonably designed to streamline the resolution of summary judgment motions," which is why it has "repeatedly upheld the strict enforcement of these rules." *Id.* at 922. Here, Plaintiff violated L.R. 56.1(d)(1) by not submitting concise numbered paragraphs, L.R. 56.1(d)(2) by not citing specific evidentiary material, L.R. 56.1(d)(4) by including legal argument, and L.R. 56.1(d)(5) by exceeding the 40-numbered paragraphs limit by nearly 13 times. Accordingly, the PSODF must be struck.

## ARGUMENT

### A. PLAINTIFF'S PSODF VIOLATES THE LOCAL RULES.

As this Court is acutely aware, the road to the submission of the joint statement of facts in this matter was extensive, involving multiple filings and substantial assistance and involvement from the Court. (*See, e.g.*, Dkts. 290, 292-1, 299, 302, 305). This Court brought the Parties in twice, providing its guidance and expectations related to the standing order. On January 25, 2024, the Court admonished Plaintiff's counsel that it had been struck by the nature of counsel's objections in other cases because they are not really objections, but rather, argument. (*See* Jan. 25, 2024, Hearing Transcript at 7:5-12, attached as Ex. 1). The Court went on to state that the expectation was that both sides would go into this process in good faith, advising "[y]ou cannot object to something simply because it's not in your favor or you don't like it or it's a bad fact." (*Id.* at 7:13-17). On February 29, 2024, Plaintiff's counsel was again directed by the Court that there should be no argument in the statement of facts, rather, the argument belongs in the brief. (*See* Feb. 29, 2024, Hearing Transcript at 3:14-25, 4:24-5:2, attached as Ex. 2).

After significant devotion of time and effort, the Parties each edited the facts and submitted a JSOF, which related to the underlying criminal investigation, (Dkt. 313), and the PJSOF, which related to the *Monell* claims. (Dkt. 320). The JSOF totaled 139 facts (of which 27 facts were submitted by Plaintiff and an additional 10 were substantially added to by Plaintiff) and the PJSOF totaled 296 facts (of which approximately 115 facts were submitted by Plaintiff). (*Id.*).

Despite the lengthy and arduous joint statement of fact process, Plaintiff filed a **493 numbered paragraphs PSODF**. (Dkt. 340). That number itself does not accurately set forth the number of statements because there are at least an additional **66 lettered sub-paragraphs**. (*Id.*). While this Court's Standing Order allows for the non-moving party to include "facts in its response to the motion for summary judgment that it contends are disputed in order to demonstrate that a genuine issue of material fact exists that warrants denying the motion for summary judgment" a

5

cursory review of the PSODF reveals that is not what Plaintiff did. Instead, his PSODF is an argumentative narrative constructed outside the meet-and-confer process for joint statements of fact that is largely unmoored to the record and designed to create the illusion that material disputes exist that prevent Defendants from prevailing on the arguments raised in their motions.

In this case, Plaintiff sought leave to file a 493-paragraph statement of additional facts beyond the 40 numbered paragraphs permitted by L.R. 56.1(d)(5), only to then blow past that request by 66 sub-paragraphs without seeking leave of Court to do so. Standing alone, such aggressive a rules violation would warrant striking. But this is far from a lone infraction, as detailed next.

Local Rule 56.1(b)(3) provides that Plaintiff may file "a statement of additional ***material*** facts" "***not*** set forth in the [joint statement of facts]" (emphasis added). Here, Plaintiff's counsel ignores this rule by regurgitating facts in the PSODF that are already included in the JSOF and PJSOF.

Furthermore, the Rules only allow additional "*material*" facts, a critical distinction, as a party's introduction of disputed facts does not defeat summary judgment unless they are, of course, material. In other words, by unilaterally proposing a host of purported "disputed" facts—and not simply "material" facts that may well be undisputed—Plaintiff's counsel tried to usurp the Court's adjudicatory role by ramrodding manufactured *disputes* of facts past the summary judgment gate.

Here, Plaintiff repeats facts from the JSOF and PJSOF—which were agreed as undisputed—in his PSODF—which he now apparently claims are disputed. It simply cannot stand that the *exact same* facts are either characterized as disputed or undisputed depending on whether it serves Plaintiff because such a superposition is not a reality outside of Schrodinger's box. To quote John Adam, "facts are stubborn things; and whatever may be our wishes, our inclinations,

or the dictates of our passions, they cannot alter the state of facts and evidence." Moreover, instead of a "concise" statement of additional facts, Plaintiff's counsel advances argument and inference in place of facts that often do not provide any material bearing on summary judgment or, worse, are not supported by the record citations, in violation of Local Rule 56.1(b)(3) and (d).

A summary of the PSODF's violations and the objections and arguments to why the Court should strike the statements is as follows:

1. Contradicts already admitted facts. Plaintiff impermissibly disputes facts that he has already agreed are undisputed. (Dkt. 340, PSODF, at ¶¶ 323, 324, 326, 411).

2. Duplicative. Plaintiff impermissibly repeats facts in the PSODF that are already included in the JSOF. (Dkt. 340, PSODF, at ¶¶ 7, 8, 10, 11, 14, 15, 19, 24, 25, 27, 29, 33, 34, 36, 38-46, 49, 51, 53-55, 57, 58, 60, 66-68, 70, 79, 90, 92, 94, 96, 105, 111, 118, 119, 122, 125-27, 136-38, 140, 149, 151, 153, 186, 208, 217, 220, 224-27, 232-35, 237-43, 245-49, 253, 254, 264, 265-67, 269, 276, 277, 281, 301, 302, 320, 323-324, 326-327, 357-358, 368, 400, 405-407, 417-418, 421, 435, 447).

3. Improperly contains legal arguments or is argumentative. *See Uncommon, LLC v. Spigen, Inc.,* 305 F. Supp. 3d 825, 838 (N.D. Ill. 2018) (statements of fact should not contain legal argument), *aff'd,* 926 F.3d 409 (7th Cir. 2019) (responses to the opposing party's statement of facts are not the place for "purely argumentative details"); L.R. 56.1(d)(4). (Dkt. 340, PSODF, at Section headings and ¶¶ 65, 109, 124, 136, 143, 146-48, 152, 157-61, 163, 164, 166, 167, 170, 174-76, 182, 184, 185, 188, 190, 192-96, 198-200, 207, 209, 214, 231, 242, 247, 248, 250, 254, 255, 263-65, 269, 271, 273, 275, 277, 278, 280-83, 301-05, 308, 310-13, 325-26, 329, 331-32, 335-36, 338-47, 349, 351-56, 362-66, 368, 370-71, 375-83, 385-94, 397-99, 402, 407-11, 415-16, 419-20, 423-25, 427-29, 431-33, 435-36, 438-40, 442-43, 446-47, 449, 452-56, 459-68, 471-72, 476-79, 481-82, 485-93).

4. Improperly states a legal conclusion. *See Tel-Lock, Inc. v. Thomson Consumer Elecs.,* No. 03 C 320, 2005 WL 741390, at *2 (N.D. Ill. Mar. 30, 2005) (striking portions of party's 56.1 that contained legal conclusions); *see also Uncommon,* 305 F. Supp. 3d at 838, *aff'd,* 926 F.3d 409 (responses to the opposing party's statement of facts are not the place for "legal conclusions"). (Dkt. 340, PSODF, at Section headings and ¶¶ 301-05, 308, 310-13, 332, 335-56, 359, 362-63, 366, 368, 370-71, 376-94, 397-99, 402, 449, 457-63, 471-72, 477, 488).

5. Does not assert "material" facts that warrant denial of Defendants' motions for summary judgment. L.R. 56.1(d)(1); *see Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th

Cir. 2001); s*ee also Malec*, 191 F.R.D. at 583 (material fact is fact that is "pertinent to the outcome of the issues identified in the summary judgment motion"). (Dkt. 340, PSODF, at ¶¶ 1, 3, 4, 5, 12, 13, 17, 144, 145, 156, 165, 205, 212, 213, 262, 302-06, 308-29, 332-36, 338-39, 341, 343-44, 346-48, 350-55, 362, 368, 372, 375, 378-79, 383-90, 392, 395-98, 402-25, 427-47, 449-56, 457-85, 488, 490-93).

6. Not supported by the record or admissible evidence. *See Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000); L.R. 56.1(d)(2). (Dkt. 340, PSODF, at ¶¶ 2, 6, 37, 53, 84-86, 99, 108, 114, 118, 138, 149-51, 189, 190, 206, 208, 215, 224, 258, 259, 264, 269, 270, 272, 275, 276, 279, 282, 283, 301-05, 308-13, 315, 318-20, 323, 327-29, 331-50, 352, 354-72, 376-99, 402-05, 408-09, 411-12, 414-15, 417-25, 427-47, 449-55, 457-63, 465-66, 468-72, 475-77, 480, 485, 488-93).

7. Improperly contains multiple allegations. *See Malec*, 191 F.R.D. at 583 ("[T]he numbered paragraphs should be short; they should contain only one or two individual allegations, thereby allowing easy response"); L.R. 56.1(d)(1). (Dkt. 340, PSODF, at ¶¶ 9, 156, 159, 232, 301-03, 305, 308, 310, 349, 351-53, 375, 394, 397-99, 415, 423-25, 427-29, 432-33, 446, 453, 467, 471, 476, 485-87, 489-93).

8. Improperly fails to cite any "specific evidentiary material." *See Malec*, 191 F.R.D. at 583 ("The court may disregard any asserted fact that is not supported with a citation"); L.R. 56.1(d)(2). (Dkt. 340, PSODF, at ¶¶ 138, 157, 190, 198, 200, 206, 208, 209, 211, 212, 214, 263-265, 269, 271, 276, 347, 349).

9. Relies on materials that are not part of the record in this case because it is not bates stamped with any of the bates stamp designations connected to this case. *See Johnson v. Obaisi*, No. 22-1620, 2023 WL 5950125, at *2 (7th Cir. Sept. 13, 2023) (Rule 56(c)(3) assigns the parties the duty to "cit[e] to particular parts of materials *in the record*" when asserting that genuine factual disputes foreclose summary judgment) (emphasis added). (Dkt. 340, PSODF, at ¶¶ 305, 451, 453, 487, 492).

10. Improperly relies on experts' reports (and their testimony) who were not disclosed in violation of Fed. R. Civ. P. 26(a)(2)(D). (Dkt. 340, PSODF, at ¶¶ 301, 305, 345-50, 353, 370-71, 385, 446-47).

11. Improperly relies on experts' rebuttal opinions. *See Butler v. Sears Roebuck & Co*., 06 C 7023, 2010 WL 2697601 at *1 (N.D. Ill. 2010) ("A rebuttal report should be limited to 'contradict[ing] or rebut[ting] evidence on the same subject matter identified by another party'" it cannot be used to advance new arguments or new evidence to support plaintiff's expert's initial opinions) (quoting Rule 26(a)(2)(C)); *see also Baldwin Graphic Systems, Inc. v. Siebart, Inc*., 03 C 7713, 2005 WL 1300763 at *2 (N.D. Ill. 2005) ("The rebuttal report is no place for presenting new arguments"). (Dkt. 340, PSODF, at ¶¶ 402, 417, 422-24, 427-29, 439, 443-45).

12. Improperly relies on the courts' opinions in *Palmer v. City of Chicago,* 562 F. Supp. 1067 (N.D. Ill. 1983) and *Jones v. City of Chicago,* 856 F.2d 985 (7th Cir. 1988) to establish "facts" recited in court opinions. *See Taylor v. City of Chicago,* No. 09 C 5092, 2012 WL 669063 (N.D. Ill. Feb. 29, 2012) (A Judge's finding does not qualify as a hearsay exception under Rule 803(8) or Rule 803(22)). (Dkt. 340, PSODF, at ¶¶ 302, 304-05, 312, 318-19, 323, 337, 339).

13. Improperly relies on "summaries" prepared by an unidentified source, thereby requiring the City, and this Court, to sort through hundreds of thousands of pages of documents to understand the nature and basis of each purported fact. *See* Fed. R. Evid. 1006; L.R. 56.1(d)(2) ("Each asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it"). Further, Plaintiff provides no foundation for the "summaries," and they are inadmissible hearsay. (Dkt. 340, PSODF, at ¶¶ 347, 349).

The Court should strike the entire PSODF, and strike Plaintiff's arguments in his Response that only find support from the PSODF, as they cannot create a genuine dispute of fact for trial. *Miller v. Mascillino*, No. 15-cv-11746, 2023 WL 6276526, at *4 (N.D. Ill. Sep. 26, 2023); *see also Bryant v. Bd. Of Educ., Dist. 228*, 347 F. App'x 250, 253 (7th Cir. 2009) ("The district court was entitled to disregard those assertions in [the] proposed statement of facts that violated Local Rule 56.1 by not being properly supported"). When a non-moving party submits purported "disputed facts" in its response to summary judgment that are not actually disputed, not supported by the record, directly contradict facts in the parties' JSOF or are nothing more than argument or re-casted facts from the JSOF phrased to suggest inferences not supported by the record, as is the case here, they should be stricken. *See Chicago Studio Rental, Inc. v. Ill. Dpt. Of Com.*, 940 F.3d 971, 980-81 (7th Cir. 2019) (affirming this Court's striking of non-moving party's additional facts for noncompliance where the additional facts were undisputed and could have been included in the parties' joint statement of undisputed facts); *Podlasek v. State's Attorney of Cook County*, No. 20 cv 23572022, 2022 WL 17718412 at *1 (N.D. Ill., Dec. 14, 2022) ("additional facts must be genuinely disputed; the non-moving party may not use the response as an opportunity to sidestep

the joint process"). Per the objections listed above, the Court should strike the PSODF in its entirety.

**B.      PLAINTIFF BLATANTLY DISREGARDED THIS COURT'S RULINGS AND DIRECTION ON SUMMARY JUDGMENT SUBMISSIONS.**

Plaintiff's counsel disregarded this Court's specific instructions as to summary judgment. Twice now, the Court has explained its summary judgment process, making it unequivocally clear that there should be no argument in the statement of facts—rather, argument belongs in the brief. (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 3:14-25, 4:24-5:2) (stating "[w]hat I don't want to see is argument in the statement of facts" and "[a]nd that's where the argument belongs, in the brief, not in the statement of facts"). Despite the Court's clear admonitions, as outlined above, a substantial number of the paragraphs in the PSODF contain improper argument. For example Plaintiff's facts include: "However, these photo array and lineup identifications were fabricated" (Dkt. 340, PSODF, at ¶ 200); "The Defendant Officers fabricated false evidence and hid evidence from prosecutors" (*Id*. at ¶ 214); and Section Headings like "IX. Defendants Fabricate Identifications from Ricardo Burgos, Elba Burgos, and Rosa Burgos." (*Id*., p. 19.) Additionally, Plaintiff argues under the cover of fact that "CPD was fully aware of its evidence suppression problem[]" (*Id.* at 389); and Section Headings Like "XXI: Policy of Withholding Exculpatory Evidence." (*Id*. at ¶ 74; *see also Id.* at Section headings and ¶¶ 65, 109, 124, 136, 143, 146-48, 152, 157-61, 163, 164, 166, 167, 170, 174-76, 182, 184, 185, 188, 190, 192-96, 198-199, 207, 209, 231, 242, 247, 248, 250, 254, 255, 263-65, 269, 271, 273, 275, 277, 278, 280-83, 301-05, 308, 310-13, 325-26, 329, 331-32, 335-36, 338-47, 349, 351-56, 362-66, 368, 370-71, 375-83, 385-88, 390-94, 397-99, 402, 407-11, 415-16, 419-20, 423-25, 427-29, 431-33, 435-36, 438-40, 442-43, 446-47, 449, 452-56, 459-68, 471-72, 476-79, 481-82, 485-93).

10

Further, despite spending extensive time negotiating the JSOF *and* litigating outstanding disputes with this Court, the PSODF flouts this Court's guidance *and* rulings. For example, in paragraph 136 of the Joint Motion, Plaintiff proposed the following fact concerning the distance from Elba Burgos' front porch to the sidewalk on the opposite side of the street: "[t]his distance from the porch to the sidewalk on the opposite side of the street is greater than 50 feet away." (Dkt. 302, Joint Motion, at ¶136). At the hearing on the Joint Motion, the Court stated "the distance from the porch to the sidewalk being greater than 50 feet away, I don't know where that comes from. I don't see any support for that." (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 10:9-11).

When Plaintiff's counsel directed the Court to his response to paragraph 97 of the Joint Motion, the Court stated, "I see your map; however, I don't know where this map comes from." (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 10:12-18, 20-23). Plaintiff's counsel explained that the map came from Google and asked the Court to take judicial notice of it as well as the distances contained on the map as evidentiary support. (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 10:24-11:2).

In response, this Court explained to Plaintiff's counsel as follows: "this isn't the appropriate way to do that, right? You're not going to just throw a Google map at me and ask me to take judicial notice, right? First of all, the other side would need to know that you would be using this map to establish what the distance is from where she was sitting to the other side of the street, right? So, if you can fix it, then you can put in the distance. If you can support it with something, then go ahead. But as it stands right now, it's not supported by anything in the record." (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 11:3-13). Based on Plaintiff's inability to identify supporting evidence in the record, the statement was removed from the JSOF. However, this statement now reappears in paragraph 99 of PSODF, in blatant disregard of this Court's

instruction. (*See* Dkt. 340, Plaintiff's Statement of Disputed Facts, at ¶ 99 (asserting in part, "[t]his distance from Elba's porch to the sidewalk on the opposite side of the street is greater than 60 feet."). Indeed, Plaintiff offers the same Google map this Court already ruled was "not supported by anything in the record." (Compare Dkt. 302, Joint Motion, at ¶¶ 97, 136 with Dkt. 340, Plaintiff's Statement of Disputed Facts, at ¶ 99). This is just one example of Plaintiff's brazen disregard for the Court's rulings but reflective of the tactic employed by Plaintiff here that is designed to thwart the summary judgment process.

Another example is Plaintiff's attempt to distort the record as to what witnesses actually said they saw. For example, Plaintiff sought to include as a fact that "[s]he (Elba Burgos) only saw the shooter from the side…" (Dkt. 302, Joint Motion, at ¶ 102). However, at hearing on the Joint Motion, the Court instructed the parties to remove from paragraph 102 "'she only saw the shooter from the side' because that doesn't come from anybody's testimony. That's an inference, right, that you want me to make, but that doesn't come from anyone's testimony." (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 7:8-11). Similarly, the Court instructed the parties that paragraph 130, also regarding Elba Burgos' observations of the shooter, "should be edited to remove 'and so could only have seen the side of the shooter's face.' That's an inference. It's not a fact." (*See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 10:25-11:2). The JSOF complied with the Court's direction. Yet now, when Plaintiff had the opportunity, he ignored the Court's direction and reasserted the same improper material as fact in his PSODF ¶¶ 97 and 147, in an effort to manufacture a material fact dispute. *See, e.g.*, Dkt. 340, PSODF, at ¶ 97 ("She (Elba Burgos) could only see the side of the shooter's face."); *Id*. at ¶147 ("Given that Elba… and had only seen the side of the face of a person running down the sidewalk…."). Elba is not the only witness Plaintiff attempts to distort in his improper PSODF.

Plaintiff proposed a statement attributing four facts to eyewitness Rosa Burgos: 1) "she did not see the shooter," 2) "everything happened so fast and that she wasn't sure who the shooter was" 3) when "she viewed the lineup, she did not make a positive identification but was unsure," and 4) "prior to any lineup or trial identification three individuals had already identified someone else and Rosa was told by police that they had the wrong guy." (*See,* Dkt. 302 at ¶ 108, ¶ 131 ("everything happened so fast and that she wasn't sure who the shooter was")).  Given that these statements were not actually made by Rosa and were not at all admissible evidence—they are hearsay—Defendant Officers disputed these "facts".  Plaintiff took those statements from notes and testimony of his former criminal defense attorney, Assistant Public Defender Jack Carey, who is deceased. The Court agreed with Defendant Officers concerns and instructed Plaintiff to rewrite the statement attributing APD Carey's testimony to him not Rosa and to break up the paragraph into simpler facts. *See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 7:23-9:15; *see also Id.* at 10:5-7 (relating to ¶131).  Accordingly, the JSOF accounts for this information by removing the unsupported facts and attributing other "fact" statements to the correct witness.  (Dkt. 313, JSOF at ¶¶ 108, 131, 132, 139.)

Despite the Court's direction, Plaintiff asserts in his PSODF:

- "Three witnesses who viewed the lineup identified Johns. Rosa Burgos testified that after three individuals had identified Johns, they were told by the police that Johns was the wrong guy." PSODF ¶ 37;

- "Rosa told police 'everything happened so fast and that she wasn't sure' who the shooter was." PSODF ¶ 138;

- "When Rosa Burgos was interviewed by Public Defender Jack Carey before trial about her July 22, 1991 lineup identification, Rosa told Carey that she did not make a positive identification but instead told the police she was unsure. All she could say was that the person in the lineup looked similar to the shooter, not that he was the shooter." PSODF ¶ 149; and

- "In addition, Rosa Burgos told PD Carey that she had already attended an earlier lineup on the night of the shooting. At that lineup, three individuals had already identified someone else and she was told by police that they had the wrong guy." PSODF ¶ 151.

Plaintiff's support for each of these facts is the notes and testimony of APD Carey not any testimony attributed to Rosa, despite Plaintiff's citation to Rosa's testimony (Exhibit 24) as support for paragraphs 37, 149 and 151. Plaintiff plainly disregarded this Court's direction to be specific and now reasserts as disputed facts commanding denial of Defendants' summary judgment motion what the Court specifically informed him were not proper facts, but inferences to be argued. *See* Ex. 2, Feb. 29, 2024, Hearing Transcript, at 8:24-9:8. For certain Plaintiff understood the Court, his paragraph 150 states: "According to Public Defender Jack Carey's notes, Rosa informed him that when she viewed the July lineup, Defendants Guevara and Halvorsen asked her 'which one you going to pick.' Carey's notes state—twice—that at the July lineup Rosa told the police that she was 'NOT SURE.'" PSODF ¶ 150. Nonetheless, Plaintiff forged ahead with the improper statements attributed to Rosa.

What makes this more egregious is that APD Carey's notes and testimony are hearsay, which is not admissible and cannot be relied upon at summary judgment. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). Hearsay is presumptively unreliable and inadmissible (Fed. R. Evid. 802) and "the proponent of the hearsay statement," here, Johnson, "bears the burden of demonstrating that each element [of an exception] is satisfied." *United States v. Jackson*, 540 F.3d 578, 588 (7th Cir. 2008). Despite the Defendant Officers' objections flagging APD Carey's testimony as hearsay in the Motion to Resolve disputed facts (Dkt. 302 at ¶ 103, 108, 131, 132) and his own objections that hearsay is inadmissible regarding Defendant Officers' facts (*Id*. at ¶¶ 59, 60), Plaintiff does not explain how he can overcome the hearsay bar of APD Carey's testimony.

While hearsay evidence can sometimes qualify for admission under the former testimony hearsay exception, Plaintiff must show that APD Carey's testimony is "now offered against a party…in a civil case, whose ***predecessor in interest*** had…an opportunity and ***similar motive*** to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B) (emphases added).[2] Here, the parties against whom Carey's notes and testimony is offered to prove the truth of the matter asserted are the Defendants, who had absolutely no opportunity or motive to examine APD Carey. The Cook County State's Attorney's Office prosecuted Plaintiff in his criminal case. Criminal trial prosecutors are not the predecessors in interest of the civil municipal defendants and the Rule 804 exception does not apply. *See Hill v. City of Chi.*, No. 06 C 6772, 2011 WL 3876915, at *2–4 (N.D. Ill. Sept. 1, 2011) (St. Eve, J) (barring prior testimony as hearsay because "Defendant Officers in this civil litigation were not parties to the criminal proceedings against [plaintiff]" and noting that strategies may differ greatly between civil and criminal trials); *Butler v. Indianapolis Metro. Police Dep't*, No. 1:07-cv-1103-DFH-TAB, 2009 WL 2092416, at *2 (S.D. Ind. July 13, 2009) (Hamilton, J.) (barring prior testimony as hearsay because the "differences between the prosecutor's and the police officer's and city's motives weigh heavily against using Rule 804(b)(1) to allow plaintiff…to use in his civil trial the deposition of [a witness] taken in the criminal prosecution."); *Andersen v. City of Chicago*, No. 1:16-cv-01963, Dkt. 685 (N.D. Ill. Nov. 17, 2020) (barring prior testimony and explaining that the prosecutor's motivation in proving his case does not include concern with defending an officer in a future reversed conviction case)(attached as Ex. 3).

The prior testimony of APD Carey is identically situated to the testimony barred in these cases. And Plaintiff has not even attempted to overcome the hearsay bar in his arguments in his

---

[2] The other Rule 804(b)(1) requirements—that the witness is unavailable (here deceased) and that his former testimony was given at a trial—are plainly satisfied and not in dispute.

Response. Nor does Fed Evid. Rule 807 (the residual hearsay exception) salvage the admissibility of APD Carey's testimony and notes. Courts only sparingly utilize the residual hearsay exception. *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 583 (7th Cir. 2019) ("in applying this rule, we have heeded congressional guidance to construe 'these conditions narrowly' so that the residual exception does not swallow the rule against hearsay.") (quoting *United States v. Sinclair*, 74 F.3d 753, 759 (7th Cir. 1996) Carey's testimony is not supported by: 1) sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made; nor 2) is it more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. Fed. R. Evid. 807(a).

Plaintiff cannot establish either prong to meet Rule 807's exception. Taking the latter prong first, the most probative evidence on what Rosa Burgos said is Rosa Burgos's testimony and she testified at the criminal trial, subject to Plaintiff's criminal defense attorney's cross examination, and was again examined by Plaintiff's counsel in this case at her deposition. Rosa testified at Plaintiff's criminal trial that she was 10 feet away from the shooter, saw his face for four seconds, and identified Plaintiff as the shooter on July 22 in a lineup. (Dkt. 313, JSOF at ¶¶ 103, 104, 107). And at her deposition, Rosa confirmed her trial testimony was truthful. (Dkt. 313, JSOF at ¶ 119.) Thus, APD Carey's testimony is not more probative than available evidence. Regarding the first prong of Rule 807, there are insufficient guarantees of trustworthiness considering APD Carey's relationship to Plaintiff as his prior attorney. Plaintiff simply cannot meet the requirements for the residual exception. APD Carey's criminal trial testimony is hearsay and not admissible at summary judgment to create a question of fact. *See Buttron v. Sheehan*, No. 00 C 4451, 2003 WL 21801222, *4 (citing *Winskunas v. Birnbaum,* 23 F.3d 1264, 1268 (7th Cir.1994)) (hearsay is incapable of creating a genuine issue of material fact). Plaintiff's disregard of the Court's direction appears to

16

be directly tied to his knowledge that APD Carey's notes are hearsay without an exception so he must attribute that testimony to Rosa Burgos.

Similarly, the portions of the PSODF related to his *Monell* claim, shows a similar disregard for this Court's procedure, guidance, and the entirety of the process the Parties went through negotiating the PJSOF. Starting with a comparison of the first paragraphs of both the PJSOF and PSODF, Plaintiff's strategy remains the same. The City and Plaintiff litigated (Dkts. 292-1, 299, 305) and then extensively negotiated the opening paragraphs of the JSOF related to the *Monell* claim and ultimately agreed upon eight short and concise paragraphs to address Plaintiff's *Monell* claim, which included the allegations within his Complaint as well as his responses to the City's Interrogatories. *See* Dkt. 320, ¶¶1-8. Yet, Plaintiff opted to flout both the agreement as well as the Court's standing order by submitting his own paragraph, which includes two subparagraphs, and spans almost *four* pages. *See,* Dkt. 340, ¶ 1. In that same vein, the PJSOF included five short and concise paragraphs to address the relevant historical context of CPD's file keeping practices, including Judge Shadur's 1983 opinion in *Palmer v. City of Chicago,* and Tiderington's summary of that opinion and other litigation. *See* Dkt. 320, ¶¶ 21, 118, 120, 121, 122. Yet again, Plaintiff opted to include *fourteen* largely argumentative paragraphs covering the same or similar topics in the PSODF. *See* Dkt. 340, ¶¶ 302-309 ("policy makers were aware that police officers were engaged in an unconstitutional patter of suppressing investigative materials;" "developed strong evidence;" "important investigative materials"), 312-314 ("detectives were circumventing the court's order;" "practice of evidence suppression and non-disclosure;"), 318-319, 323.

Finally, and one of the most egregious examples of Plaintiff's disregard for this Court's standing order, as well as the local rules, appears in the last five paragraphs of the PSODF. These five paragraphs of the PSODF are not only pure argument (*see, e.g.,* arguing that "the City had

notice of the pattern of illegal misconduct of Detective Guevara" and "despite notice of the misconduct") and rely on inadmissible evidence (*see, e.g.,* (¶489 (c) relying on an unverified letter; ¶492 (d), (e), (g), (h) relying on news articles and website searches"), but span *fourteen* pages, single spaced, hardly constituting concise numbered paragraphs as required by the Local Rules. *See* Dkt. 340, ¶¶489-493. Specifically, Plaintiff's paragraph 489 includes *thirty-two* subparagraphs, while paragraph 492 includes *twenty-five* subparagraphs. *See* Dkt. 340, ¶¶ 489, 492.

**C.   PLAINTIFF'S FAILURE TO ABIDE BY THIS COURT'S ORDERS IN SUBMITTING THE PSODF IS PART OF A PATTERN OF SIMILAR TACTICS DESIGNED TO UNDERMINE THE SUMMARY JUDGMENT PROCESS.**

Plaintiff's tactics identified above are not an isolated incident. Indeed, these tactics have been identified as abusive in other cases involving Plaintiff's counsel, Loevy & Loevy. In *Palmer v. City of Decatur*, Plaintiff's counsel obtained leave to respond to summary judgment with "excess argument being 25 pages and 9,500 words." No. 17-CV-3268, 2021 WL 7543705, at *1 (C.D. Ill. May 12, 2021). But the court found that "the actual content of the proposed Response…far exceeded the [additional] ten double-spaced pages that Defendants had agreed to" due to "multiple pages of single-spaced argument in smaller font," with "multiple lengthy footnotes containing argument," and a "Summary of the Facts" that had "an extra twenty pages of detailed substantive argument." *Id.* In all, the response contained 11,085 words, or 1,585 words more than requested. *Id.*

Although it decided not to strike the response and grant summary judgment, the court deemed Plaintiff's counsel's conduct a "deceitful and borderline abusive litigation tactic, more reminiscent of childish gamesmanship than the practice of law in federal court." *Id.* The court noted, "Should this type of behavior continue, by either side, the court will consider appropriate

remedial measures, which could include sanctions, or ***if the court finds that Plaintiff in particular has abused the judicial process, dismissal of the case with prejudice***." *Id.* (emphasis added).

This Court is too familiar with this tactic. In *Ezell, et al. v. City of Chicago, et al.*, Plaintiff's counsel filed separate statements of disputed material facts that contradicted the Joint Statement of Facts in that case or were unnecessarily argumentative. (*See, e.g.,* Pl.'s Statement of Disputed Material Facts, *Ezell v. City of Chi.*, Dkt. 477, at ¶ 35, attached as Ex. 4) ("The coercion was amplified by the fact that McCoy was in a custodial setting and the power imbalance between a 17-year-old and a seasoned Chicago Police Detective"). This Court declined to accept such facts and instead focused "only on the substantive facts included in statements that the record properly supports." *Ezell v. City of Chicago*, No. 18 C 1049, 2024 WL 278829, at *2 (N.D. Ill. Jan. 24, 2024) (citing *Outley v. City of Chicago*, 354 F. Supp. 3d 847, 856 (N.D. Ill. 2019) ("[T]he paragraphs in a statement of facts should be short and not argumentative or conclusory[.]").

Furthermore, this Court noted that "Rule 56 still requires Plaintiffs to submit admissible evidence to show that a *legitimate* dispute of fact exists—therefore, to the extent that their contended material disputes are illusory or unsupported by evidence, the Court disregards them." *Ezell*, 2024 WL 278829, at *2 (emphasis in original) (citing N.D. Ill. L.R. 56.1(e)(3) ("To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact.").

Additionally, in *Iglesias v. City of Chicago*, Plaintiff's counsel submitted a response to summary judgment that "exceeded the number of pages and paragraphs" requested. (*See* Minute Order, *Iglesias v. City of Chi.*, 19-cv-6508, Dkt. 287 (N.D. Ill. April 3, 2024), attached as Ex. 5). Specifically, plaintiff exceeded the 550 fact statements he was permitted to assert by including an additional 89 fact statements within lettered sub-paragraphs. (*See* Defs.' Mot. to Strike, *Iglesias*

*v. City of Chi.*, 19-cv-6508, Dkt. 286, at *3 (N.D. Ill. April 2, 2024), attached as Ex. 6. The court found plaintiff "filed a noncompliant brief," but did not strike the responsive briefings. (*See* Ex. 5, *Iglesias* Minute Order). Instead, as in *Palmer*, the court issued a stern warning: "The Court will not tolerate such blatant disregard of a Court order in the future. All Parties are reminded that they are to comply with the Court's orders and ***failure to do so may result in sanctions, including dismissal of the action.***" *Id.* (emphasis added).

*Palmer* and *Iglesias* are not the only examples of the obstructionist approach to summary judgment responses repeated in this case. A few months ago, in *Pursley v. City of Rockford*, the court expressed its increasing impatience by describing the summary judgment proceedings in another Loevy & Loevy case as "in short, a mess," with "533 pages of Rule 56.1 statements, briefing, and ancillary briefing." 18-cv-50040, 2024 WL 1050242, at *1 (N.D. Ill. Mar. 11, 2024). The court further noted "the sheer number of claims and defendants" in commenting that the "kitchen sink approach rarely leads to a just, speedy, and inexpensive resolution of actions." *Id.* at *1 n.1.[3]

Similarly, in *Jaimes v. Cook County*, the court declared that Plaintiff's counsel "cannot create disputes of fact by relying upon legal arguments, conclusions, or suppositions because these are not facts." No. 17 C 8291, 2021 WL 1738507, at *1 n.1 (N.D. Ill. May 3, 2021), *rev'd on other grounds* No. 21-1958, 2022 WL 2806462 (7th Cir. 2022). And in *Harris v. United States*, the court noted that Loevy & Loevy's responses "often provide extraneous or argumentative information." No. 13-cv-8584, 2017 WL 770969, at *1 n.1 (N.D. Ill. Feb. 28, 2017).

---

[3] Here too, Plaintiff brings a barrage of claims against 5 Defendant Officers—generally without distinguishing which claims apply to whom—to force the Court to navigate the matrix of claims and defendants so that it will simply throw up its hands in resignation and declare that, with so much paper, something must warrant a trial.

To erase any doubt as to whether this was bad faith, at least one court has already found that Plaintiff's counsel's formulaic misdeeds are a strategy to make it "significantly more onerous" for courts to "sift[] through the supposedly undisputed facts." *Graham v. Vill. of Niles*, No. 02 C 4405, 2003 WL 2295159, at *1 (N.D. Ill. Dec. 16, 2003). The strategy has been employed here and should be foreclosed by this Court in striking Plaintiff's PSODF and Plaintiff's Response arguments that rely solely on support from the PSODF.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court strike Plaintiff's Statement of Disputed Facts in Support of His Opposition to Defendants' Motions for Summary Judgment in its entirety, strike the arguments in Plaintiff's Response that are only support by the PSODF, and for such further relief as this Court deems just.

Dated: August 9, 2024                          Respectfully Submitted,

/s/ Eileen E. Rosen                            */s/* David A. Brueggen
Eileen E. Rosen                                *Special Assistant Corporation Counsel for*
Special Assistant Corporation Counsel          *Defendants*
*One of the Attorneys for City of Chicago*

Eileen E. Rosen                                James G. Sotos
Catherine M. Barber                            David A. Brueggen
Theresa B. Carney                              Josh M. Engquist
Austin G. Rahe                                 Elizabeth R. Fleming
Lauren M. Ferrise                              **THE SOTOS LAW FIRM, P.C.**
Jessica L. Zehner                              141 Jackson Blvd., #1240A
ROCK FUSCO & CONNELLY, LLC                     (630) 735-3300
333 W. Wacker Dr., 19th Floor                  aromelfanger@jsotoslaw.com
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

*/s/ Timothy P. Scahill*
*Special Assistant Corporation Counsel for*
*Defendant Guevara*

Timothy P. Scahill
Borkan & Scahill, Ltd.
Two First National Plaza
20 S. Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030