```
 1                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3    DEMETRIUS JOHNSON,                )  No. 20 C 4156
                                        )
 4                   Plaintiff,         )
                                        )
 5         vs.                          )  Chicago, Illinois
                                        )
 6    REYNALDO GUEVARA, JOANN HALVORSEN,)
      as Personal Representative to the )
 7    Estate of Ernest Halvorsen, DARRYL)
      DALEY, WILLIAM ERICKSON, JOHN     )
 8    HEALY, and the CITY OF CHICAGO,   )
                                        )  April 18, 2023
 9                   Defendants.        )  1:45 p.m.

10                     TRANSCRIPT OF PROCEEDINGS
                     BEFORE THE HON. SARA L. ELLIS
11
      APPEARANCES:
12
      For the Plaintiff:    MS. DIANE HAMILTON
13                          Loevy & Loevy,
                            311 North Aberdeen Street, 3rd Floor,
14                          Chicago, Illinois  60607

15    For Defendant
      Guevara:              MR. THOMAS MORE LEINENWEBER
16                          MS. MEGAN K. McGRATH
                            Leinenweber, Baroni & Daffada, LLC,
17                          120 North Lasalle Street, Suite 2000,
                            Chicago, Illinois  60602
18
      For Defendants Daley,
19    Halvorsen, Erickson,
      and Healy:            MR. DAVID A. BRUEGGEN
20                          The Sotos Law Firm, P.C.,
                            141 West Jackson Boulevard, Suite 1240A,
21                          Chicago, Illinois  60604

22

23                        PATRICK J. MULLEN
                        Official Court Reporter
24                   United States District Court
                  219 South Dearborn Street, Room 1412
25                      Chicago, Illinois  60604
                           (312) 435-5565
```

APPEARANCES:   (Continued.)

For Defendant City
of Chicago:                MS. EILEEN E. ROSEN
                           Rock, Fusco & Connelly, LLC,
                           321 North Clark Street, Suite 2200,
                           Chicago, Illinois  60654

```
 1              (Telephonic proceedings on the record.)
 2              THE CLERK:  2020 CV 4156, Johnson versus Guevara.
 3              MS. HAMILTON:  Good morning, Your Honor.  This is
 4    Danielle Hamilton on behalf of plaintiff Demetrius Johnson.
 5              MR. LEINENWEBER:  Good morning, Judge.  Tom
 6    Leinenweber and Megan McGrath on behalf of defendant Reynaldo
 7    Guevara.
 8              THE COURT:  All right.
 9              MR. BRUEGGEN:  Good morning, Judge.  This is Dave
10    Brueggen on behalf of defendant Daley and special rep Yanow on
11    behalf of defendants Halverson, Erickson, and Healey.
12              MS. ROSEN:  Good morning, Your Honor.  Eileen Rosen on
13    behalf of defendant City of Chicago.
14              THE COURT:  All right.  Good morning.
15              Okay.  So I'm having, I guess, a little trouble
16    understanding the dispute.  So looking at the documents that
17    were submitted, those documents list June 13th as the date of
18    the lineup, and I don't know why in the statement of facts for
19    those two particular facts the date is June 12th, so can
20    somebody explain that to me?
21              MS. HAMILTON:  Your Honor, this is Danielle Hamilton
22    on behalf of the plaintiff.  When we were going around and
23    around and around with the joint statement of facts, we
24    discussed this issue.  We discussed these particular facts, and
25    the defense was okay with the June 12th date.  The reason why
```

1   we discussed the June 12th date or discussed the June 12th date

2   in reference to these specific pieces of evidence was because

3   there was no dispute that there was a lineup that was conducted

4   on June 12th, 1991.

5          The question was that there's two reports.  One says

6   it was conducted on June 12th and, you know, the witness or a

7   witness did not identify an alternative suspect, and in the

8   other one the witness did identify an alternative suspect.  We

9   had been calling the lineup and reports related to the lineup

10  the June 12th lineup because the lineup was conducted -- the

11  reports themselves show that the lineup was conducted on June

12  12th.  It is only in this motion that now defendant Guevara is

13  saying:  Actually, no, it's June 13th, and we're not agreed

14  that it's June 12th, the lineup being conducted on June 12th.

15         You know, they want to create a dispute of fact about,

16  you know, when the lineup occurred without no evidence in the

17  record that there was ever a lineup on June 13th and that the

18  only lineup was conducted on June 12th.  So the question is

19  which report is, you know, accurate or which report was

20  suppressed or which report did the defense and the prosecutor

21  have, and those are all summary judgment arguments.

22         You know, the defense has turned in their summary

23  judgment response and made those arguments, and we will respond

24  to them in our reply.  But the issue before the Court is not

25  about summary judgment.  This Court obviously does not have a

1  full briefing on summary judgment.  The issue before the Court

2  is does the motion or does the joint statement of facts need to

3  be corrected.  Our position is no, it does not, that it does

4  not need to be corrected, but to the extent Your Honor feels

5  that it does need to be clarified we've proposed one solution,

6  you know, in our response, a motion to correct, and another one

7  is simply just to excise the date from the joint statement of

8  facts about this lineup because there's no dispute.

9          THE COURT:  So was there one lineup or two lineups?

10         MS. HAMILTON:  There was one lineup on June 12th, and

11  the question is --

12         THE COURT:  Did it carry over into the morning of the

13  13th?

14         MS. HAMILTON:  One -- yeah, one witness viewed the

15  lineup in the early morning of June 13th, not the witness, not

16  the witness who identified the alternative suspect.  So the

17  lineup report is referencing and all the evidence is about this

18  witness and when he viewed a lineup and identified an

19  alternative suspect or didn't identify an alternative suspect,

20  you know, according to the defense's theory and, you know, our

21  theory, and that happened on June 12th.  He viewed the lineup

22  at 10:43 p.m. on June 12th, 1991.

23         THE COURT:  All right.  And the prosecutor's notes

24  indicate June 13th, right?

25         MR. LEINENWEBER:  That's correct, Your Honor.

1          MS. HAMILTON:  That's correct.

2          THE COURT:  Okay.

3          MR. LEINENWEBER:  Judge, this is Tom Leinenweber.

4     First off, I have to apologize to the Court and to Ms. Hamilton

5     because I missed this.  Then when I found it, I assumed it was

6     a scrivener's error, but I think we're getting a little far

7     afield here, Judge.  What we're only talking about now is the

8     accuracy of the record.

9          So Your Honor has obviously zeroed in on what

10    Mr. Sheehan, the prosecutor, wrote and spoke about in his

11    deposition and in his handwritten notes, and it says "6/13/91

12    lineup photo."  So, therefore, when the statement of facts says

13    his handwritten notes indicate the June 12th lineup resulted in

14    a no ID, that's an error, Judge.  It should be the 13th.

15         Similarly, Judge, in the second one, paragraph 59

16    states as written now "attorney Gubin made a specific request

17    for the photo lineup taken on June 12th," and the "2" is in

18    parens there.  But then when you look at Exhibit 27, which was

19    the exhibit in the joint statement of facts, it says she asked

20    for the lineup -- excuse me.  The motion for additional

21    discovery that she filed says "the photo of the lineup taken on

22    6/13."

23         So I think we're getting a little far afield about

24    what happened and when.  What we are just asking for here,

25    Judge, is the correction of the record.  The record must be

1   accurate.  Again, it is my fault, and I didn't mean to put the

2   Court or Ms. Hamilton in a position to actually have to

3   litigate this.  When we did find it, it was clear that the

4   record should be 6/13, not 6/12.  That's the only issue here,

5   Judge, and again with my sincere apologies to the Court and to

6   Ms. Hamilton.

7          MS. HAMILTON:  And, Your Honor, I can respond to that,

8   or you may have questions.  If you have questions, I'll answer

9   those, actually.

10         THE COURT:  So I guess, you know, the statements have

11  to be consistent with the exhibits.  So I hope everybody can

12  understand my frustration, particularly because we have gone

13  around and around trying to get these facts finalized.  I

14  haven't dug into the summary judgment briefing because, of

15  course, it's not finished yet.  However, my expectation would

16  be that what's in the facts is consistent with the exhibits.

17         So if somebody says in their handwritten notes a

18  lineup occurs on the 13th of June, that's what it would say, or

19  that asking for a photograph of a lineup that occurred on the

20  13th of June, again, that's what it would say.

21         MS. HAMILTON:  Your Honor, may I?

22         THE COURT:  If it was a lineup that occurred earlier

23  in the evening, there would be facts related to that, and I

24  don't know all the facts.  I did not litigate this case.  I

25  don't know what the significance would be of his attorney,

1   Mr. Johnson's attorney, asking for photographs from a lineup

2   that occurred in the early morning hours of the 13th as opposed

3   to earlier in the evening of the 12th.  You know, maybe she was

4   confused.  Maybe it was a mistake.  But that, again, I would

5   think, would be cleared up in the deposition if that was

6   important.

7            MS. HAMILTON:  Your Honor, may I respond to just two

8   points?

9            THE COURT:  You may.

10           MS. HAMILTON:  Very briefly, first the notes and the

11  discovery motion, the evidence itself does not say a lineup

12  that occurred on 6/13.  You know, you have the evidence in

13  front of you, and it says "6/13 lineup" but there's no -- we

14  don't know what the 6/13 lineup is referring to in terms of --

15  so both of these people were deposed, and they were not asked

16  by anyone:  What does, you know, in Sheehan's case, the

17  prosecutor, "6/13 lineup photos no ID," what does that refer

18  to, or the "6/13" in the motion for discovery?

19           THE COURT:  So from what I read --

20           MR. LEINENWEBER:  Did you --

21           THE COURT:  Hold on.

22           MR. LEINENWEBER:  Sorry, Judge.

23           THE COURT:  From what I read, he was asked:

24           "And then it says '6/13 lineup photos no ID'?"

25           And he says -- I mean, that's what it says.

1    Then when asked what "lineup photo no ID" might have

2    meant, he said:

3    "It could have referred to the negative lineup where

4    there was no ID.  I assume that's what a negative lineup is."

5    Then he's asked:

6    "There was potentially a lineup on June 13th, and no

7    identification was made."

8    Then he says:

9    "I don't know if there was potentially a lineup.  I

10   don't have a question mark there.  It appears to me that I'm

11   aware that there was some lineup where there was no ID and

12   that's what it says, yes."

13   Look, I can't -- this is not my case to litigate.  I

14   don't know what the importance is of having him clarify when

15   this lineup took place when there was no identification of

16   anyone in the lineup, but that's what his notes say.  So either

17   you have something else in a deposition that supports that the

18   lineup occurred on the 12th or that there was no identification

19   and that there was or wasn't a lineup that occurred on the 13th

20   that had no identification, and my point is, you know, I don't

21   care.  All right?  I've got no dog in this race.

22   What I do care about is that it's accurate and

23   consistent with the evidence, and I have a serious concern, I

24   have to say, on both sides when the joint statement of facts

25   that I am not responsible for putting together is not

1    consistent with the documents that are meant to support it.  If

2    I'm trying to make some kind of decision based on allegations

3    that evidence was suppressed, that there was a Brady violation,

4    that lineups occurred that people didn't know about, that

5    identifications occurred or didn't occur that people didn't

6    know about that could have altered the outcome of the case, I

7    have to be able to rely on the accuracy of undisputed facts.

8           So that's why I'm having trouble with people fighting

9    about why the date in particular facts is not consistent with

10   the physical evidence of notes or requests made

11   contemporaneously with the events.  So if you want to add

12   something or change something to make it more clear to me, then

13   that is fine.  I don't have a problem with that, but we need to

14   make sure that the dates are accurate and consistent.

15          MS. HAMILTON:  Your Honor, this is Danielle Hamilton.

16   Perhaps it makes sense since this is a -- I think the date

17   issue became important later, and I think both sides are trying

18   to deal with the fact that, you know, what was agreed upon or

19   was not significant became significant.  So perhaps it makes

20   sense for us jointly to come up with a couple of facts or

21   revise the facts that have been submitted that is accurate and

22   consistent with the evidence and also agreed upon by both

23   parties.

24          MR. LEINENWEBER:  Well, Judge, this is

25   Mr. Leinenweber.  I don't think there's a problem with that,

1   Judge.  Again, I hate to have caused all this, but obviously if

2   the date was changed from the 12th to the 13th and if

3   Ms. Hamilton wanted to add additional facts, we would certainly

4   look at those.  But, Judge, we just wanted to make sure that it

5   was accurate.  Again, I'm going to stop apologizing now, but

6   it's a permanent apology for this.

7          THE COURT:  No, it's fine, Mr. Leinenweber.  I'm glad

8   you caught it, because to tell you to the truth I would have

9   been much more distressed going through the statements of facts

10  after the briefing was completed and seeing the inconsistency

11  and not knowing why that occurred.  Then I frankly would have

12  discounted those facts because they wouldn't match the

13  evidence, and I would have had no idea why it was June 12th

14  when you said the 13th.

15         So I guess my question to you both is because you've

16  already filed the motion and the response -- well, let's see.

17  So you filed the motion and --

18         MS. HAMILTON:  And the response as well has been

19  filed.

20         THE COURT:  Yes.

21         MS. HAMILTON:  The reply is what's left.

22         THE COURT:  Yes, you just have to reply.  Is it going

23  to alter -- I guess my question is:  Is it going to alter

24  anything in either the original motion or the response?

25         MS. HAMILTON:  From plaintiff's perspective, we can

1    address any arguments related to this in our reply, and it does

2    not alter our original motion.

3            THE COURT:  All right.  Mr. Leinenweber, what about

4    you?

5            MR. LEINENWEBER:  Judge, I don't believe it alters

6    anything in ours, although Ms. McGrath can speak up if I'm

7    wrong, which I usually am.

8            MS. McGRATH:  That's not true, Your Honor, and I do

9    not think at this time we would alter anything as long as --

10   you know, again, if the correction is made, we would be fine.

11           THE COURT:  All right.  So I think, though, that what

12   Ms. Hamilton is proposing is that you make the corrections but

13   that she add a few facts to clarify what happened on the 12th.

14           Is that correct, Ms. Hamilton?

15           MS. HAMILTON:  Yes, Your Honor.

16           MR. LEINENWEBER:  And, Judge, we obviously have no

17   problem with that.

18           THE COURT:  Okay.  All right.  Then when --

19           MS. ROSEN:  Sorry, Judge.  This is Eileen Rosen on

20   behalf of the city.  To the extent that Ms. Hamilton is going

21   to be adding facts and we're not entirely sure what those facts

22   are, I would suggest that depending on what the facts are,

23   there might be a change in the response to address it since we

24   won't have another opportunity to file another brief, you know,

25   instead of seeking leave to file a surreply.  So it may not

1   matter.  I don't know what Ms. Hamilton has in mind, but maybe
2   we could reserve the ability to amend the response.
3             THE COURT:  Okay.  All right.  So when can the parties
4   -- I'm going to revise the schedule then.  When can the parties
5   get a corrected joint statement of facts on file?
6             MS. HAMILTON:  We can do that by this Friday from the
7   plaintiff's perspective.  I'm not sure about their schedules,
8   but I'm happy to draft something or, you know, propose
9   something and then go back and forth with defendant Guevara
10  about it.  Then if they can -- you know, if we can finish, I
11  would have no problem turning it in this Friday.
12            MR. LEINENWEBER:  If it would be possible, Judge, we
13  could do it by Monday if that's all right with Your Honor.
14            THE COURT:  Sure, that's fine, so by the 24th.  Then
15  if defendant Guevara wants to revise the response in light of
16  any additional facts, that needs to be done by the 28th.
17            MR. LEINENWEBER:  That's fine, Judge.
18            THE COURT:  And then that would put the reply,
19  Ms. Hamilton, then over to May 12th.  Does that work for you?
20            MS. HAMILTON:  Yes, Your Honor.
21            THE COURT:  Okay.  All right.  We've moved the ruling
22  date to July 25th, so that will work.  Okay.  All right.
23            MR. LEINENWEBER:  Thank you, Judge.
24            THE COURT:  You're welcome.
25            MS. ROSEN:  Thank you, Judge.

1          MS. HAMILTON:  Thank you, Judge.

2          MS. McGRATH:  Thank you, Your Honor.

3       (Proceedings concluded.)

4                    C E R T I F I C A T E

5          I, Patrick J. Mullen, do hereby certify that the

6   foregoing is a complete, true, and accurate transcript of the

7   proceedings had in the above-entitled case before the Honorable

8   SARA L. ELLIS, one of the judges of said Court, at Chicago,

9   Illinois, on April 18, 2023.

10

11                              */s/ Patrick J. Mullen*
                                Official Court Reporter
12                              United States District Court
                                Northern District of Illinois
13                              Eastern Division

14

15

16

17

18

19

20

21

22

23

24

25