**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIUS JOHNSON | ) | |
| | ) | Case No. 20 CV 4156 |
| *Plaintiff*, | ) | |
| | ) | Judge Sara L. Ellis |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| *Defendants*. | ) | JURY TRIAL DEMANDED |
| | ) | |

**PLAINTIFF'S OPPOSED MOTION TO LIMIT PRETRIAL MOTIONS**

Plaintiff Demetrius Johnson, by his attorneys, respectfully requests that this Court enter an order limiting each side in this case to 10 or fewer motions *in limine*, stating as follows:

Plaintiff respectfully requests that this Court impose a limit on motions *in limine* in this case, so that the Court and parties are not mired with hundreds of pages of additional pre-trial briefing on numerous abstract issues that are better reserved for trial. Specifically, Plaintiff requests that the Court limit each side to 10 or fewer motions *in limine*. Pretrial motion practice has gotten out of hand in wrongful conviction cases—costing Courts, parties, lawyers ample time—and it will get out of hand in this case, without Court intervention.

Pursuant to this Court's order, the parties exchanged proposed motions *in limine* in this case. Plaintiff's list included 25 proposed motions, see Exhibit A (Plaintiff's list sent to Defendants), and Defendants list included 52 proposed motions, see Exhibit B (Defendants' list sent to Plaintiff). Based on past recent cases between the parties' firms, this would mean something like 780 pages of briefing on pretrial motions (assuming an average of 5 pages per motion *in limine*). Plaintiff thus proposed to Defendants that the parties voluntarily limit their motions to 10 per side. On May 15, the parties conferred about their motions *in limine*. They

reached some agreement on some motions *in limine*, but Defendants did not agree to limit their list to 10. Plaintiff still plans to attempt to limit his motions *in limine* to 10, to show that he is serious about conserving time and resources.

      This Court has broad discretion over motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Motions *in limine* are generally disfavored and should be granted only if the evidence in question is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993) (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)). A motion *in limine* should not be used to further adjudicate issues that were or should have been raised at summary judgment. *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *6 (N.D. Ill. July 19, 2012). Nor should they resolve factual issues that a jury must decide. *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011). Nor should they concern issues better addressed via objections to or proposals about jury instructions. *Arriaga v. Logix Fed. Credit Union*, No. CV-18-9128, 2022 WL 3097454, at *1 (C.D. Cal. Apr. 22, 2022). Nor should they attempt to impose a framework for the Court's consideration of complex evidentiary issues outside of the context of trial, where the Court can consider questions of foundation, relevancy and prejudice with all of the appropriate context. *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Contrary to this guidance, Defendants list of proposed motions *in limine* attempt to do all of these things. See Exhibit B (Defendants' list of proposed motions *in limine*).

      After years of litigation in this case, this Court set a November 2025 trial date, Dkt. 385, and then moved it once at Defendants' request and over Plaintiff's objection, setting January 5, 2026, as a firm trial date, Dkt. 388. This Court should not permit an avalanche of pretrial

motions that might put that firm trial date in question. Instead, it should instruct the parties to adhere to reasonable limits, and to present the issues most important to them, reserving for trial other issues that are more properly addressed at that time.

Wright & Miller explains that "[p]retrial orders or local rules may impose page or number limits on motions *in limine*, but otherwise the only limits are counsel's evidentiary imagination and the trial judge's frayed patience. (Practice point: Don't poke the bear.) Faced with a fusillade of motions *in limine*, a trial judge may opt instead to leave all or most of the rulings for trial." § 5037.10 The Motion *in Limine*, 21 Fed. Prac. & Proc. Evid. § 5037.10 (2d ed.). The parties should not be permitted to file every motion on every evidentiary issue they can possibly imagine; and Plaintiff is happy to cut down his own list. And this Court should avoid frayed patience, and the huge burden of considering hundreds of pages of motions on a tight timeline, by ordering the parties to file 10 or fewer motions *in limine*.

WHEREFORE, Plaintiff respectfully requests an order limiting each side to 10 or fewer motions *in limine*.

Dated: May 15, 2025                                  Respectfully submitted,

/s/ Steve Art
*Counsel for Plaintiff*

Jon Loevy
Steve Art
Anand Swaminathan
Sean Starr
Alyssa Martinez
Meg Gould
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com