# EXHIBIT B

**DEFENDANT GUEVARA'S MOTIONS IN LIMINE**

- Motion To Bar Certificate Of Innocence.
- Motion To Bar Evidence Or Argument Contradicting Issues Determined Against Plaintiff On Summary Judgment And For Appropriate Limiting Instruction Thereon.
- Motion To Bar Any Evidence Or Argument About Suggestiveness Or Coercion Leading To Any Identifications In This Case Or Failure To Inform Prosecutors Of Same.
- Motion To Bar Evidence of Fifth Amendment Invocation, Or in the Alternative, To Bar Live Elicitation Of Fifth Amendment Invocation Of Defendant Guevara And/Or Limit The Number And Nature Of Questions Designed To Elicit Such Invocation.
- Motion To Bar Any Attempt To Elicit A Fifth Amendment Invocation From Defendant Guevara On Matters Already Adjudicated Against Plaintiff On Summary Judgment.
- Motion To Bar Any Attempt To Elicit A Fifth Amendment Invocation From Defendant Guevara Without First Establishing The Existence of Such Facts Through Independent Evidence.
- Motion To Bar Evidence Or Argument Regarding Alleged Statement Made By Rosa Burgos To Plaintiff's Criminal Defense Counsel
- Motion To Bar Any Evidence, Argument Or Inquiry Relating To Any Judicial Commentary On The Credibility Of Defendant Guevara Or Other Matters Relating To Other Cases Involving Defendant Guevara.
- Motion to Bar Any Evidence Or Argument Of Damages For Pretrial Detention And For Jury Instruction On Non-Compensability
- Motion To Bar Any Testimony By Criminal Defense Attorneys Or Any Other Witnesses On Probable Outcome of Criminal Case in Absence of Fabricated or Suppressed Evidence
- Motion To Bar Any Evidence Or Reference To Allegedly False Testimony Of Any Defendant At Plaintiff's Criminal Trial.
- Motion To Bar Statement Of Johns Implicating Himself In The Murder/Shooting And Describing Matters Allegedly Occurring During His Time In Police Custody.
- Motion To Bar Other Bad Acts Evidence.
- Motion To Bar Dr. Jennifer Dysart and Dr. Nancy Steblay.
- Motion To Bar Evidence Or Arguments Regarding Any Abuse Or Illegal Conditions Of Confinement Allegedly Experienced Or Witnessed By Plaintiff In Prison.
- Motion To Bar Any Opinion Testimony Regarding Any Third-Party Witness's Beliefs of Plaintiff's Innocence.
- Motion To Bar Any Evidence Or Argument Relating To Sufficiency Or Insufficiency Of The Police Investigation
- Motion To Bar Any Evidence or Argument That Defendant Halvorsen And Johns Were Involved In A Separate Criminal Case.
- Motion To Bar Any "Golden Rule" Arguments.
- Motion To Bar Reference To Plaintiff As A "Kid" Or "Child" Or "Teen" Or "Boy" Or "Juvenile" Or "Minor" Or Any Other Such Diminutive Terms Designed To Evoke Leniency.
- Motion To Bar Reference To Counsel's Family Members
- Motion To Bar Reference To Other Verdict, Other Instances Of Police Misconduct Valuation Or Going Rate Of Wrongful Convictions Cases Or Verdicts In Other Cases.

- Motion To Bar any Evidence Or Argument That Plaintiff Was Made A Suspect Before Any Evidence Implicated Him.
- Motion To Bar Any Evidence Or Argument That Any Defendant Failed To Disclose Any Alleged Fabrication Or Other Misconduct.
- Motion To Bar Any Evidence or Argument About Damages Any Other Persons May Have Incurred As A Result Of Plaintiff's Incarceration
- Motion To Bar Any Argument Or Questioning Regarding The Recording Of Statements Of Interrogations Or Questioning Or Line-Ups

## DEFENDANT CITY OF CHICAGO'S MOTIONS IN LIMINE

- Motion In *Limine* To Bar Any Argument Or Innuendo That The Jury Should Punish Or "Send A Message To The City"
- Motion In *Limine* To Bar Generalized Evidence Or Argument Regarding Alleged Police Code Of Silence
- Motion In *Limine* To Bar Any Evidence Or Argument Regarding Unsupported Additional "Theories" And Identification Procedures

## DEFENDANT ERICKSON AND HALVORSEN'S MOTIONS IN LIMINE

- Bar Constitutional Rights as Category of Damages – no innate value
- Bar undisclosed: witnesses, damages, expert opinions
- Bar Plaintiff from referencing relationship with children born after his release and overt displays of affection in the Courtroom
- Exclude witnesses from Courtroom until after testimony
- Bar reference to dismissed Defendants as prior Defendants
- Bar Inflammatory language including:
  - City Attorneys
  - Deep pockets
  - Insurance/indemnification
  - Standard/going rate for reversed convictions
  - Number of attorneys representing a party or side
- Bar first identifying a value of the case in rebuttal close
- Produce Demonstrative exhibits before use
- Bar Defendants violated any CPD policy
- Bar allegations of discipline/misconduct against Halvorsen and Erickson
- Allow gang evidence at trial
- Bar Golden rule arguments – place yourself in shoes of P or D
- Bar reference to Halvorsen's prior 5th Amendment invocation in unrelated case
- Bar imputation of the 5th Amendment permissive inference against Halvorsen and Erickson – including asking questions about their actions
- Bar willful and wanton for any duty beyond remaining constitutional claims

- Bar Andrea Lyons rebuttal opinions – Not rebutting any opinions
- Bar Dysart opinions about witnesses observations impacted by police actions
- Bar 404(b) witnesses against Erickson and Halvorsen

## **DEFENDANTS' JOINT MOTION IN LIMINE**

- Motion In *Limine* To Bar Police Practice Expert Thomas Tiderington