# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOHNSON | ) | |
| | ) | Case No. 20 CV 4156 |
| *Plaintiff*, | ) | |
| | ) | Judge Sara L. Ellis |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| *Defendants*. | ) | JURY TRIAL DEMANDED |
| | ) | |

## PARTIES' AGREED MOTIONS IN LIMINE

Plaintiff Demetrius Johnson, by his attorneys, and Defendants, by their respective attorneys, jointly submits the following agreed motions in *limine,* stating as follows:

The parties held a Rule 37.2 conference regarding motions *in limine* on May 15, 2025. The following proposed motions were agreed to by all parties:

1. Non-party witnesses will be barred from the courtroom at all times during the trial when they are not testifying. A non-party witness who testifies and remains in the courtroom following that testimony may not testify in rebuttal.

2. No attorney, party, or witness may reference former Defendants Healy or Daley as being former Defendants.

3. No attorney, party, or witness may appeal to jurors' own personal pecuniary interests in any way during trial or deliberations. *Moore ex rel. Estate of Grady v. Tulja*, 546 F.3d 423, 430 (7th Cir. 2008) (appeal to the financial interests of jurors as taxpayers "of course" generally improper); *United States v. Scott*, 600 F.2d 1145, 1170 (7th Cir. 1981) (pecuniary interests would necessarily disqualify a prospective juror from service, it is "patently improper to make an appeal to that interest" at trial).

4. The Parties are barred from introducing evidence of their own good character, including commendations, awards, and positive employment history, unless the opposing Party opens the door to such evidence. Fed. R. Evid. 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."); *Charles v. Cotter*, 867 F. Supp. 648, 659 n.6 (N.D. Ill. 1994).

5. Defendants will not wear uniforms at trial.

6. The parties and their attorneys and agents will be barred during *voir dire* from conducting background checks on prospective jurors using any non-public, law-enforcement

databases. This agreement will not prohibit the parties from using the Internet and publicly available databases to investigate prospective jurors during *voir dire*.

7. Plaintiff will be barred from presenting evidence that a judgment against an individual will be paid by insurance or via a statutory or a contractual indemnification obligation, unless the Defendants present evidence of a financial inability to pay a judgment. If such evidence is presented, then Plaintiff will be permitted to introduced evidence that a judgment would be paid by insurance or via a statutory or a contractual indemnification obligation.

8. The parties will be barred from arguing or presenting evidence of prior settlement offers or negotiations.

9. The parties will be barred from arguing or presenting evidence that any party or witness has been paid a statutory witness fee to appear at trial.

10. The parties will be barred from arguing or making reference to the number of attorneys representing any party.

11. The parties will be required to show one another demonstrative aids before they are first shown to the jury.

12. The Parties agree not to reference to Defendant Officers' attorneys as "City of Chicago lawyers" or "City lawyers," or both Defendant Officers' attorneys, Defendant Guevara's attorneys and Defendant City's attorneys collectively as "City Lawyers" or "the City" or that Defendant Officers' attorneys are paid by the City of Chicago or "the City."

13. The Parties agree not to use terms or related references concerning "Taxpayer" Taxpayers' interests" or that Defendant Officers or City of Chicago has "deep pockets."

14. The parties agree that Plaintiff's counsel will not argue or suggest that the jury should punish the City with its verdict.

15. Plaintiff will not call or reference any Rule 404(b) witness to testify about the alleged other bad acts of Defendant Erickson unrelated to this case.

16. Plaintiff will not attempt to exploit the deaths of Defendants Erickson and Halvorsen by eliciting testimony arguing or implying that Erickson and Halvorsen do not dispute the evidence or that the jury will not hear any dispute from them. Nothing about this agreement will prevent either party from making the argument that certain evidence is undisputed.

17. Parties agree that undisclosed Rule 26(a)(2)(B) witness opinions will not be presented.

Dated: May 16, 2025                                          RESPECTFULLY SUBMITTED,

                                                             /s/ Steve Art
                                                             *Counsel for Plaintiff*

Jon Loevy
Steve Art
Anand Swaminathan
Sean Starr
Alyssa Martinez
Meg Gould
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

                                                             /s/ Josh M. Engquist
                                                             Josh M. Engquist, Atty. No. 6242849
                                                             *One of the Attorneys for deceased*
                                                             *Defendants Halvorsen and Erickson*

Josh M. Engquist
James G. Sotos
Josh M. Engquist
David A. Brueggen
Elizabeth R. Fleming
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson, Suite 1240A

4

Chicago, IL 60604
(630) 735-3300
jengquist@jsotoslaw.com

/s/ Timonthy P. Scahill
Timothy P. Scahill, Atty. No. 6287296
*One of the Attorneys for Defendant Guevara*

Timothy P. Scahil
BORKAN & SCAHILL, LTD.
20 S. Clark St., Suite 1700
Chicago, IL 60603
(312) 580-1030
tscahill@borkanscahill.com

*/s/ Theresa Berousek Carney*
Theresa Berousek Carney,
Atty No. 6308586
*One of the Attorneys for the City of Chicago*

Eileen E. Rosen
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
333 West Wacker Drive, 19th Floor
Chicago, Illinois 60646
312-494-1000
tcarney@rfclaw.com