**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEMETRIUS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 20 cv 4156 |
| | ) |
| | ) Judge Sara L. Ellis |
| v. | ) |
| | ) Magistrate Judge Heather K. McShain |
| REYNALDO GUEVARA, the ESTATE of ERNEST HALVERSON, DARRYL DALEY, WILLIAM ERICKSON, JOHN HEALY, and the CITY OF CHICAGO | ) ) ) ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO LIMIT PRETRIAL MOTIONS**

Defendants, City of Chicago by its attorney, Rock Fusco & Connelly, Geri Lynn Yanow as Special Representative for Ernest Halvorsen (deceased) and William Erickson (deceased) by their attorneys, The Sotos Law Firm, P.C., and Reynaldo Guevara, by his attorneys, Borkan & Scahill, and in response in opposition to Plaintiff's motion to limit pretrial motions state as follows:

1. Plaintiff's eleventh-hour attempt to have this Court limit the number of motions *in limine* that the parties may file is nothing short of absurd and reeks of gamesmanship.

2. This Court's order relating to pretrial filings has been in place since November 26, 2024. *See* Dckt. No. 385. This Court ordered the final pretrial order to be filed by June 6, 2025 which, by operation of this Court's standing order, required the parties to file their motions *in limine* by May 16, 2025.

3. Accordingly, for weeks prior to this date, Defendants diligently prepared their intended motions *in limine* for filing with this Court.

4. Notably, Defendants consist of four different parties represented by three different law firms. Each of the parties is sued for distinctly different conduct and have not-always had overlapping interests (hence the separate representation).

5. On Monday, May 12, 2025, Defense counsel contacted Plaintiff counsel regarding the upcoming deadline to file contested motions in *limine* and pursuant to your Honor's standing order, inquired as to a date to exchange motion in *limine* lists as well as a date and time to meet and confer. *See* Group Exhibit A, Email Correspondence at 6–7.

6. That same day, Plaintiff counsel responded asking if the parties are "supposed to discuss all anticipated motions or just those we think we might reach agreement on," to which Defense counsel advised that it was their understanding this Court's standing order required the parties to meet and confer regarding all motions in *limine*. *Id*. at 5–6. Plaintiff counsel then proposed exchanging lists on Wednesday, May 14th and conferring on Thursday, May 15th. *Id*. at 5. Defense counsel indicated that his proposed schedule should work and advised that he was working to get confirmation from all Defense counsel. *Id*. at 4.

7. At no time during this exchange did Plaintiff mention or suggest any prospective limitation on the number of motions in limine to be filed.

8. Early Wednesday morning, May 14, Defense counsel, who had been traveling out of state all day Tuesday the 13th, (and apologized for the delay), agreed to Plaintiff's proposed schedule, specifically stating that Defendants "[could] exchange lists of motions [that day]." *Id*. at 3. At approximately 8:23 p.m., Wednesday evening, after receiving no response from Plaintiff, Defense counsel reached out and asked if

Plaintiff still intended to exchange lists and confer the following day, to which Plaintiff counsel confirmed and further advised they anticipated sending their list "within the next hour." *Id.* at 3.

9. Around 10:00 p.m., on May 14, Plaintiff counsel contacted Defense counsel for Halvorsen and Erickson only and asked "[a]re you expecting we're exchanging lists tonight, or tomorrow some time before the conferral." *See* Group Exhibit B, Email Correspondence at 1. Counsel for Defendants Halvorsen and Erickson confirmed that Defendants intended to exchange their list that night, (*Id.* at 2), which was sent to Plaintiff three minutes later. *See* Group Exhibit C, Email Correspondence at 1.

10. After receiving Defendants' proposed list, Plaintiff circulated his proposed list at 10:29 p.m. *See* Group Exhibit D, Email Correspondence at 1.

11. Once again, at no time during these communications did Plaintiff mention anything about any suggested limitation on motions *in limine*.

12. Moreover, Plaintiff's list of motions in limine consisted of 25 separate motions. *See* Dkt. 397-1.

13. The combined number of motions in limine from all four defendants constituted 48 motions *in limine*. *See* Dkt. 397-2. In other words, Plaintiff submitted roughly twice as many motions as defendants per party.

14. On May 15 (i.e. the day before the motions were to be filed), at approximately noon, Plaintiff's counsel e-mailed Defendants counsel stating they were "alarmed that Defendants intended to file 53 proposed motions," stating that "the extreme majority of which are contested" by Plaintiff and "which would amount to more than 500 additional pages of briefing for the Court to consider." *See* Group Exhibit A, Email

3

Correspondence at 1–2. Plaintiff's counsel also alerted Defense counsel of their intention to file a motion asking the Court "to limit *each side* to 10 motions in *limine*" absent voluntary agreement by Defendants to this eleventh-hour unilateral limitation. *Id.* at 2. (emphasis added)

15. In response, Defense counsel probed for the basis of such a request and noted that Plaintiff's proposed list, *as a single party*, identified 25 motions, which is a far more extensive list when accounting for the fact that Defendants' proposed list of 48 (not 54 as Plaintiff claimed)[1], is for four Defendants, three of which are separately represented. *Id.* at 1.

16. Defendants also advised that the entire premise of Plaintiff's motion was nonsensical. Specifically, Plaintiff admitted that they intended to oppose almost all of Defendants' motions (which proved to be exactly what Plaintiff would do during the parties' conferral) yet were, in essence, attempting to force Defendants to not seek exclusion of disputed evidence at trial.

17. In short, such an agreement by Defendants would likely be malpractice.

18. Defendants suggested that, if Plaintiff wished to winnow down the number of motions, Plaintiff should consider not opposing them rather than trying to force Defendants not to file them in the first place.

19. Plaintiff ignored this e-mail and the questions posed by Defendants.

20. Several hours later, the parties proceeded with the scheduled meet and conferral.

---

[1] After consultation with opposing counsel, Defendants narrowed down their motions in *Limine* to a total of 41.

21. On this call, Plaintiff advised they opposed nearly all of Defendants' motions and agreed only on a handful of basic boilerplate motions.

22. Later in the evening on May 15, Plaintiff filed the foregoing motion.

23. Plaintiff's motion cites no legal basis whatsoever for this relief other than making self-serving statements about pretrial motion practice that "has gotten out of hand in wrongful conviction cases," (Dkt. 367 at 1).

24. There is no merit to this motion whatsoever. If Plaintiff's counsel truly had a concern about this issue, they certainly would have raised this well-before the day prior to motions *in limine* being due. And asking an opposing party to withdraw 38 motions that Plaintiff's admit they contest is nothing short of ridiculous (especially when this party themselves has indicated an intention to file more than double the amount of motions per party).

25. This is a highly-fact intensive case for which Plaintiff will no doubt seek untold millions of dollars. The issues set forth in Defendants' Motions in *limine* are all important issues which will inform the presentation of evidence in this case and streamline the trial immensely.

26. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Africano v. Atrium Med. Corp.*, No. 17-CV-7238, 2021 WL 4477867, at *1 (N.D. Ill. Sept. 30, 2021) (quoting *United States*

5

*v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). These rulings "ensure the expeditious and evenhanded management of the trial proceedings" by focusing preparation for trial and streamlining the trial itself," (*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)), and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence without delay. *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir.1999).

27. Quite frankly, leaving important disputed issues unaddressed prior to trial is a recipe for delay and interruption of the trial itself. It behooves all parties and this Court and the jury in this case for as many disputed issues to be addressed before trial so they do not need to be addressed at trial.

28. Moreover, the trial date in this case is also seven months away allowing ample time for Plaintiff to respond to the motions at issue. While it is ultimately up to this Court to determine the briefing schedule, Defendants will also not oppose any reasonable extension of time to respond to these motions if Plaintiff so desires.

WHEREFORE, Defendants respectfully request the Court deny Plaintiff's motion for an order limiting each side to 10 or fewer motions in *limine*.

Dated: May 16, 2025                                              Respectfully Submitted,

/s/ *Josh M. Engquist*                                           /s/ *Timothy P. Scahill*
Josh M. Engquist, Atty. No. 6242849                              Timothy P. Scahill, Atty. No. 6287296
Special Assistant Corporation Counsel                            Special Assistant Corporation Counsel
*One of the Attorneys for Defendants*                            *One of the Attorneys for Defendant Guevara*
*Halvorsen and Erickson*

James G. Sotos                                                   Steven Blair Borkan
Josh M. Engquist                                                 Timothy P Scahill
David A. Brueggen                                                Whitney Hutchinson
Elizabeth R. Fleming                                             Emily E. Schnidt
Special Assistant Corporation Counsel                            Christine E. Murray
The Sotos Law Firm, P.C.                                         Amanda Guetler
141 W. Jackson, Suite 1240A                                      Krystal Gonzalez
Chicago, Illinois 60604                                          Borkan & Scahill, Ltd
(630) 735-3300                                                   20 South Clark Street
jengquist@jsotoslaw.com                                          Suite 1700
                                                                 Chicago, IL 60603
                                                                 (312) 580-1030
                                                                 tscahill@borkanscahill.com

/s/ *Theresa B. Carney*
Theresa B. Carney, Atty No. 6308586
Special Assistant Corporation Counsel
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Jessica L. Zehner
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
tcarney@rfclaw.com

.

7

## **CERTIFICATE OF SERVICE**

I, Josh M. Engquist, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on **Friday, May 16, 2025,** I electronically filed the foregoing **Defendants' Response in Opposition to Plaintiff's Motion to Limit Pretrial Motions** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

*Attorneys for Plaintiff:*

Jon Loevy
Anand Swaminathan
Joshua Tepfer
Rachel Brady
Steven Art
Sean Starr
Alyssa Martinez
Margaret Gould
Ruth Brown
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312-243-5900
jon@loevy.com
anand@loevy.com
josh@loevy.com
brady@loevy.com
steve@loevy.com
sean@loevy.com
alyssa@loevy.com
gould@loevy.com
ruth@loevy.com

*Attorneys for City of Chicago:*

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Lauren Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
312-494-1000
erosen@rfclaw.com
arahe@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
lferrise@rfclaw.com

*Attorneys for Defendant Guevara:*

Steven Blair Borkan
Timothy P Scahill
Whitney Hutchinson
Emily E. Schnidt
Christine E. Murray
Amanda Guetler
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
whutchinson@borkanscahill.com
eschnidt@borkanscahill.com
cmurray@borkanscahill.com
aguertler@borkanscahill.com
kgonzalez@borkanscahill.com


/s/ Josh M. Engquist
Josh M. Engquist